# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

    Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

    Defendants.

_____/

**Civil Action No. 24-137**

Removed from the Circuit Court of
St. Johns County, Florida
CASE NO. CA24-0049

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446 Defendant Verizon Communications Inc. ("Verizon") hereby removes this action from the Circuit Court, Seventh Judicial Circuit, for St. John's County to the United States District Court for the Middle District of Florida. In support of this notice of removal, Verizon states as follows:

## I.  PROCEDURAL BACKGROUND

1. This matter was filed on behalf of William Lee Lawshe ("Lawshe" or "Plaintiff"), resident of Florida and Verizon customer, who sued Verizon and Co-Defendant Synchronoss Technologies, Inc. ("Synchronoss").

2. Specifically, Plaintiff contends that Verizon and Synchronoss (1) disclosed to an unidentified "third party" certain undescribed content which had been indentified as CSAM (child sexual abuse material) and (2) stated that the content depicted "the 'lascivious exposition' of a 'prepubescent minor.'" Complaint, Ex. A,

1

¶¶ 18, 21, 23. These records and statements were allegedly eventually communicated to law enforcement. *Id.* ¶ 26. Plaintiff alleges that the content was not CSAM and the statement was false. *Id.* ¶¶ 19, 24. Plaintiff concludes that these actions amount to violations of the Stored Communications Act, 18 U.S.C. § 2702, and defamation. *Id.* ¶¶ 38-45.

3.      Plaintiff seeks relief in the form of damages and attorneys' fees. *Id.* at 5.

## II.     REMOVAL IS TIMELY

4.      This action was filed on January 12, 2024, in the Circuit Court, Seventh Judicial Circuit, for St. John's County. *Id.* at 1.

5.      Plaintiffs first served this action on Verizon through its registered service agent on January 17, 2024. Ex. B at 1 (Proof of Service of Summons). Upon information and belief, Synchronoss was served on February 5, 2024. Synchronoss consents to Verizon's removal of this action.

6.      Because Verizon filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## III.    THIS ACTION IS REMOVABLE BECAUSE IT PRESENTS MULTIPLE FEDERAL QUESTIONS

7.      This Court has original jurisdiction over claims "arising under … the laws … of the United States." 28 U.S.C. § 1331. A claim "arises under" a federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004). Under this standard, the Complaint unambiguously arises under federal law allowing for removal.

8.      Counts III and IV of the Complaint assert claims for violations of 18 U.S.C. § 2702, a federal statute, against Verizon and Synchronoss, respectively. Plaintiff labeled these counts as "VIOLATION OF 18 U.S. CODE § 2702-

2

VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS." *See* Ex. A at 4, 5. Claims based on the violation of this act (the Stored Communications Act, 18 U.S.C. § 2701, *et seq*.) are a basis for removal. *A.C. v. Best Buy Stores, LP*, No. 2:20-CV-5966, 2021 WL 4839207, at *1 (S.D. Ohio Aug. 31, 2021), *report and recommendation adopted*, No. 2:20-CV-5966, 2021 WL 4839252 (S.D. Ohio Sept. 28, 2021) (action removed based on claims under SCA); *Fowler v. Mitchell*, No. CV18-05523-RGK (RAOx), 2018 WL 5917883, at *2 (C.D. Cal. Sept. 6, 2018) (complaint asserting causes of action under Stored Communications Act was removable).

9.    Moreover, Plaintiff alleges that Verizon was subject to 18 U.S.C. § 2702 and divulged certain records purportedly in violation of Section 2702. Compl. ¶¶ 38, 40. As a result of this alleged violation, Plaintiff contends he is entitled to "damages, including reasonable attorney's fees pursuant to 18 U.S. Code § 2702 … ." *Id.* at 5. He makes virtually identical allegations against Synchronoss. *Id.*.

10.    Because the Complaint alleges violations of federal law as the basis for causes of action, the action may be "properly removed to federal court pursuant to 28 U.S.C. § 1441(b)." *Liebman v. Deutsche Bank Na'l. Tr. Co.*, 462 F. App'x 876, 878 (11th Cir. 2012) (per curiam).  Accordingly, Counts III and IV "aris[e]  under the … laws … of the United States." 28 U.S.C. §1331.

11.    Counts I and II also arise under federal law, though Plaintiff labels them as state law claims. This is because "federal law mandates that electronic communication service providers, … report [CSAM] to law enforcement authorities, *see* 18 U.S.C. § 2258A, and affords such providers with immunity from suit in state and federal court for claims 'arising from the performance of the reporting ... responsibilities' imposed by law.'" *Jurek v. Am. Tel. & Tel. Co.*, No. 5:13 CV 1784, 2013 WL 5298347, at *5 (N.D. Ohio Sept. 20, 2013) (citing 18

3

U.S.C. § 2258B(a)). Thus, the question of whether federal law, specifically 18 U.S.C. §2258A, required Verizon to make the disclosure complained of by Plaintiff and whether federal law, specifically 18 U.S.C. §2258B, immunizes Verizon from state law claims arising from any such disclosure, necessarily arises under federal law and is inextricable from Plaintiff's defamation claim. Put another way, "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" such that the claim arises under federal law and removal is proper. *Hill.*, 364 F.3d at 1314.

12.     Even if Counts I and II do not arise under federal law, they are "so related to" Counts III and IV "that they form part of the same case or controversy" such that this Court may exercise supplemental jurisdiction over Counts I and II. 28 U.S.C. §1367(a). All four counts rely upon the same set of facts and are based on the same alleged conduct. Accordingly, removal of the entire Complaint is appropriate.

## IV.    VENUE

13.     Plaintiff filed the Complaint in the Circuit Court, Seventh Judicial Circuit, for St. John's County, which is located within the Middle District of Florida. 28 U.S.C. § 89(a). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b).

## V.    NOTICE

14.     28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibits A-B.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Circuit Court, Seventh Judicial Circuit, for St. John's County and served upon Plaintiff.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, 1446, , Defendant Verizon respectfully removes this action from the Circuit Court, Seventh Judicial Circuit, for St. John's County to this Honorable Court, the United States District Court for the Middle District of Florida.

Date: February 6, 2024          _/s/ Nury Siekkinen_____
                                Nury Siekkinen
                                Florida Bar No. 1015937
                                **ZWILLGEN PLLC**
                                1900 M Street NW, Suite 250
                                Washington, DC 20036
                                Telephone: (202) 296-3585
                                Facsimile:  (202) 706-5298
                                Email: nury@zwillgen.com

                                _Attorney for Verizon Communications Inc._

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed iwht the Clerk of Court using the CM/ECF system on February 6, 2024, and the foregoing doucment is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937

## SERVICE LIST

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts, Esquire
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207

*Attorneys for Plaintiff*