Filing # 189637412 E-Filed 01/12/2024 09:37:21 AM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST JOHNS COUNTY, FLORIDA

CASE NO.: CA24-0049

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.

VERIZON COMMUNICATIONS, INC.,
a Foreign Profit Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Foreign Profit Corporation,

        Defendants.

_____/

## COMPLAINT

Plaintiff, WILLIAM LEE LAWSHE ("Plaintiff"), sues the Defendant, VERIZON COMMUNICATIONS, INC ("Verizon"), and SYNCHRONOSS TECHNOLOGIES INC. ("Synchronoss Technologies"), and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages in excess of $50,000.00.

2. Plaintiff, is a resident of St. Augustine, St. Johns County, FL

3. Defendant, Verizon, is a corporation engaged in the business of providing cell phone and internet services to the public.

4. Defendant Synchronoss Technologies, Inc is a corporation engaged in the business of cloud based data storage.

5. At all times material, Defendant Verizon contracted with Defendant Synchronoss Technologies to provide cloud based data storge for its customers.

6. At all times material, Plaintiff, as a customer, contracted with Verizon for internet and cellular phone service.

7. This contract and service plan was entered into in the State of Florida.

8. As a part of this service contract, Verizon provided data storage services to Plaintiff through Synchronoss Technologies, Inc.

9. Defendant Verizon and/or Synchronoss Technologies, pursuant to the terms of their agreement, stored content downloaded and/or otherwise possessed by Plaintiff.

10. This content was private and protected by law from disclosure to third parties.

11. Defendant Verizon had a non-delegable duty of reasonable care to protect Plaintiff's content from disclosure to third parties.

12. Without Plaintiff's knowledge or consent, Defendants implemented a plan to monitor or screen Plaintiff's data for potentially illegal content.

13. Defendants had no legal obligation to monitor or screen Plaintiff's data, and the plan to undertake this action was voluntarily.

14. By voluntarily undertaking the monitoring and screening of Plaintiff's data, Defendants assumed a legal duty to do so with reasonable care, including but not limited to the duty to protect the rights of Plaintiff and all of those similarly situated.

15. In execution of plan to monitor and screen Plaintiff's data, Defendants implemented the use of an algorithm and/or artificial intelligence technology to identify and search for possible contraband, including but not limited to images of suspected child sexual abuse material (CSAM).

16. The use of this technology produces errors which incorrectly identifies images as containing CSAM.

17. Defendants Verizon and Synchronoss Technologies knew or should have known that the use of this technology carried the substantial risk of misidentification of content as CSAM.

18. On or around January 25, 2023, this technology, implemented by the Defendants, incorrectly identified a file possessed by Plaintiff as containing CSAM.

19. This file did not contain CSAM.

20. At all times material, this file was protected and private content.

21. Thereafter, they disclosed the content to a third party.

22. In making this disclosure, the Defendants published and communicated a false, factual, defamatory statement identifying the Plaintiff as being in possession of CSAM.

23. Specifically, Defendant communicated and published the statement that Plaintiff was in possession of an image which depicted the "lascivious exposition" of a "prepubescent minor."

24. This statement was false.

25. The knowing possession of such an image would constitute a felony in the State of Florida.

26. Ultimately, this defamatory statement was communicated to law enforcement in the State of Florida.

### COUNT I- VERIZON COMMUNICATIONS, INC - DEFAMATION

27. Plaintiff re-incorporates and realleges paragraphs 1-26.

28. At the time of the publication, the Defendant knew or should have known, by the exercise of reasonable diligence, the defamatory statement was false.

29. The publication of the defamatory statement was made with actual malice and/or a reckless indifference to the truth of the accusation and a wanton disregard for the rights of the Plaintiff.

30. Defendants knew or should have known that the publication would be disseminated to additional parties, including but not limited to law enforcement.

31. As a result, the Plaintiff suffered actual damages, including a violation of privacy, the public disclosure of private facts, arrest, the deprivation of liberty, the loss of wages, the loss of the ability to earn money, monetary damages in the form of attorney's fees, the loss of ability to enjoy life, emotional distress, mental anguish and irreparable damage to his reputation.

WHEREFORE, Plaintiff, WILLIAM LEE LAWSHE demands judgment for damages against Defendant, VERIZON COMMUNICATIONS, INC., and demands a jury trial.

### COUNT II- SYNCHRONOSS TECHNOLOGIES, INC- DEFAMATION

32. Plaintiff re-incorporates and realleges paragraphs 1-26.

33. At the time of the publication, the Defendant knew or should have known, by the exercise of reasonable diligence, the defamatory statement was false.

34. The publication of the defamatory statement was made with actual malice and/or a reckless indifference to the truth of the accusation and a wanton disregard for the rights of the Plaintiff.

35. Defendants knew or should have known that the publication would be disseminated to additional parties, including but not limited to law enforcement.

36. As a result, the Plaintiff suffered actual damages, including a violation of privacy, the public disclosure of private facts, arrest, the deprivation of liberty, the loss of wages, the loss of the ability to earn money, monetary damages in the form of attorney's fees, the loss of ability to enjoy life, emotional distress, mental anguish and irreparable damage to his reputation.

WHEREFORE, Plaintiff, WILLIAM LEE LAWSHE demands judgment for damages against Defendant, SYNCHRONOSS TECHNOLOGIES, INC, and demands a jury trial.

## COUNT III- VERIZON COMMUNICATIONS, INC –VIOLATION OF 18 U.S. CODE § 2702 - VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS

37. Plaintiff re-incorporates and realleges paragraphs 1-26.

38. At all times material, Defendant Verizon was subject to the requirements of 18 U.S. Code § 2702.

39. Specifically, that Verizon shall not knowingly divulge to any person or entity the contents of a communication or record while in electronic storage by that service.

40. On or about January 25, 2023, Verizon knowingly divulged Plaintiff's private content to a third party, in violation of 18 U.S. Code § 2702.

41. As a result, the Plaintiff suffered actual damages, including a violation of privacy, the public disclosure of private facts, arrest, the deprivation of liberty, the loss of wages, the loss of the ability to earn money, monetary damages in the form of attorney's fees, the loss of ability to enjoy life, emotional distress, mental anguish and irreparable damage to his reputation.

WHEREFORE, Plaintiff, WILLIAM LEE LAWSHE demands judgment for damages, including reasonable attorney's fees pursuant to 18 U.S. Code § 2702against Defendant, VERIZON COMMUNICATIONS, INC, and demands a jury trial.

## COUNT IV- SYNCHRONOSS TECHNOLOGIES, INC –VIOLATION OF 18 U.S. CODE § 2702 - VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS

42. Plaintiff re-incorporates and realleges paragraphs 1-26.

43. At all times material, Defendant Synchronoss Technologies was subject to the requirements of 18 U.S. Code § 2702.

44. Specifically, that Synchronoss Technologies shall not knowingly divulge to any person or entity the contents of a communication or record while in electronic storage by that service.

45. On or about January 25, 2023, Synchronoss Technologies knowingly divulged Plaintiff's private content to a third party, in violation of 18 U.S. Code § 2702.

46. As a result, the Plaintiff suffered actual damages, including a violation of privacy, the public disclosure of private facts, arrest, the deprivation of liberty, the loss of wages, the loss of the ability to earn money, monetary damages in the form of attorney's fees, the loss of ability to enjoy life, emotional distress, mental anguish and irreparable damage to his reputation.

WHEREFORE, Plaintiff, WILLIAM LEE LAWSHE demands judgment for damages, including reasonable attorney's fees pursuant to 18 U.S. Code § 2702, against Defendant, SYNCHRONOSS TECHNOLOGIES, INC, and demands a jury trial.

Dated on this 12th day of January 2024.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street

Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorney for Plaintiff

## DESIGNATION OF E-MAIL ADDRESSES FOR SERVICE OF DOCUMENTS

Pursuant to Fla.R.Civ.P.2.516 (effective September 1, 2012), attorney for Plaintiff, designates the following email addresses for the purpose of service of all documents in the proceeding required by the Rule.

Primary email address:       mroberts@nrhnlaw.com
Seconadary email addresses:  azepf@nrhnlaw.com
                             pleadings@nrhnlaw.com

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff