# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

    Plaintiff,

v.

VERIZON COMMUNICATIONS, INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

    Defendants.

_____/

**Civil Action No. 3:24-cv-00137**

## VERIZON'S UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Defendant Verizon Communications Inc. ("Verizon"), by counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rule 3.01(g), hereby submits this unopposed motion for extension of time to respond to the Complaint of Plaintiff William Lee Lawshe ("Lawshe"). In support of this motion, Verizon states as follows:

1. On January 12, 2024, Plaintiff filed the instant action in the Circuit Court, Seventh Judicial Circuit, for St. John's County. ECF 1 at 1.

2. Plaintiffs first served this action on Verizon through its registered service agent on January 17, 2024. ECF 1-3 at 1 (Proof of Service of Summons). Upon information and belief, Defendant Synchronoss Technologies, Inc. ("Synchronoss") was served on February 5, 2024. Synchronoss has not yet responded to the Complaint.

1

3. On February 13, 2024, this Court granted Verizon's unopposed motion for extension of time (ECF 5). Pursuant to that Order, Verizon's response to Plaintiff's Complaint is currently due on February 26, 2024.

4. Pursuant to Local Rule 3.01(g), counsel for Verizon and Plaintiff began meeting and conferring regarding Verizon's responsive pleading. Based on those communications, Verizon understands that Plaintiff intends to amend the current Complaint.

5. In order to conserve the parties' and the Court's resources, a brief extension of Verizon's pleading deadline is appropriate.

6. Extending Verizon's response date by 14 days would not prejudice any party because Plaintiff intends to amend his Complaint and thus the extension would not cause any undue delay.

7. This request for an extension is reasonable under the circumstances, particularly given the very early stage of the litigation and the fact that no party will be prejudiced by this brief extension. *Hooker v. Dep't of Veterans Affs.*, No. 822CV00956CEHSPF, 2022 WL 2066043, at *1 (M.D. Fla. June 8, 2022) ("This Court (as do most courts) routinely grants reasonable extensions of time for both sides of disputes."). That Plaintiff does not oppose the Motion further favors the extension.

**WHEREFORE,** pursuant to Fed. R. Civ. P. 6(b), Defendant Verizon respectfully requests that this Court extend Verizon's time to respond to Plaintiff's Complaint up to and including March 11, 2024.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Verizon and Plaintiff conferred on February 22, 2024 and February 23, 2024. Plaintiff does not oppose this Motion.

3

Date: February 24, 2024        /s/ *Nury Siekkinen*

Nury Siekkinen
Florida Bar No. 1015937
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile:  (202) 706-5298
Email: nury@zwillgen.com

*Attorney for Verizon Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 24, 2024, and the foregoing doucment is being served this day on all counsel or parties of record on the Service List below, either via transmission fo Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937

## SERVICE LIST

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts, Esquire
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207

*Attorneys for Plaintiff*

4