UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

    Plaintiff,                                                Civil Action No. 3:24-cv-00137

v.

**VERIZON COMMUNICATIONS, INC.,** a
Delaware Corporation, and **SYNCHRONOSS
TECHNOLOGIES, INC.,** a Delaware
Corporation,

    Defendants.
_____/

## **SYNCHRONOSS TECHNOLOGIES, INC.'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Synchronoss Technologies, Inc. ("Synchronoss"), pursuant to Rule 12(b)(6), Fed.R.Civ.P., moves to dismiss the Amended Complaint filed by Plaintiff, William Lee Lawshe, and in support states as follows:

### Introduction

In his Amended Complaint (ECF No. 22), Plaintiff alleges causes of action against Synchronoss for common law defamation (Counts III and IV) and violations of 18 U.S.C. § 2702 by disclosure of customer communications or records (Counts VII and VIII). However, Plaintiff's Amended Complaint is due to be dismissed with prejudice because Plaintiff cannot state a claim against Synchronoss upon which relief can be granted.

Plaintiff cannot state a claim against Synchronoss under 18 U.S.C. § 2702 because the statute specifically permits the conduct of which Plaintiff complains, and Plaintiff is barred from proceeding with a claim for defamation against Synchronoss

1

because certain statutory provisions bar actions against Synchronoss for the specified conduct.

## Summary of Facts and Procedural History

Plaintiff contracted with Verizon Communications, Inc. ("Verizon") for wireless and internet services. (Am. Compl. ¶ 7, ECF No. 22). Synchronoss provides cloud software and services for Verizon customers like Plaintiff. *Id*. ¶ 9. Verizon and Synchronoss stored content downloaded and/or otherwise possessed by Plaintiff. *Id*. ¶ 10. Verizon and Synchronoss voluntarily implemented a program to monitor, screen and affirmatively scan Plaintiff's data for possession of apparent child sexual abuse material ("CSAM"). *Id*. ¶ 21. Though Synchronoss and Verizon are not obligated to or prohibited from screening customer content for potential CSAM, federal law requires that providers such as Synchronoss and Verizon report to the National Center for Missing and Exploited Children ("NCMEC") when they become aware of any fact or circumstance from which it is apparent that a customer possesses CSAM. *Id.* ¶¶ 16, 34. Like many other providers, Verizon and Synchronoss utilize a database (the "Hash Database") of hash values—digital fingerprints that identify identical or nearly identical images with a high degree of accuracy—of images that have been previously flagged as potential or actual CSAM by others, including law enforcement. *Id.* ¶¶ 21–24, 28, 29. A hash match is not confirmation that a given image is absolutely certain to contain CSAM; rather, it is proof that others have identified that same image as appearing to contain CSAM. *Id.* ¶¶ 29-30. Pursuant to their statutory duty to report any fact or circumstance constituting the apparent possession of CSAM, Defendants report to NCMEC those images matching the hash

values in the Hash Database. *Id.* ¶¶ 16, 38. Plaintiff alleges that Synchronoss made 30,901 such reports to NCMEC in 2022. *Id.* ¶ 86.

In accordance with the identification and reporting process, on or about October 29, 2022, Synchronoss reported to NCMEC that a certain image possessed by Plaintiff (the "October Image") matched the hash value of an image previously identified as apparent CSAM. (Am. Compl. ¶ 81, ECF No. 22). NCMEC reported the image to law enforcement, which investigated and took no further action. *Id.* ¶¶ 84-85.

On or about January 25, 2023, an image in Plaintiff's possession (the "January Image") matched the hash value of an image on the Hash Database which had been previously identified as apparent CSAM. *(*Am. Compl. ¶¶ 47, 58, ECF No. 22). As with the October Image, NCMEC reported the January Image to law enforcement. *Id.* ¶ 100.

Plaintiff contends that, notwithstanding the hash match, the January Image depicted an individual who was at least 18 years old when the image was created. (Am Compl ¶¶ 51–53, ECF No. 22). Plaintiff contends that the January Image was "watermarked" by a website that identifies this specific model as an adult and "claims" compliance with law. *Id.* ¶ 54. Plaintiff names neither the model nor the website and fails to describe the alleged "watermark".

Plaintiff filed the instant action in the Circuit Court for the Seventh Judicial Circuit in and for St. John's County on January 12, 2024. (Notice of Removal, ECF No. 1-1). Verizon timely removed the action to this Court on February 6, 2024. Plaintiff thereafter amended his Complaint on March 12, 2024. (Am. Compl., ECF No. 22).

## **Legal Standard**

A complaint that "fail[s] to state a claim upon which relief may be granted" must be dismissed. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept the well-plead factual allegations of the complaint as true. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," does not satisfy the plausibility standard of Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without factual support are entitled to no assumption of truth.") (citations omitted). Rather, the facts alleged must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," as the general rules of pleading under Fed. R. Civ. P. 8(a) demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). Therefore, a court ruling on a motion to dismiss for failure to state a claim must: "reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff." *Armand v. Lifestance Health Group, Inc.*, 2024 WL378417 at 2 (M.D. Fla., 2024) (citing *Iqbal*, 556 U.S. at 678–79).

## **Legal Argument**

I.  **Plaintiff Cannot State a Claim Against Synchronoss for Reports of Apparent CSAM**

Federal law bars Plaintiff from stating a claim against Synchronoss for detecting, flagging and reporting apparent CSAM that was in the possession of Plaintiff.

The Protect Our Children Act of 2008 aims to "reduce the proliferation of online child sexual exploitation and to prevent the online sexual exploitation of children." 18 U.S.C. § 2258A(a)(1)(A). To that end, the law establishes a duty for providers to report "any facts or circumstances from which there is an apparent violation" of numerous statutory provisions "that involves child pornography." *Id.* § 2258A(a)(1)–(2). This reporting requirement is mandatory: providers "shall" report when they have "actual knowledge" of "any facts or circumstances" indicating any "apparent violation." *Id.*

In addition to this mandatory reporting obligation, and in order to encourage providers to search for and report material that appears to be child pornography on their systems in accordance with the statute's goal, Congress granted providers broad immunity with respect to such reports. Section 2258B provides that civil claims against a provider "arising from the performance of the reporting or preservation responsibilities of such provider" under § 2258A "may not be brought in any Federal or State court," subject to certain limited exceptions. *Id.* § 2258B(a) (emphasis added). This grant of immunity "was clearly aimed at immunizing civil claims for mistaken and incorrect reports issued to the NCMEC." *United States v. Richardson*, 607 F.3d 357, 367 (4th Cir. 2010) (citing a prior version of the statute). In a similar case where an individual was charged with child pornography crimes in connection with an allegedly mistaken report by AT&T, the court cited to § 2258B in holding that AT&T was not liable for disclosing its customer's

information to law enforcement. *See Jurek v. Am. Tel. & Tel. Co.*, No. 5:13 CV 1784, 2013 WL 5298347, at *5 (N.D. Ohio Sept. 20, 2013).

Section 2258C expressly authorizes providers to use hash values to identify potential CSAM images. Specifically, it states that NCMEC may provide "elements," including "hash values or other unique identifiers associated with a specific visual depiction," to a provider. 18 U.S.C. § 2258C(a). The law specifies that providers may then use such hash values or other unique identifiers "for the purposes described in this section"—namely, to stop online sexual exploitation of children. *Id.* §§ 2258C(a)(1), (b).

Under § 2258A, Synchronoss must submit a report to NCMEC when it becomes aware (has "actual knowledge") of any fact or circumstance of an "apparent" instance of child pornography. 18 U.S.C. § 2258A(a)(2)(A). A hash match between a Synchronoss customer's image and the Hash Database indicates that the customer's image is identical to an image that has been previously flagged as potential CSAM. As such, a hash match is a fact or circumstance indicating an apparent violation of a law involving child pornography. A report based on such a match is thus subject to § 2258B's statutory immunity from suit.

Plaintiff specifically alleges the precise reporting circumstance that is protected by the statute: an image in his possession matched hash values with an image previously flagged as being potential (though unconfirmed) CSAM. (Am. Compl. ¶¶ 47, 48, ECF No. 22). Based on these alleged facts alone, Synchronoss is immune from suit under § 2258B because it reported to NCMEC based on a fact or circumstance—the hash value match—indicating that Plaintiff possessed what appeared to be CSAM, an *apparent* instance of child pornography.

6

Plaintiff's interpretation of the language of § 2258A is not supported by either the statute or a plain reading of its terms. Plaintiff contends that "apparent" in the statue means "that which is obvious, evident, or manifest." (Am. Compl. ¶ 17, ECF No. 22). Plaintiff cites Black's Law Dictionary but omits an additional provision of that definition: "what appears." *See* Black's Law Dictionary 2nd Ed. Plaintiff ignores the reading of "apparent" that makes the most sense in context: something that seems to be, or something that appears likely. That interpretation of "apparent" is appropriate given the purpose of the statute: to reduce the online proliferation of child pornography. An image may apparently be CSAM but not actually be CSAM in fact, such as when the image involves an 18-year-old. But if the image apparently contains CSAM, Synchronoss is obligated to report it.

Courts have interpreted the term "apparent" in federal statutes as consistent with the "appears to be but may not be" definition. As articulated in the case law, something may be "apparent" when it raises a "red flag." When analyzing whether an internet service provider may be liable for copyright infringement notwithstanding the safe harbor of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c) ("DMCA"), because the provider is "aware of facts or circumstances from which infringing activity is apparent," courts apply the "red flag" test to determine if infringing activity is apparent. The similarities in language between § 2258A and the DMCA make this a particularly useful comparison. Under this red flag test, "the question is not 'what a reasonable person would have deduced given all the circumstances.'" *Io Grp., Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1148 (N.D. Cal. 2008) (quoting *Corbis Corp.*, 351 F.Supp.2d at 1108). Rather, "apparent knowledge" of infringement means that a provider was aware of "red flags" and

7

disregarded them. *Id.* (quoting H.R.Rep. No. 105–551, pt. 2, at 57). Indeed, a notice under the DMCA showing a hash match of file purported to be copyrighted was sufficient to give a service provider actual specific knowledge of copyright infringement. *See Sony Music Ent. V. Cox Commc'ns, Inc.*, 426 F. Supp. 3d 217, 231 (E.D. Va. 2019).

In the instant case, a hash match to an image previously flagged as potential CSAM was a red flag that Plaintiff had violated child pornography possession laws. It may not have been proof beyond a reasonable doubt, but that is not what the statute requires. Rather, § 2258A required Synchronoss to report to NCMEC when it became aware of facts or circumstances that seemed to indicate a violation of child pornography laws. Synchronoss's reports to NCMEC were within the bounds of Section 2258A, and Plaintiff's claims against Synchronoss under 18 U.S.C. § 2702 are barred.

## II. Plaintiff's Insufficient Allegations of Malice or Reckless Disregard Cannot Overcome Synchronoss's Immunity for Reports of Apparent CSAM

Plaintiff's conclusory allegations that Synchronoss acted with "actual malice and/or a reckless indifference to the truth of the accusation and a wanton disregard for the rights of the Plaintiff" cannot overcome immunity under § 2258B immunity. (Am. Compl. ¶¶ 124, 129, ECF No. 22). While § 2258B excludes actions taken with "actual malice" or "reckless disregard to a substantial risk of causing physical injury without legal justification," the Amended Complaint fails to allege facts that would bring the alleged conduct within those narrow exceptions to the statute's broad grant of immunity.

Plaintiff alleges that Synchronoss acted with "reckless indifference to the truth of the accusation and a wanton disregard for the rights and reputation of the Plaintiff," (Am. Compl ¶¶ 124, 129, ECF No. 22), but that does not fit within the narrow exemptions to immunity. While the statute exempts scenarios in which providers act with reckless

disregard "to a substantial risk of causing physical injury without legal justification," it does not similarly exempt scenarios involving reckless disregard for truth, rights, or reputation. 18 U.S.C. §2258B(b). None of Plaintiff's allegations even hint at a substantial risk of causing physical injury.

Plaintiff also makes bare, conclusory assertions that Synchronoss acted with actual malice, but legal conclusions couched as allegations without facts to support them should not be credited. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). A speaker acts with actual malice only where he "actually entertained serious doubts as to the veracity of the published account or was highly aware that the account was probably false." *Dershowitz v. Cable News Network, Inc.*, No. 20-61872-CIV, 2023 WL 4851704, at *5 (S.D. Fla. Apr. 4, 2023). Here, Plaintiff alleges facts that show (at most) that Defendants knew hash value matches could produce false positives. (Am. Compl. ¶ 42, ECF No. 22). This falls well short of plausibly alleging that Synchronoss "actually entertained serious doubts as to the veracity" of the report that Plaintiff's images were likely CSAM or were "highly aware" that the report was "probably false." Rather, the facts alleged demonstrate that both the October Image and January Image matched the hash values of images that had previously been flagged as potential CSAM. Congress expressly authorized providers, NCMEC, and law enforcement to utilize hash value matches to perform their duties under § 2258A. It thus cannot amount to "actual malice" or "reckless indifference" for Synchronoss to rely on matches to the Hash Database as a fact or circumstance from which there appears to be a violation of CSAM possession laws. Plaintiff's conclusory allegations that Synchronoss acted with actual malice thus should not be credited, and Synchronoss should be immune from suit.

## III.    Synchronoss is Immune from Suit Under 18 U.S.C. § 2707(e)

The facts alleged demonstrate that Synchronoss relied in good faith on the statutory authorization in §§ 2258A and 2258C when reporting to NCMEC and is therefore immune from suit. Section 2707(e) provides that "[a] good faith reliance on […] a legislative authorization, or a statutory authorization … is a complete defense to any civil or criminal action brought under this chapter or any other law." 18 U.S.C. § 2707(e). Plaintiff alleges that Synchronoss relied on hash value matches to make reports to NCMEC of suspected CSAM—precisely what §§ 2258A and 2258C allow Synchronoss to do. (Am. Compl. ¶¶ 38-42, ECF No. 22). Synchronoss therefore has a complete defense against any claim as a matter of law.

As set forth above, § 2258A not only allows Synchronoss to make reports of potential CSAM to NCMEC, but affirmatively *requires* Synchronoss to do so. Section 2258C specifically allows Synchronoss to utilize hash value matches to identify potential CSAM. As alleged in the Amended Complaint, Synchronoss used hash matches to identify potential CSAM, which it then reported to NCMEC. (Am. Compl., ECF No. 22). Because the statute allows for the use of hash values to identify potential CSAM, there can be no question that Synchronoss's reliance on Section 2258C was in good faith. Plaintiff alleges no facts to the contrary, such as that Synchronoss was motivated by personal animus towards Plaintiff or that it did not accurately report hash matched images. Accordingly, 18 U.S.C. § 2707(e) grants Synchronoss a complete defense against Plaintiff's § 2702 claims and his state law defamation claims.

### IV. Counts VII and VIII Fail Because Disclosure to NCMEC is Permitted

Plaintiff's claim for unauthorized disclosure under 18 U.S.C. § 2702 fails for an additional reason: Section 2702 specifically allows disclosure to NCMEC. The Stored Communications Act, 18 U.S.C. §2701, *et seq.* ("SCA"), prohibits disclosure subject to "carefully regulated exceptions." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 975 (C.D. Cal. 2010). 18 U.S.C. § 2702(a)(1) lays out a general prohibition on disclosing the contents of communications while in electronic storage. But §§ 2702(b) and (c) specify exceptions to this prohibition, identifying entities and individuals to whom disclosure is expressly permitted. Accordingly, the SCA bars providers from divulging the contents of its users' communications to a third party only if none of the exceptions apply. In relevant part, these exceptions include disclosures made "to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A."18 U.S.C. §§ 2702(b)(2), (6). Section 2702(c)(5) similarly allows providers to disclose records other than the contents of communications to NCMEC and pursuant to Section 2258A. § 2702(c)(5). Put another way, if the disclosure was made to any individual or entity in the scope of Section 2702(b) or (c), the disclosure is not actionable and there is no valid claim.

Plaintiff alleges that the disclosure was made to NCMEC and then to law enforcement, both **authorized** third parties, which dooms his claim. *See Bayani v. T-Mobile USA, Inc.*, No. 2:23-CV-00271-JHC, 2023 WL 6959287, at *9 (W.D. Wash. Oct. 20, 2023) (to state a claim under § 2702, a plaintiff must "allege that [the provider] plausibly divulged the contents of his communications **to an unauthorized third party**") (emphasis added). Plaintiff specifically alleges that the disclosures were made to NCMEC

through cyber tipline reports. (Am. Compl. ¶¶ 58, 81, ECF No. 22). Disclosure in the context of such reports is expressly carved out of § 2702(a)'s prohibition on disclosure. As such, Plaintiff has no actionable claim.

## Conclusion

Plaintiff's Amended Complaint cannot state a claim for relief against Synchronoss for either defamation or violations of 18 U.S.C. § 2702, because Synchronoss is immune from suit under federal law and Synchronoss's disclosures to NCMEC are otherwise not actionable. Because the defects in Plaintiff's claims cannot be cured, Plaintiff's claims against Synchronoss should be dismissed with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that he has conferred with counsel for the Plaintiff in a good faith effort to resolve the motion. The parties do not agree on resolution of the motion. The conference occurred by telephone.

Respectfully submitted by:

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant Synchronoss Technologies, Inc.*

By: Andrew H. Reiss
Andrew H. Reiss, Esq.
Florida Bar 116955
Katherine V. Ramos-Bigley, Esq.
Florida Bar 1048878
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 12th day of April, 2024, a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system which will furnish an electronic copy to:

| | |
|---|---|
| Michael K. Roberts, Esq.<br>Jeffery S. Nooney, Esq.<br>Law Offices of Nooney,<br>Roberts, Hewett and Nowicki<br>1680 Emerson Street<br>Jacksonville, FL 32207<br>mroberts@nrhnlaw.com<br>jnooney@nrhnlaw.com | Nury Siekkinen<br>Zwillgen PLLC<br>1900 M. Street NW, Suite 250<br>Washington, D.C. 20036<br>nury@zwillgen.com |

            By: Andrew H. Reiss
            Andrew H. Reiss, Esq.