**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                 Case No. 3:24-cv-00137-WWB-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

       Defendants.
_____/

**PLAINTIFF'S RESPONSE TO SYNCHRONOSS'S
RULE 12(b)(6) MOTION TO DISMISS**

      Defendant, Synchronoss moves to dismiss the Plaintiff's Amended Complaint on the same grounds as Verizon. Synchronoss does not raise any additional defenses and, at times, employs Verizon's arguments word for word. The allegations against the two Defendants are substantially identical, especially given the alleged vicarious liability of Verizon. Finally, neither Defendant suggests that the outcome of the two motions to dismiss should be different based on the relative perspective of that Defendant.  Therefore, if one motion is denied, neither Defendant has suggested a reason why both motions should not be denied. Based on this fact, Plaintiff incorporates by reference his Response to Verizon's 12(b)(6) Motion to Dismiss (Doc #28) into this Response.

As a general rule, Electronic Service Providers, such as Defendant, are required to keep customer's stored content private and are prohibited from disclosing such content to third parties. 18 U.S.C. § 2702. The Defendant does not dispute this. Nor does it dispute that if they were to disclose content in violation of 18 U.S.C. § 2702, that they could be held liable for damages.

The only exception to this rule, relevant to this case, is the reporting requirement created by 18 U.S.C §2258A.  The requirements and conditions of disclosure under 18 U.S.C §2258A are relatively straightforward: where a provider has "actual knowledge" of "facts and circumstances" of an "apparent" violation of law regarding child pornography – they have a duty to report that content to NCMEC. As a result, content is either protected from disclosure under 18 U.S.C. § 2702 or it is required to be disclosed pursuant to 18 U.S.C §2258A. There is no nebulous zone of content which might be protected from disclosure and, at the same time, might be disclosed.  There are good reasons for this.

Some of those reasons, such as the freedom of expression and the right to be free from unreasonable search and seizure, require the provisions of 18 U.S.C §2258A to be narrowly construed, so as to avoid conflict with those constitutional protections.  In fact, industry stakeholders have long understood and applied the term "apparent" narrowly, referring only to "certain" or "overtly clear" depictions of a minor.

Compliance with 18 U.S.C §2258A is the only permissible manner in which a provider can violate the general rule of privacy. Good faith attempts to comply

with 18 U.S.C §2258A enjoy a limitation of liability. However, where a provider voluntarily chooses to operate outside of that statutory exception and reports content without attempting meet the specific conditions of disclosure, they may be held liable for the consequences of their actions.  Likewise, if a provider violates its responsibilities intentionally or with actual malice, it is not immune from suit.   18 U.S.C §2258B.

For these reasons and those contained in the Response to Verizon's Rule 12(b)(6) Motion to Dismiss (Doc. 28), Plaintiff has stated a cause of action.

WHEREFORE, Plaintiff requests an Order denying Defendant's Motion.

Dated this 3rd day of May 2024.


**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I       HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on May 3rd, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Michael K. Roberts*
_____
**Michael K. Roberts, Esquire**