# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                Case No. 3:24-cv-00137-WWB-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

       Defendants.

_____/

## Uniform Case Management Report

### 1. Date and Attendees

The parties conducted the planning conference on 3/28/2024. Michael Roberts (counsel for Plaintiff), Nury Siekkinen (counsel for Defendant, Verizon) and Andrew Reiss (counsel for Defendant Synchronoss) attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures.* *See* Fed. R. Civ. P. 26(a)(1). | 5/24/2024 |

---

\* Defendants intend to move for a stay of discovery, in the event that Defendants move to dismiss the Amended Complaint.

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/30/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 6/6/2025 |
| Defendant | 7/11/2025 |
| Rebuttal | 8/15/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 11/7/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/17/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>David Brecher, 301 W Bay St #1443, Jacksonville, FL 32202 (904) 329-7272 | 12/15/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 2/23/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/16/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/6/2026 |
| Month and year of the trial term. | 4/20/2026 |

The trial will last approximately 5 days[†] and be

☒ jury.

☐ non-jury.

---

[†] Parties cannot agree on an approximate time. Plaintiff believes that the trial will take at least 10 days.

3.  **Description of the Action**

THIS IS AN ACTION ALLEGING DEFAMATION AND VIOLATION OF FEDERAL PRIVACY LAWS IN THE CONTEXT OF CYBER TIPLINE REPORTS TO THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN.

4.  **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5.  **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6.  **Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

3

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

### Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

8. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: The Defendants intend to file Motions to Dismiss the Amended Complaint on grounds of statutory limitation of liability and will file Motions to stay discovery upon resolution of those dispositive motions.

B. Discovery may be needed on these subjects: Liability and damages. Specifically, Plaintiff may seek the details of Defendant's monitoring and disclosing of content, including policies, procedures, and practice. Defendants may seek discovery into the nature of Plaintiff's conduct, the pornographic content at issue in this matter and in his criminal case, and the investigation into Plaintiff's alleged criminal conduct by the St. John's County Sheriff's Office and the State's Attorney's Office. Additionally, discovery may be sought into the nature and extent of Plaintiff's damages.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; the nature of this action involves the storage of electronic data.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

## 9. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 10. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 11. Signatures

*/s/ Michael K Roberts*

Michael K. Roberts, Esquire
Counsel for Plaintiff, William Lawshe
Date 5/6/2024

*/s/ Nury Siekkinen*

Nury Siekkinen, Esquire
Counsel for Defendant, Verizon
Date 5/6/2024

*/s/ Andrew H. Reiss*

_____

Andrew H. Reiss, Esquire
Counsel for Defendant Synchronoss
5/6/2024