**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

                               **Civil Action No. 3:24-cv-00137**

           Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a Delaware
Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware Corporation,

           Defendants.

---

## DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12(b)(6) MOTIONS TO DISMISS

Defendants Verizon Communications Inc. ("Verizon") and Synchronoss

Technologies, Inc. ("Synchronoss") (together with Verizon, "Defendants"), by their

respective counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move

this Court to stay discovery pending resolution of Defendants' respective Rule 12(b)(6)

Motions to Dismiss the Amended Complaint ("Amended Complaint") of Plaintiff William

Lee Lawshe ("Lawshe" or "Plaintiff"). In support of their Motion, Defendants submit the

following Memorandum.

### BACKGROUND AND INTRODUCTION

1.     On January 12, 2024, Plaintiff filed the instant action in the Circuit Court,

Seventh Judicial Circuit, for St. John's County. ECF 1 at 1.

17850494

2.      Plaintiff first served this action on Verizon through its registered service agent on January 17, 2024. ECF 1-2 at 1 (Proof of Service of Summons). Synchronoss was served on February 5, 2024.

3.      Following a meet and confer with counsel for Verizon and after obtaining leave from the Court, Plaintiff filed an Amended Complaint on March 12, 2024. ECF 22.

4.      The Amended Complaint was much more voluminous than the previous complaint, adding 114 additional paragraphs and four additional counts compared to the prior Complaint.

5.      Despite these additional allegations, Plaintiff's Amended Complaint shows that he has no viable claim against either Verizon or Synchronoss.

6.      Plaintiff's claims against Defendants arise out of the fact that they reported images in Plaintiff's Verizon account to the National Center for Missing and Exploited Children ("NCMEC") based on matched hash values with other images previously identified as likely child sexual abuse material ("CSAM"). Defendants are immune from suit under multiple statutory provisions that bar actions against providers based on precisely the type of reporting Plaintiff alleges. Moreover, disclosures to NCMEC are not actionable under 18 U.S.C. § 2702, as 18 U.S.C. §§ 2702(b)(6) and (c)(5) expressly allow for such disclosures. Further, the Motions to Dismiss explained that the alleged disclosures are well within the bounds of 18 U.S.C. § 2258A, and Plaintiff's allegations both in this matter and in the suit he filed against the Sheriff's Office and related parties demonstrate that none of the exceptions to Defendants' federal statutory immunity could plausibly apply. Accordingly, Plaintiff's entire Amended Complaint must be dismissed.

17850494

7.      Pursuant to the Local Rules, the Parties conferred and submitted a Case Management Report on May 6, 2024. ECF No. 31. That CMR provides that the Parties shall exchange Rule 26(a)(1) disclosures by May 24, 2024. Defendants included a note in the CMR indicating that they planned to move for a stay of discovery pending the resolution of their Motions to Dismiss.

8.      Extensive time and resources will have to be expended to investigate, draft, and produce Defendants' Rule 26(a)(1) disclosures and, potentially, respond to any future discovery requests from Plaintiff.

9.      Meanwhile, Defendants' Motions to Dismiss will dispose of all of Plaintiff's claims and render these efforts moot. A stay of discovery is warranted to prevent the unnecessary expenditure of resources required to compile and issue Rule 26(a)(1) disclosures and respond to any future discovery requests should discovery not be stayed.

10.      Accordingly, all discovery (including the requirement to make Rule 26(a)(1) disclosures) should be stayed pending the resolution of the Motions to Dismiss so that the Parties do not needlessly waste significant time and resources on discovery obligations.

## MEMORANDUM OF LAW

### LEGAL STANDARD

Courts in this District have "broad discretion to stay discovery until preliminary questions that may dispose of the case are determined." *Grant v. Ocwen Loan Servicing, LLC*, 2016 WL 8997474, at *1 (M.D. Fla. May 10, 2016) (citations omitted); *see also Horlsey v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not

3

17850494

abuse discretion in staying discovery while dispositive motion pending). A stay of discovery may be granted upon a showing of "good cause and reasonableness." *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954309, at *1 (M.D. Fla. Mar. 25, 2021).

## ARGUMENT

This Court should grant a stay on all discovery while the Court considers Defendants' meritorious and fully dispositive Motions to Dismiss

### A.   Good Cause Exists Because Defendants' Pending Motions to Dismiss Are Clearly Meritorious and Case Dispositive.

Good cause to stay discovery exists when the resolution of a preliminary motion may dispose of the entire action. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (granting motion to stay discovery where pending motion could dispose of the entire case); *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, 2014 WL 12621558, at *2 (M.D. Fla. Sept. 9, 2014) (granting motion to stay discovery until pending motion to dismiss was decided because the motion "could be dispositive, in that it likely may result in the dismissal or stay of this case"). "In this regard, the Court must take a preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685; *see also George & Co. LLC v. Cardinal Indus.,* 2019 WL 1468514 (M.D. Fla. Feb. 19, 2019) (staying discovery due to potentially meritorious challenges to complaint); *Duo-Regen Techs., LLC v. 4463251 Canada, Inc.*, 2014 WL 12618711, at *2 (M.D. Fla. Feb. 14, 2014) (staying discovery until the court's ruling on motion to dismiss based on, among other things, plaintiff's failure to state plausible claims.).

Even if a pending motion to dismiss is only partially granted, the effect of narrowing the scope of discovery constitutes good cause to stay discovery pending

4

17850494

resolution of the motion. *See Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016); *see also Zarnesky v. Adidas Am.*, 2021 WL 3729230, at *3 (M.D. Fla. June 10, 2021) (granting motion to stay because the pending motion to dismiss will "at a minimum likely narrow and focus the scope of Plaintiff's claim").

Here, Defendants' Motions to Dismiss raise meritorious arguments for dismissal of this case in its entirety, with prejudice. This will be apparent to the Court upon a "preliminary peek" at the motions. *McCabe*, 233 F.R.D. at 687. Defendants' Motions to Dismiss demonstrate, *inter alia*, that even after having an opportunity to replead following a meet and confer concerning the deficiencies in his initial Complaint, Plaintiff's FAC still fails to state a claim against either Defendant due to statutory bars to suit conferred by federal law, specifically 18 U.S.C. §2258B and 18 U.S.C. § 2701, *et seq.*, that immunize Defendants from liability stemming the actions alleged in the FAC— the disclosure of data in connection with a report to NCMEC concerning suspected CSAM.

If the Court finds any of these arguments meritorious, the need for discovery would be eliminated—which constitutes good cause to stay discovery.

### B.    Absent a Stay, Defendants Will Incur Substantial and Unnecessary Costs in Conducting Discovery.

Requiring the parties to engage in discovery and comply with obligations under Fed. R. Civ. P. 26(a)(1) at this juncture would not be a reasonable use of anyone's resources. Where, as here, there are "facial challenges to all of Plaintiff['s] claims, a temporary stay of discovery would save the court, counsel, and the parties significant time and effort." *Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *4 (S.D. Fla. Mar. 25, 2020).

17850494

As noted, the current schedule contemplates that the parties will exchange Rule 26(a)(1) disclosures by May 24, 2024. (ECF 31). While written discovery could commence at any time, no party has yet served written discovery. If Defendants must investigate, develop, and serve Rule 26(a)(1) disclosures at this point, they will expend significant and likely unnecessary resources.

Accordingly, staying discovery until the Court rules on the Motions to Dismiss will avoid unnecessary costs and burdens by eliminating the need for discovery altogether.

### C. A Temporary Stay Would Not Prejudice Plaintiff or Cause a Significant Delay.

To determine whether a stay is warranted, the Court "must balance the harm produced by a delay in discovery against the possibility that the [pending] motion will be granted and entirely eliminate the need for such discovery." *Fernandez*, 2021 WL 2954309, at *1.

Plaintiff will not suffer prejudice, and there would be no significant impact on the timely resolution of this case if the Court were to grant a temporary discovery stay while it considers the Motions to Dismiss. This case is in its early stages, and the requested stay is limited in duration. The current deadline for fact discovery is not until November 7, 2025 (*see* ECF No. 31), and to the extent relevant documents exist and are under Defendants' possession, custody, and control, they are being preserved. On the other hand, if the Court does not temporarily stay discovery, then the Parties' time, effort, and cost to comply with discovery obligations "may have been wasted." *Zarnesky*, 2021 WL 3729230, at *3. Moreover, Plaintiff has not yet served any discovery requests. This indicates that Plaintiff is not currently engaged in issuing discovery.

6

17850494

Consequently, a temporary stay will have no impact on Plaintiff or the Court and, instead, may eliminate the need for discovery and the unnecessary expenditure of significant resources. *See Mid-Continent Cas. Co. v. G.R. Constr. Mgmt.*, 2017 WL 3394231, at *2–3 (M.D. Fla. Aug. 8, 2017) (exercising "broad discretion to stay this action" pending "judicial resolution of the motions to dismiss" where plaintiff would "suffer little harm from not engaging [in] discovery" as the case was "still in its early stage") (citations omitted).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order a stay of discovery until the Court rules on Defendants' respective Motions to Dismiss.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), we hereby certify that before filing this motion, Nury Siekkinen conferred with counsel for Plaintiff by email on May 10, 2024, in a good faith effort to resolve the issues raised in the motion. Counsel for Plaintiff stated that he opposes the relief sought herein.

Dated: May 17, 2024                    Respectfully submitted,

By: */s/ Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298
nury@zwillgen.com

*Attorney for Verizon Communications Inc.*

7

17850494

By: */s/ Andrew H. Reiss*
Andrew H. Reiss, Esq.
Florida Bar 116955
Katherine V. Ramos-Bigley, Esq.
Florida Bar 1048878
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com
*Attorneys for Defendant Synchronoss Technologies, Inc.*

8

17850494