UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

      **Plaintiff,**                             Civil Action No. 3:24-cv-00137

v.

**VERIZON COMMUNICATIONS, INC.**, a Delaware Corporation, and **SYNCHRONOSS TECHNOLOGIES, INC.**, a Delaware Corporation,

      **Defendants.**
_____/

## **DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE REPLY**

Defendants, Verizon Communications Inc. ("Verizon") and Synchronoss Technologies, Inc. ("Synchronoss"), pursuant to Local Rule 3.01(d), jointly move for leave to file a joint reply to Plaintiff's Response to Verizon's Rule 12(b)(6) Motion to Dismiss [Doc. 28, the "Response"] and Plaintiff's Response to Synchronoss's Rule 12(b)(6) Motion to Dismiss [Doc. 30], which incorporates by reference his Response to Verizon's Motion to Dismiss. Defendants request leave to file a joint reply not to exceed seven (7) pages inclusive of all parts.

The need for the joint reply is to allow Defendants to address new factual information submitted and relied upon by Plaintiff in his Response. Specifically, Plaintiff attached to his Response a CyberTipline Report [Doc. 28-1] that was not included with his Amended Complaint. Plaintiff also incorporated his Response to Verizon's Motion to Dismiss into his response to Synchronoss's Motion to Dismiss. If Plaintiff is relying on the CyberTipline Report in opposition to Defendants' motions, Defendants need the opportunity to address the report and argue to the Court why it actually weighs in favor of

granting Defendants' motions. In particular, the CyberTipline Report demonstrates that Defendants' reporting to NCMEC adhered to the boundaries of the statute and did not contain extraneous or gratuitous information. To be sure, Defendants' reporting is subject to statutory immunity even if it included or was based on errors, as Plaintiff alleges, because a hash match to an image in the Hash Database is a fact or circumstance indicating that the image may be CSAM.

Additionally, Plaintiff's Response makes arguments concerning the statutory construction of the relevant statutory scheme and how constitutional issues are implicated, including the First and Fourth Amendments to the United States Constitution. *See* Response at 8–12. Defendants should be given leave to reply in order to fully address these constitutional arguments and argue to the Court why Defendants' interpretation of the relevant statutory scheme does not raise constitutional concerns.

Specifically, the Fourth Amendment is simply inapplicable in this context—a civil suit against private non-state actors. Plaintiff's Fourth Amendment authority involves the scope of the private search doctrine in the context of whether to exclude evidence in criminal cases. Here, the issue is whether Defendants enjoy statutory immunity to a civil suit.

Plaintiff's First Amendment arguments similarly shoehorn in legal principles that do not apply here. While the private possession of pornographic material is generally protected by the First Amendment, obscenity is entitled to no First Amendment protection as a matter of speech or expression. *Miller v. California*, 413 U.S. 15, 23 (1973); *Reno v. American Civil Liberties Union*, 521 U.S. 844, 883 (1997). Thus, there is no

constitutionally-protected "speech" that could be chilled by platforms reporting suspected CSAM to NCMEC.

WHEREFORE, Defendants jointly request leave from the Court to file a joint reply, not to exceed seven (7) pages, to Plaintiff's responses to Defendants' Motions to Dismiss.

### LOCAL RULE 3.01(g) CERTIFICATION

Andrew Reiss certifies that he conferred by e-mail with counsel for the Plaintiff in a good faith effort to resolve the motion. Counsel for Plaintiff stated that he does not object to the reply as long as Defendants do not raise any new factual assertions, arguments, statutes or case law from the motions or responses. Although Defendants do not intend to raise new factual issues, arguments or statutes, there may be additional case law beyond that cited in the motions and the responses.

| | |
|---|---|
| **BOND, SCHOENECK & KING, PLLC**<br>*Attorneys for Synchronoss Technologies, Inc.* | **ZWILLGEN PLLC**<br>*Attorneys for Verizon Communications Inc.* |
| By: /s/ Andrew H. Reiss<br>Andrew H. Reiss, Esq.<br>Florida Bar 116955<br>4001 Tamiami Trail North<br>Naples, Florida 34103<br>areiss@bsk.com | By: /s/ Nury Siekkinen<br>Nury Siekkinen<br>Florida Bar No. 1015937<br>1900 M. Street NW, Suite 250<br>Washington, DC 20036<br>nury@zwillgen.com |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2024, a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system which will furnish an electronic copy to:

Michael K. Roberts, Esq.  
Jeffery S. Nooney, Esq.  
Law Offices of Nooney,  
Roberts, Hewett and Nowicki  

1680 Emerson Street  
Jacksonville, FL 32207  
mroberts@nrhnlaw.com  
jnooney@nrhnlaw.com  

/s/ Andrew H. Reiss

17820238.3 5/17/2024