UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                                        Case No. 3:24-cv-00137-WWB-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

       Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF RULE 12(b)(6) MOTIONS TO DISMISS**

The Defendant's Joint Motion to Stay should be denied. While the Court has broad discretion to stay proceedings pending resolution of a Motion to Dismiss, "normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at Section I.E.4.; *Fitzgerald Motors, Inc. v. FCA US LLC*, No. 8:19-cv-2661-T-35AAS, 2020 U.S. Dist. LEXIS 40293, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020) The Middle District Discovery Handbook goes on to state that "such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific

showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

Defendant has not suggested that there is anything unusual or particularly burdensome about the discovery in this case. The mere fact that time will have to be expended to conduct discovery is not prejudicial to Defendants and does not create an undue burden.

A cursory review of Defendant's 12(b)(6) motions to dismiss show that, to a substantial degree, they repeatedly ask the Court to make judgments on unsubstantiated factual assertions made by the Defendants, as opposed to insufficiencies in the pleadings. Specifically, Plaintiff has alleged that the Defendant's did not have "actual knowledge" of "apparent" child pornography as defined by the industry and the statute. Defendants insist that they did. This is a factual dispute, for which discovery will be necessary.

Even in Defendant's Joint Motion for Leave to File Reply (Doc. # 33), Defendants suggest that the CyberTip Report (filed as an Exhibit to Plaintiff's response) "actually weighs in favor of granting Defendants' motions." [1] (Motion P. 1-2) A weighing of the evidence is not the standard for a Rule 12(b)(6) motion.

The Joint Motion for Leave to File Reply goes on to state, "To be sure, Defendants' reporting is subject to statutory immunity even if it included or was based on errors…" This position is patently incorrect, as the statute itself states.

---

[1] The sole purpose of the Exhibit was to refute an unsupported factual assertion which was a basis for Verizon's Motion to Dismiss.

False statements (or errors) which were the product of intentional conduct or a reckless disregard for the truth (actual malice) are not immune under 18 U.S.C §2258B.

Because Plaintiff has pled with particularity conduct which would be included within these exceptions to the limitation of liability, the question becomes one of fact. Whether the conduct constituted intentional conduct or actual malice is a determination which is made on a "case-by-case" basis and, as long as there is a material factual dispute, the finder of fact plays an import role in that determination. *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657, 667 (1989).

WHEREFORE, Plaintiff requests an order denying Defendants Joint Motion to Stay Discovery.

Dated this 28th day of May 2024.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*
_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on May 28th, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Michael K. Roberts*

_____

**Michael K. Roberts, Esquire**