United States District Court
Middle District of Florida
Jacksonville Division

**WILLIAM LEE LAWSHE,**

      **Plaintiff,**

**v.**                                                   **No. 3:24-cv-137-WWB-LLL**

**VERIZON COMMUNICATIONS, INC. AND
SYNCHRONOSS TECHNOLOGIES, INC.,**

      **Defendants.**

_____

### Order Granting Defendants' Motion to Stay Proceedings

Before the Court is defendants' Joint Motion to Stay Discovery Pending Resolution of Rule 12(b)(6) Motions to Dismiss, doc. 32, and plaintiff's response in opposition, doc. 37. Defendants request discovery be stayed pending resolution of their motions to dismiss, docs. 26, 27. For the reasons discussed below, the motion is granted.

### Background

Plaintiff filed this action on February 6, 2024, against defendants Verizon Communications, Inc. (Verizon) and Synchronoss Technologies, Inc. (Synchronoss) amending the complaint on March 11, 2024, Doc. 39.[1] Verizon contracted with

---

[1] On May 29, 2024, the Court ordered plaintiff to re-file his amended complaint to cure a Rule 11(a) deficiency, doc. 38. Plaintiff refiled his amended complaint curing the deficiency by adding counsel's signature to the last page, doc. 39. The Court issued an order finding the only difference between the now operative amended complaint, *id.*, and its predecessor complaint to be signature of counsel on the last page. *See* doc. 41. The Court further stated it would treat the motions to dismiss, docs. 26, 27, as if they were directed at the now operative amended complaint doc. 39. As such, the Court refers to doc. 39 as the operative amended.

Synchronoss to provide cloud-based storage to Verizon's customers and plaintiff contracted with Verizon for internet and cellular phone service; under which, Verizon/Synchronoss stored content plaintiff downloaded or otherwise possessed. *Id.* at ¶¶ 6-10. Plaintiff alleges Verizon/Synchronoss engaged in voluntary screening of their subscribers' content for Child Sexual Abuse Material (CSAM). *Id.* ¶ 21. During screening Verizon/Synchronoss used "hash" values previously categorized as CSAM to screen its subscribers' content for apparent CSAM. *Id.* ¶¶ 21, 24. Plaintiff argues there is only an affirmative duty for Verizon/Synchronoss to report CSAM when they possess "'actual knowledge' of facts or circumstances . . . constitute[ing] 'apparent' possession of CSAM." *Id.* ¶¶ 16-18.

Plaintiff's claims arise from disclosures of images in plaintiff's possession of alleged CSAM on October 29, 2022, and January 25, 2023, by Synchronoss/Verizon to the National Center for Missing and Exploited Children (NCMEC). *Id.* ¶¶ 58, 81. Plaintiff contends Synchronoss/Verizon when reporting to NCMEC did not possess "actual knowledge" the reported image was "apparent" CSAM and made false statements in its report to NCMEC. *Id.* ¶¶ 61-68, 81-85. Plaintiff contends "accusing [p]laintiff of possession of CSAM, was entirely voluntary and was made outside of the requirements of 18 U.S.C. Code Sec. 2258A." and its grants of immunity. *Id.* ¶ 59. Moreover, in making the disclosures to NCMEC, plaintiff contends Synchronoss/Verizon violated 18 U.S.C. § 2702 by disclosing plaintiff's communications and records to a third-party. *Id.* at 16-21. In response to plaintiff's amended complaint, doc. 39; defendants filed separate motions to dismiss, docs. 26,

27;[2] and filed this joint motion to stay discovery pending resolution of rule 12(b)(6) motions to dismiss, doc. 32.

## Authority

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court . . . ." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has "'broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" *Ameris Bank v. Russack*, No. CV614–002, 2014

---

[2] Defendants' motions to dismiss, docs. 27, 28, contain identical arguments for dismissal of the amended complaint, doc. 39.

WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).[3]

Under Rule 26(c), Fed. R. Civ. P., the moving party must demonstrate good cause and reasonableness for a stay of discovery. *See McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006); *see Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997). Dismissal of non-meritorious claims before discovery begins may be necessary to minimize undue burdens on litigants and the court system. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368-69 (11th Cir. 1997); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery."). Pending motions to dismiss, however, do not atomically stay cases as the Middle District has an explicit policy against staying cases solely on the pendency of motions to dismiss. Middle District Discovery Handbook § 1(E)(4). Ultimately "[a] stay of discovery should be the exception rather than the rule." *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020).

## Analysis

Defendants jointly move to stay discovery pending rulings on their motions to dismiss the amended complaint, doc. 32, arguing, among other things, "[e]xtensive

---

[3] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

time and resources will have to be expended to investigate, draft, and produce Defendants' Rule 26(a)(1) disclosures and, potentially, respond to any future discovery requests from plaintiff." *Id.* at 3. Further, defendants argue their claims are dispositive, which "will be apparent" after a "preliminary peak" at their motions to dismiss. *Id.* at 4-5.

Plaintiff contends defendants' motions asks the Court to rule on "unsubstantiated factual assertions" rather than the sufficiency of the amended complaint. Doc. 37 at 2. Plaintiff argues factual disputes exist between the parties, such as whether defendants possessed "actual knowledge" of "apparent" child pornography." *Id.* Plaintiff further argues this factual dispute necessitates the need for discovery. *Id*. Moreover, plaintiff argues the amended complaint pleads with particularity conduct by defendants that falls outside of their purported statutory immunity. *Id*. at 2-3.

In deciding whether to stay discovery pending resolution of motions to dismiss, the Court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery. *Feldman*, 176 F.R.D. at 652-53. As such, the Court must take a "preliminary peek" at the motion to determine whether it appears meritorious and case dispositive. *Id.* ("While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

5

Defendants allege that plaintiff fails to state a claim upon which relief can be granted, arguing defendants are "immune from suit under multiple statutory provisions . . ." and, further, that "disclosures to NCMEC are not actionable under 18 U.S.C. § 2702" because "18 U.S.C. §§ 2702(b)(6) and (c)(5) expressly allow such disclosures." Doc. 27 at 1-2; *see* doc. 26 at 1-2. Specifically, Defendants contend they enjoy immunity under: 1) 18 U.S.C. § 2258B for the alleged conduct; doc. 26 at 5-8; doc. 27 at 7-15; 2) § 2707(e) because of their good faith reliance on §§ 2258A and 2258C, doc. 26 at 10; doc. 27 at 17-18; and 3) that they are within the exceptions of §§ 2702(b)-(c) for the disclosure of information to NCMEC. Doc. 26 at 11-12; doc. 27 at 18-19. Moreover, defendants argue that plaintiff failed to plead with sufficiency actions taken by defendants that constitute "actual malice" or "reckless disregard." Doc. 26 at 8-9; doc. 27 at 15-17. Defendants urge that discovery should be stayed as the case is still in the early stages of litigation; all relevant discovery is being preserved pointing to the discovery cutoff date of November 7, 2025; and neither party has served discovery and so would not be prejudiced by the stay. Doc 32 at 6-7.

Plaintiff responds that the amended complaint will not be dismissed arguing, that a number of factual disputes remain, including:  1) whether defendants had "actual knowledge" of an "apparent violation" of laws regarding possession of child pornography when reporting to NCMEC; 2) whether defendants conduct is included within the exception of statutory immunity; 3) whether defendants' conduct constitutes intentional misconduct or actual malice; and 4) whether disclosure to NCMEC is actionable under § 2702. Doc. 28. Plaintiff further contends the motion to

stay should be denied as defendants have not shown "anything unusual or particularly burdensome about the discovery in this case" warranting a stay. Doc. 37 at 1-2.

After a "preliminary peak" the motions to dismiss raise credible legal defenses regarding defendants' statutory immunity, that if granted are case dispositive. Doc. 26 at 1-2; doc. 27 at 1-2. In reviewing the amended complaint and the response in opposition, plaintiff alleges actions taken by defendants that appear to fall within the statutory immunity. Because a grant of defendants' motions would be case dispositive, there is good cause to stay discovery. *Chudasama,* 123 F.3d at 1367 (11th Cir. 1997) (emphasizing facial challenges should be resolved prior to engaging in discovery).

Apart from defendants' motions' being dispositive, several additional factors weigh in favor of granting the stay of discovery. Defendants' motions turn exclusively on statutory interpretation—legal questions to which discovery has little bearing on the resolution of. *See id.*; *but see Feldman*, 176 F.R.D.at 652 (quoting *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C. 1988) ("[T]he Court ordinarily should not stay discovery which is necessary to gather facts to defend against the motion [to dismiss]."). Given the dispositive nature of defendants' motions, a limited stay eliminates the unnecessary expenditure of time and money of both the parties on claims that may be disposed of in their entirety. Additionally, it appears that the scope of discovery may be expansive given the nature of plaintiff's claims. *See* doc. 39.

Similarly, a stay prejudices neither party as the discovery deadline is not set to expire until November 25, 2025, and any relevant discovery is being preserved by defendants. Doc. 36 at 1; doc 32 at 6-7. Therefore, Given the foregoing factors and

because it is "immediate[ly] and clear[ly] possibl[e]" that defendants' motions will dispose of the entire case, a stay of the discovery is appropriate at this juncture. *Feldman*, 176 F.R.D. at 652.

It is **ordered:**

Defendants' Joint Motion to Stay Discovery Pending Resolutions of Defendants' Motions to Dismiss, doc. 32, **granted**. Discovery is **stayed** until the resolution of the defendants' motions to dismiss.

**Ordered** in Jacksonville, Florida, on July 26, 2024

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Jeffrey Scott Nooney, Jr., Esquire
Michael Keith Roberts, II, Esquire
Nury Agudo Siekkinen, Esquire
Marc Zwillinger, Esquire
Andrew H. Reis, Esquire
Katherine Vanessa Ramos-Bigley, Esquire
David Scott Brecher, Esquire