UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
An individual,

       Plaintiff,

v.

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC.,
a Delaware Corporation,

       Defendants.
_____/

Case No. 3:24-cv-00137-WWB-LLL

**VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO AMENDED COMPLAINT**

Defendant, Verizon Communications Inc. ("Verizon"), through its undersigned counsel, hereby files its Answer to Plaintiff's William Lee Lawshe ("Plaintiff") Amended Complaint in correspondingly numbered paragraphs as follows:

1. Admitted.

2. Verizon lacks knowledge concerning the facts alleged in Paragraph 2 and therefore denies them.

3. Verizon lacks knowledge concerning the facts alleged in Paragraph 3 and therefore denies them.

4. Verizon admits that it is a holding company and that certain of its subsidiaries provides telecommunications services to the public, but denies that it is directly engaged in any business operations.

5. <u>Admitted.</u>

6. Verizon admits that a subsidiary of Verizon contracted with Synchronoss for data storage services. Verizon denies the remaining allegations in Paragraph 6.

7. Verizon admits that Plaintiff contracted with a Verizon subsidiary for telecommunications services. Verizon denies the remaining allegations in Paragraph 7.

8. Verizon lacks knowledge concerning the facts alleged in Paragraph 8 and therefore denies them.

9. *As a part of this service contract, Verizon provided data storage services to Plaintiff through Synchronoss Technologies, Inc.*
Verizon admits that a subsidiary of Verizon contracted with Synchronoss for cloud data services. Verizon lacks knowledge concerning the remaining facts alleged in Paragraph 9 and therefore denies them.

10. Admitted.

11. Verizon admits that certain customer data on its systems is protected from disclosure under applicable law. Verizon denies that any disclosure it made was a violation of applicable law. Verizon denies the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

13. Paragraph 13 contains legal conclusions to which no answer is required. The statute speaks for itself. To the extent a response is required, denied.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

15. Admitted.

16. Admitted.

17. Verizon admits that "apparent" has at least two generally accepted dictionary definitions and that, as used in Section 2258A, it means "seeming but not necessarily so". Verizon denies the remaining allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

19. Verizon admits that NCMEC is statutorily obliged to make reports available to law enforcement under Section 2258A(c). Verizon lacks knowledge concerning the remaining factual allegations in Paragraph 19 and therefore denies them.

20. Verizon admits that Section 2258A includes the quoted language. Verizon denies the remaining allegations in Paragraph 20.

21. Verizon admits that—consistent with the regular and customary practice in the industry—it moderates content on its systems in order to, among other things, prevent its services from being used to disseminate CSAM and that users are advised in Verizon's terms of service and privacy policy that Verizon moderates content in this way. Verizon denies the remaining allegations in Paragraph 21.

22. Verizon admits that a hash is numerical value derived through an algorithmic process that functions as a unique identifier for a particular image.

23. Verizon lacks knowledge concerning the allegations in paragraph 23 and therefore denies them.

24. Verizon admits that as part of its content moderation it utilizes NCMEC's database of hash values associated with apparent and actual CSAM. Verizon denies the remaining allegations in Paragraph 24.

25. The allegations in paragraph 25 are not intelligible as hashing is an algorithmic process not related to the determination of what is or may be CSAM. Verizon denies the allegations in paragraph 25.

26. The allegations in paragraph 26 are not intelligible as hash values are determined through an algorithmic process not related to the determination of what is or may be CSAM. Verizon denies the allegations in paragraph 26.

27. Denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Admitted.

33. Admitted.

34. Verizon admits that Section 2258A requires providers to report apparent CSAM to NCMEC and that Section 2702 allows providers to do so. The remainder of Paragraph 34 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

35. Paragraph 35 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

36. Paragraph 36 contains legal conclusions to which no answer is required. The statute speaks for itself. To the extent a response is required, denied.

37. Denied.

38. Denied.

39. Denied.

40. Verizon lacks information concerning the allegations in paragraph 40 and therefore denies them.

41. Verizon lacks information concerning the allegations in paragraph 41 and therefore denies them.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Verizon admits that, on or about January 25, 2023, its content moderation process flagged an image associated with Plaintiff's account as matching the hash value of an image on NCMEC's CSAM database. Verizon denies the remaining allegations in paragraph 47.

48. Verizon admits that NCMEC used the categorization "unconfirmed" when it reported that image to law enforcement and that such categorizations are not shared with or disclosed to providers like Verizon. Verizon denies the remaining allegations in Paragraph 48.

49. Verizon lacks knowledge concerning the allegations in paragraph 49 and therefore denies them.

50. Denied.

51. Verizon lacks knowledge concerning the allegations in paragraph 51 and therefore denies them.

52. Denied.

53. Denied.

54. Verizon admits that the image appears to contain a very small watermark on the lower corner of the image. Verizon lacks knowledge concerning the remaining facts alleged in Paragraph 54 and therefore denies them.

55. Denied.

56. Denied.

57. Denied.

58. Verizon admits that, on or about January 25, 2023, Synchronoss submitted a report to NCMEC concerning an image associated with Plaintiff's account. Verizon denies the remaining allegations in paragraph 58.

59. Denied.

60. Denied.

61. Admitted.

62. Verizon specifically denies that it did not visually inspect the image in question and that the individual depicted was "unequivocally pubescent". Verizon lacks knowledge concerning the remaining allegations in Paragraph 62 and therefore denies them.

63. Denied.

64. Verizon admits that a hash match to the NCMEC database in addition to the visual inspection of the image conferred actual knowledge that the image appeared to contain CSAM and that Verizon could not have had actual knowledge that the image did or did not contain actual CSAM. Verizon lacks knowledge of the remaining facts alleged in Paragraph 64 and therefore denies them.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Paragraph 69 contains legal conclusions to which no answer is required. The statutes speak for themselves.

70. Verizon admits that it is the ultimate responsibility of law enforcement to determine what is or it not a violation of CSAM laws. Verizon denies the remaining allegations in Paragraph 70.

71. Denied.

72. Verizon admits that a court issued a search warrant upon a finding of probable cause based on the report of an expert pediatrician and the affidavit of a detective specializing in CSAM investigations both of whom viewed the image in question. Verizon denies the remaining allegations in Paragraph 72.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Verizon lacks knowledge concerning the facts alleged in Paragraph 77 and therefore denies them.

78. Denied.

79. Denied.

80. Verizon admits that another image associated with Plaintiff's account had been

reported to NCMEC following a hash match and a visual inspection of the subject image. Verizon denies the remaining allegations in Paragraph 80.

81. Admitted.

82. Denied.

83. Verizon lacks information concerning the facts alleged in Paragraph 83 and therefore denies them.

84. Verizon admits that the image was reported to NCMEC following discovery of the hash match and a visual inspection of the image. Verizon denies the remaining allegations in Paragraph 84.

85. Verizon admits that it is up to law enforcement to evaluate reported images and make the judgment concerning whether reported images violate applicable laws. Verizon lacks information concerning the remaining facts alleged in Paragraph 85 and therefore denies them.

86. Admitted.

87. Denied.

88. Verizon lacks knowledge concerning the facts alleged in Paragraph 88 and therefore denies them.

89. Denied.

90. Denied.

91. Verizon admits that Section 2258B confers immunity for civil liability for reporting apparent CSAM in connection with the process outlined in Section 2258A. Verizon denies the remaining allegations in Paragraph 91.

92. Verizon admits that Section 2258B confers immunity for civil liability for reporting

        apparent CSAM in connection with the process outlined in Section 2258A. Verizon denies the remaining allegations in Paragraph 92.

93.    Verizon admits that Section 2258B confers immunity for civil liability for reporting apparent CSAM in connection with the process outlined in Section 2258A. Verizon denies the remaining allegations in Paragraph 93.

94.    Denied.

95.    Denied.

96.    Verizon admits that, based on a hash match to a value in NCMEC's database and a visual inspection of the subject image, Synchronoss made a report to NCMEC concerning the two images described in this Amended Complaint. Verizon denies the remaining allegations contained in Paragraph 96.

97.    Verizon admits that the report to NCMEC specified that the image appeared to depict the lascivious exposition of a prepubescent minor. Verizon denies the remaining allegations in Paragraph 97.

98.    Verizon admits that an expert pediatrician concurred with the description in the NCMEC report (based on Verizon's visual inspection) and stated that the image appeared to depict a girl as young as twelve. Verizon denies the remaining allegations in Paragraph 98.

99.    Verizon admits that the knowing possession of actual CSAM may constitute a felony in the State of Florida. Verizon denies the remaining allegations in Paragraph 99.

100.    Verizon admits that report from NCMEC concerning the image was communicated to law enforcement. Verizon denies the remaining allegations in Paragraph 100.

101. Verizon admits that Plaintiff was arrested and charged with three counts of CSAM violations approximately three months after the NCMEC report in question. Verizon denies the remaining allegations in Paragraph 101.

102. Verizon incorporates and reasserts its answers to paragraphs 1-101.

103. Paragraph 103 contains legal conclusions to which not response is required.

104. Paragraph 104 contains legal conclusions to which not response is required.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Count II has been dismissed from this action and therefore no response is necessary.

113. Count II has been dismissed from this action and therefore no response is necessary.

114. Count II has been dismissed from this action and therefore no response is necessary.

115. Count II has been dismissed from this action and therefore no response is necessary.

116. Count II has been dismissed from this action and therefore no response is necessary.

117. Count II has been dismissed from this action and therefore no response is necessary.

118. Count II has been dismissed from this action and therefore no response is necessary.

119. Count II has been dismissed from this action and therefore no response is necessary.

120. Count II has been dismissed from this action and therefore no response is necessary.

121. Count II has been dismissed from this action and therefore no response is necessary.

122. Count III is not directed at Verizon and therefore not response is necessary.

123. Count III is not directed at Verizon and therefore not response is necessary.

124. Count III is not directed at Verizon and therefore not response is necessary.

125. Count III is not directed at Verizon and therefore not response is necessary.

126. Count III is not directed at Verizon and therefore not response is necessary.

127. Count IV has been dismissed from this action and therefore no response is necessary.

128. Count IV has been dismissed from this action and therefore no response is necessary.

129. Count IV has been dismissed from this action and therefore no response is necessary.

130. Count IV has been dismissed from this action and therefore no response is necessary.

131. Count IV has been dismissed from this action and therefore no response is necessary.

132. Verizon incorporates and reasserts its answers to paragraphs 1-101.

133. To the extent it is an electronic communications service and/or a remote computing service, Verizon admits that it is subject to 18 U.S.C. § 2701, *et seq*. Verizon denies the remaining allegations in Paragraph 133.

134. Verizon admits that Section 2702 imposes certain obligations on providers subject to it. Verizon denies the allegations in Paragraph 134 to the extent they are inconsistent with Section 2702 and omit the disclosure exceptions.

135. Verizon admits that Section 2702 imposes certain obligations on providers subject to it. Verizon denies the allegations in Paragraph 135 to the extent they are inconsistent with Section 2702.

136. Denied.

137. Denied.

138. Paragraph 138 contains legal conclusions to which no response is required. To

the extent a response is required, denied.

139. Paragraph 139 contains legal conclusions to which no response is required. To the extent a response is required, denied.

140. Denied.

141. Count VI has been dismissed from this action and therefore no response is necessary.

142. Count VI has been dismissed from this action and therefore no response is necessary.

143. Count VI has been dismissed from this action and therefore no response is necessary.

144. Count VI has been dismissed from this action and therefore no response is necessary.

145. Count VI has been dismissed from this action and therefore no response is necessary.

146. Count VI has been dismissed from this action and therefore no response is necessary.

147. Count VI has been dismissed from this action and therefore no response is necessary.

148. Count VI has been dismissed from this action and therefore no response is necessary.

149. Count VI has been dismissed from this action and therefore no response is necessary.

150. Count VII is not directed at Verizon and therefore no response is necessary.

151. Count VII is not directed at Verizon and therefore no response is necessary.

152. Count VII is not directed at Verizon and therefore no response is necessary.

153. Count VII is not directed at Verizon and therefore no response is necessary.

154. Count VII is not directed at Verizon and therefore no response is necessary.

155. Count VIII has been dismissed from this action and therefore no response is necessary.

156. Count VIII has been dismissed from this action and therefore no response is necessary.

157. Count VIII has been dismissed from this action and therefore no response is necessary.

158. Count VIII has been dismissed from this action and therefore no response is necessary.

**159.** Count VIII has been dismissed from this action and therefore no response is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE – STATUTORY IMMUNITY

Plaintiff's claims are barred by the statutory immunity of Section 2258B.

### THIRD AFFIRMATIVE DEFENSE – STATUTORY DEFENSE

Verizon has a complete defense to Plaintiff's claims pursuant to Section 2707(e).

### FOURTH AFFIRMATIVE DEFENSE – STATUTORY DEFENSE

Verizon has a complete defense to Plaintiff's claims pursuant to Section 2703(e).

### FIFTH AFFIRMATIVE DEFENSE – PERMITTED DISCLOSURE

Any disclosure by Verizon is not actionable because it was permissible pursuant to Section 2702(b)(5).

### SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE – GOOD FAITH RELIANCE

Plaintiff's claims are barred because Verizon acted in good faith reliance on a statutory authorization.

### EIGHTH AFFIRMATIVE DEFENSE – CONSENT

Verizon has a complete defense to Plaintiff's claims because Plaintiff consented to the alleged disclosure.

### NINTH AFFIRMATIVE DEFENSE – CONTRACT

Verizon has a complete defense to Plaintiff's claims because the disclosure was made pursuant to the terms of a contract between the parties.

Date: March 14, 2025                          /s/ *Nury Siekkinen*

                                            Nury Siekkinen
                                            Florida Bar No. 1015937
                                            **ZWILLGEN PLLC**
                                            1900 M Street NW, Suite 250
                                            Washington, DC 20036
                                            Telephone: (202) 296-3585
                                            Facsimile:  (202) 706-5298
                                            Email: nury@zwillgen.com

                                            *Attorney for Verizon Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 14, 2025, and the foregoing document is being served this day on all counsel or parties of record on via transmission of Notice of Electronic Filing generated by CM/ECF.

                                            /s/ *Nury Siekkinen*
                                            Nury Siekkinen
                                            Florida Bar No. 1015937