UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

    Plaintiff,                                  Case No.: 3:24-cv-00137-MMH-LLL

v.

VERIZON COMMUNICATIONS, INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

    Defendants.
_____/

**SYNCHRONOSS TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant, Synchronoss Technologies, Inc. ("Synchronoss"), answers Plaintiff's Second Amended Complaint [Doc. 39] as follows:

**ANSWER**

1. Admitted that Plaintiff claims damages in excess of $75,000.00 but denied that Plaintiff is entitled to any relief.

2. Without knowledge and, therefore, denied.

3. Without knowledge and, therefore, denied.

4. Admitted.

5. Admitted.

1

21321973

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Without knowledge and, therefore, denied.

15. Admitted.

16. Admitted.

17. Denied.

18. Admitted.

19. Admitted.

20. Admitted that 18 U.S.C. § 2258A reads as stated.

21. Synchronoss admits that it monitored, screened and searched Plaintiff's stored content.

22. Without knowledge and, therefore, denied.

23. Denied.

24. Without knowledge and, therefore, denied.

25. Without knowledge and, therefore, denied.

26. Denied.

27. Admitted.

28. Admitted.

29. Without knowledge and, therefore, denied.

30. Without knowledge and, therefore, denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36. Synchronoss admits that its actions were not carried out under color of law or as an agent of the government.

37. Denied.

38. Denied.

39. Denied.

40. Without knowledge and, therefore, denied.

41. Denied.

42. Denied.

43. Denied.

44. Without knowledge and, therefore, denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted.

49. Without knowledge and, therefore, denied.

50. Without knowledge and, therefore, denied.

51. Without knowledge and, therefore, denied.

52. Without knowledge and, therefore, denied.

53. Without knowledge and, therefore, denied.

54. Without knowledge and, therefore, denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Without knowledge and, therefore, denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Without knowledge and, therefore, denied.

78. Without knowledge and, therefore, denied.

79. Without knowledge and, therefore, denied. Denied.

80. Without knowledge and, therefore, denied.

81. Denied.

82. Denied.

83. Without knowledge and, therefore, denied.

21321973

84. Denied.

85. Without knowledge and, therefore, denied.

86. Without knowledge and, therefore, denied.

87. Without knowledge and, therefore, denied.

88. Without knowledge and, therefore, denied.

89. Denied.

90. Denied.

91. Synchronoss admits that it is either immune or excluded from civil liability for the conduct described in the Second Amended Complaint.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Admitted.

100. Without knowledge and, therefore, denied.

101. Without knowledge and, therefore, denied.

21321973

## Count I

Synchronoss makes no response to Count I as that count is not directed to Synchronoss.

## Count II

Synchronoss makes no response to Count II as that count was dismissed by the Court's Order dated February 28, 2025 (Doc. 45) and is not directed to Synchronoss.

## Count III

122. Synchronoss adopts its responses to paragraphs 1-101, above.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## Count IV

Synchronoss makes no response to Count IV as that count was dismissed by the Court's Order dated February 28, 2025 (Doc. 45).

## Count V

Synchronoss makes no response to Count V as that count is not directed to Synchronoss.

21321973

### Count VI

Synchronoss makes no response to Count VI as that count was dismissed by the Court's Order dated February 28, 2025 (Doc. 45) and is not directed to Synchronoss.

### Count VII

150. Synchronoss adopts its responses to paragraphs 1-101, above.

151. Admitted.

152. Denied.

153. Denied.

154. Denied.

### Count VIII

Synchronoss makes no response to Count VIII as that count was dismissed by the Court's Order dated February 28, 2025 (Doc. 45).

Any allegation not specifically addressed above is denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Synchronoss is entitled to the immunity from Plaintiff's claim under 18 U.S.C. § 2702 as provided by 18 U.S.C. § 2258B(a). A civil claim against Synchronoss cannot be brought involving conduct arising from the performance of the reporting or preservation responsibilities of Synchronoss under 18 U.S.C. §

8

21321973

2258A. In making the CyberTip on January 25, 2023, Synchronoss was performing its reporting and preservation responsibilities as outlined and required in 18 U.S.C. § 2258A.

## Second Affirmative Defense

Plaintiff is barred from bringing a claim against Synchronoss under 18 U.S.C. § 2702 or for defamation because Synchronoss was required by federal law to make the subject CyberTip to the CyberTipline of NCMEC. 18 U.S.C. § 2258A(a)(1).

## Third Affirmative Defense

Synchronoss made the CyberTip with a good faith reliance on the statutory authorization found in 18 U.S.C. § 2258A. Synchronoss is therefore entitled to a complete defense against Plaintiff's claim under 18 U.S.C. § 2702. 18 U.S.C. § 2707(e).

## Fourth Affirmative Defense

Plaintiff's claim for defamation against Synchronoss is barred because the allegedly defamatory statements made by Synchronoss were true.

WHEREFORE, Synchronoss requests judgment from the Court in its favor and against Plaintiff finding that Synchronoss has no liability to Plaintiff and awarding Synchronoss its costs and such other relief as the Court deems proper.

21321973

Respectfully submitted by:

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant Synchronoss Technologies, Inc.*

By: Andrew H. Reiss
Andrew H. Reiss, Esq.
Florida Bar 116955
Katherine V. Ramos-Bigley, Esq.
Florida Bar 1048878
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2025, a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system which will furnish an electronic copy to:

Michael K. Roberts, Esq.
Jeffery S. Nooney, Esq.
Law Offices of Nooney,
Roberts, Hewett and Nowicki
1680 Emerson Street
Jacksonville, FL 32207
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com

Nury Siekkinen
Zwillgen PLLC
1900 M. Street NW, Suite 250
Washington, D.C. 20036
nury@zwillgen.com

By: Andrew H. Reiss
Andrew H. Reiss, Esq.

21321973