# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

                                   **Civil Action No. 3:24-cv-00137**

               Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

               Defendants.

---

## DEFENDANTS' UNOPPOSED MOTION FOR PROTECTIVE ORDER

Defendants Verizon Communications Inc. ("Verizon") and Synchronoss Technologies, Inc. ("Synchronoss") (together, "Defendants"), by counsel, hereby move this Court to enter the Proposed Confidentiality and Protective Order filed herewith as **Exhibit A.** Plaintiff William Lee Lawshe ("Plaintiff") does not oppose this Motion. In support of their Motion, the Parties state as follows:

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure allow the Court to, "for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Once the scope of discovery is properly determined, parties routinely enter into confidentiality agreements that govern the handling of confidential information throughout the discovery process.

Ordinarily, the Parties agree that such an agreement provides adequate protection for their confidential information, and thus, they resolve all issues regarding the handling of such information throughout the discovery process without Court intervention." *Evanston Ins. Co. v. Republic Props., Inc.*, No. 616CV1649ORL40GJK, 2018 WL 11350573, at *4 (M.D. Fla. Feb. 5, 2018).

Here, Plaintiff and Defendants have met and conferred regarding Plaintiff's anticipated discovery, which implicates material that is typically subject to protection from disclosure, either under applicable contractual obligations or pursuant to ordinary legal protections for confidential business information or records.

For example, Plaintiff seeks discovery of Defendant's policies, procedures and training materials regarding scanning for and reporting child sexual abuse material (CSAM), including production of other similar reports made to NCMEC involving other customers. These documents may contain confidential information. The entry of a confidentiality and protective order will facilitate discovery of such information while protecting against the disclosure or use of such material for purposes other than this litigation. In addition, Plaintiff seeks information concerning the business arrangements between Defendants and also between Defendants and other nonparties, which may implicate material that is subject to contractual confidentiality obligations. Further, it is likely that this litigation will involve substantial testimony from third parties who may need to receive certain confidential information, and the entry of a Protective Order will aid Defendants in safeguarding when and how third parties receive such material. Finally, entry of an order pursuant

to Federal Rule of Evidence 502 is needed to protect against any potential inadvertent disclosure of privileged or confidential information during the course of discovery.

Plaintiff and Defendants, through their respective counsel, have met and conferred regarding the proposed language and scope of a confidentiality and protective order. Defendants have proposed, and Plaintiff does not oppose, the entry of a confidentiality agreement in the form attached as Exhibit A. As reflected therein, all parties have signed and executed the agreement. The proposed protective order complies with Local Rule 1.09 with respect to filing materials under seal. Each and all of these considerations constitutes good cause to enter the proposed protective order. *See, e.g.*, *Evanston Ins. Co. v. Republic Props., Inc.*, No. 616CV1649ORL40GJK, 2018 WL 11350573, at *4 (M.D. Fla. Feb. 5, 2018) (in granting protective order, courts must find good cause pursuant to Fed. R. Civ. 23 and that "on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party.") (citation omitted). Defendants therefore request, and Plaintiff does not oppose, that the Court enter the attached proposed confidentiality and protective order.

Dated: June 9, 2025                                     Respectfully submitted,

                                                        **ZWILLGEN PLLC**

                                                        *Attorneys for Verizon
                                                        Communications, Inc.*

                                                        By: /s/ Nury Siekkinen
                                                        Nury Siekkinen
                                                        Florida Bar No. 1015937

3

1900 M. Street NW, Suite 250
Washington, DC 20036
nury@zwillgen.com

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant Synchronoss*
*Technologies, Inc.*

By:  /s/Andrew H. Reiss
Andrew H. Reiss, Esq.
Florida Bar 116955
Katherine V. Ramos-Bigley, Esq.
Florida Bar 1048878
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com

## CERTIFICATE OF SERVICE

I certify that on June 9, 2025, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

      /s/ Nury Siekkinen
      Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Attorneys for Plaintiff*

**BOND, SCHOENECK & KING, PLLC**
Andrew H. Reiss, Esq.
Katherine V. Ramos-Bigley, Esq.
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com

*Attorneys for Defendant*
*Synchronoss Technologies, Inc.*

## LOCAL RULE 3.11(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Verizon conferred with counsel for Plaintiff on June 9, 2025, via email and he does not oppose the granting of the relief requested in this motion.

        /s/ Nury Siekkinen
Nury Siekkinen (Florida Bar No. 1015937)