# EXHIBIT I

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

          Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES,
INC., a Delaware Corporation,

          Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

## DEFENDANT VERIZON COMMUNICATIONS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Verizon Communications Inc. ("Verizon") hereby provides these objections and responses to Plaintiff's First Set of Interrogatories ("Plaintiff's First Set of Interrogatories") as follows:

### GENERAL OBJECTIONS

These objections and responses are based on Verizon's reasonably diligent inquiry thus far. Verizon reserves the right to correct, amend and/or supplement these responses based on information it may adduce in the future. Verizon hereby adopts and incorporates by reference the following General Objections into each of its specific responses to Plaintiff's First Set of Interrogatories.

1. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, because they fail to specify any and/or appropriate time periods for the information sought. **To the extent Verizon agrees herein to search for and produce any documents, it will do so for the period October 1, 2022 until January 30, 2023.**

2. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that the absence of any definitions renders the Interrogatories vague, ambiguous, or incomprehensible. Verizon further and relatedly objects to the extent that they are unintelligible as written and/or require interpretation. Verizon objects to the extent that any term used in any Interrogatory seeks to impose upon Verizon any obligations or responsibilities different from or in excess of those required by the Federal Rules of Civil Procedure or other applicable rules. In making its Responses and Objections, Verizon is using its best efforts to interpret the plain language meaning of each Interrogatory.

3. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that the absence of any instructions renders the Interrogatories vague, ambiguous, or incomprehensible. Verizon objects to the extent that any direction or instruction in any Interrogatory seeks to impose upon Verizon any obligations or responsibilities different from or in excess of those required by the Federal Rules of Civil Procedure or other applicable

rules. In making these Responses and Objections, Verizon is using its best efforts to interpret the plain language meaning of each Interrogatory.

4. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent they are overly broad and unduly burdensome.

5. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they request information that (a) was prepared for or in anticipation of litigation; (b) constitutes attorney work product; (c) contains privileged attorney-client communications; or (d) is otherwise privileged from disclosure; and Verizon will not produce such information. The production by Verizon of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection in this or any other litigation, proceeding, or dispute. Upon receiving notice from Verizon that privileged, or otherwise protected information has been produced, all such information, including copies or summaries thereof, shall be promptly returned to Verizon.

6. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they purport to require the production of information not in Verizon's possession, custody or control, or that has not yet come into existence.

7. Verizon objects to Plaintiff's First Set of Interrogatories, to the extent that they seek discovery of electronically stored information from sources that are

not reasonably accessible on the grounds that production of such information would impose undue burden and expense on Verizon.

8. Verizon objects to Plaintiff's First Set of Interrogatories to the extent that they request information that already has been provided to Plaintiff or can be obtained from other more appropriate sources that have access to the requested information, rendering such Interrogatories duplicative, unduly burdensome, harassing, and oppressive.

9. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Verizon's responses and production of documents in response to the Interrogatories are not intended, and shall not be construed, as an admission that any factual predicates stated in the Interrogatories are accurate, and Verizon's agreement to produce responsive documents is not intended, and shall not be construed, as an admission that responsive documents exist or that such documents are relevant to any party's claim or defense.

10. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they seek information that is irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

11. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they require

Verizon to assume facts and/or legal requirements that are not applicable and/or make an improper legal conclusion.

12. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent they are duplicative, unreasonably cumulative, oppressive, harassing and/or will cause Verizon to incur an unnecessary expense.

13. Verizon objects to Plaintiff's First Set of Interrogatories, and to each of the individual Interrogatories contained therein, to the extent that they seek confidential, proprietary and/or trade secret information. The disclosure of information responsive to such Interrogatory is not intended to waive Verizon's right to protection from disclosure of such confidential and/or proprietary information. Subject to this objection, Verizon will only produce such documents, to the extent it has otherwise agreed to do so, under the terms of a valid and enforceable protective order.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

What is your name, address and, if you are answering for someone else, your official position. If you obtained information from any other person in order to answer these interrogatories, please state the name and address of any such person and identify which interrogatory or interrogatories for which such person provided information.

**RESPONSE:** David Runyon, Security Consultant IV-Network & Information

5

Security. He can be reached through counsel for Verizon in this matter.

**INTERROGATORY NO. 2:**

Was the image described in CyberTip Report 137877848 reviewed by a human being?

If your answer is yes,

a. What is the name or names of the individual(s) who reviewed the image

b. When did this review occur? Please state the date and time with specificity.

c. Where did this review occur?

d. Please state the name of the person or persons employer and the individual(s) job title.

**RESPONSE:** In addition to the General Objections, Verizon objects to Interrogatory No. 2 as unduly burdensome to the extent it seeks an unreasonably specific time as a response. Verizon objects to the extent that the Interrogatory seeks information protected by any privilege, including the attorney-client privilege. Verizon objects to the extent that the Interrogatory seeks confidential, proprietary and/or trade secret information absent an adequate protective order. Subject to this and without waiving any of its objections, Verizon states that the image described in CyberTip Report 137877848 was reviewed by a human being before it was reported to NCMEC. The individual was employed by WebPurify Inc., a company contracted by Verizon. The review occurred on or about October 29, 2022. Verizon's investigation is in progress and Verizon does not yet have direct knowledge of the name or location of the

6

individual who reviewed this image at this time. Verizon will supplement this response when appropriate.

**INTERROGATORY NO. 3:**

Was the image described in NCMEC Cyber Tip Report 153739160 reviewed by a human being?

If your answer is yes,

    a. What is the name or names of the individual(s) who reviewed the image

    b. When did this review occur? Please state the date and time with specificity.

    c. Where did this review occur?

    d. Please state the name of the person or persons employer and the individual(s) job title.

**RESPONSE:** In addition to the General Objections, Verizon objects to Interrogatory No. 3 as unduly burdensome to the extent it seeks an unreasonably specific time as a response. Verizon objects to the extent that the Interrogatory seeks information protected by any privilege, including the attorney-client privilege. Verizon objects to the extent that the Interrogatory seeks confidential, proprietary and/or trade secret information absent an adequate protective order. Subject to this and without waiving any of its objections, Verizon states that the image described in CyberTip Report 153739160 was reviewed by a human being before it was reported to NCMEC. The individual was employed by WebPurify Inc., a company contracted by Verizon. The review occurred on or about January 25, 2023. Verizon's investigation is in progress

7

and Verizon does not yet have direct knowledge of the name or location of the individual who reviewed this image at this time. Verizon will supplement this response when appropriate.

**INTERROGATORY NO. 4:**

Were any other reports generated in connection with the facts and circumstance described in in [sic] NCMEC Cyber Tip Report 153739160? If you [sic] answer is yes,

  a. What was the number of that CyberTip Report?
  b. When was that CyberTip Report sent?

**RESPONSE:** In addition to the General Objections, Verizon objects to Interrogatory No. 4 as unduly burdensome because Verizon cannot know whether the image detailed in NCMEC Cyber Tip Report 153739160 has ever been included in another NCMEC report. Verizon objects to the extent that the Interrogatory calls for a legal conclusion as to whether a report was "generated in connection with the facts and circumstance[s]" specified. Verizon objects to the extent that the Interrogatory seeks information protected by any privilege, including the attorney-client privilege. Verizon objects to the extent that the Interrogatory seeks confidential, proprietary and/or trade secret information absent an adequate protective order. Subject to and without waiving any of its objections, Verizon states that at this time, it is not aware of any other Cyber Tip Reports associated with the image reported in NCMEC Cyber Tip Report 153739160. Investigation is ongoing, and Verizon will supplement this response as necessary to the extent it becomes aware of any additional relevant

information.

**INTERROGATORY NO. 5:**

Were any other reports generated in connection with the facts and circumstance described in in [sic] NCMEC Cyber Tip Report 137877848? If you [sic] answer is yes,

    c. What was the number of that CyberTip Report?

    d. When was that CyberTip Report sent?

**RESPONSE:** In addition to the General Objections, Verizon objects to Interrogatory No. 5 as unduly burdensome because Verizon cannot know whether the image detailed in NCMEC Cyber Tip Report 137877848 has ever been included in another NCMEC report. Verizon objects to the extent that the Interrogatory calls for a legal conclusion as to whether a report was "generated in connection with the facts and circumstance[s]" specified. Verizon objects to the extent that the Interrogatory seeks information protected by any privilege, including the attorney-client privilege. Verizon objects to the extent that the Interrogatory seeks confidential, proprietary and/or trade secret information absent an adequate protective order. Subject to and without waiving any of its objections, Verizon states that at this time, it is not aware of any other Cyber Tip Reports associated with the image reported in NCMEC Cyber Tip Report 137877848. Investigation is ongoing, and Verizon will supplement this response as necessary to the extent it becomes aware of any additional relevant information.

Dated: June 6, 2025                                **ZWILLGEN PLLC**

*Attorneys for Verizon Communications Inc.*

By: /s/ *Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937
1900 M Street NW, Suite 250
Washington, DC 20036
nury@zwillgen.com

10

## CERTIFICATE OF SERVICE

I certify that on June 6, 2025, I caused a true and accurate copy of the foregoing to be served on all counsel of record identified on the attached Service List by electronic mail to counsel's email.

                                        /s/ Nury Siekkinen

                                        Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

LAW OFFICES OF NOONEY,
ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

## VERIFICATION

I, David Runyon, am a Security Consultant IV-Network & Information Security at Verizon Communications Inc. ("Verizon"). I am Verizon's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) for the purpose of answering Plaintiff's First Set of Interrogatories to Defendant. I have read the foregoing interrogatories and the responses to those interrogatories, which are true according to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2025.

*/s/ David Runyon*
David Runyon
