**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

       Plaintiff,

v.                              Case No. 3:24-cv-00137-MMH-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

       Defendants.
_____/

**<u>MOTION TO SEAL</u>**

**<u>A PORTION OF THE COURT RECORD</u>**

Plaintiff hereby moves to seal a portion of the Court record.  In support of this motion, the Plaintiff would show:

On August 29, 2025, Defendant Verizon filed a Memorandum in Opposition to Motion for Leave to Amend Complaint (ECF Doc 67). Attached to this document was an Exhibit A.  This exhibit contained one of the two images which is the subject of the Proposed Second Amended Complaint.  This is a single pornographic image of a female model, which contains a small redaction.

This case arises, in part, out the fact that this image/content was contained on an unknown CSAM hash list, used to detect and report crimes involving CSAM.

1

There is reason to believe that the image is still contained on a CSAM hash list shared with electronic service providers.[1]

Many electronic service providers employ a technology referred to as PhotoDNA, which matches an image not only against the same image, but images which have been modified.  Therefore, there exists the potential risk that anyone downloading the subject image from the Court's docket could be flagged and reported for possession of CSAM by their electronic service provider.

MEMORANDUM OF LAW

Local Rule 1.11(b) requires the following for filing a document under seal where no statute, rule, or order requires sealing:

> A motion to seal an item: (1) must include in the title . . . "Motion to Seal"; (2) must describe the item; (3) must establish: (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration for the seal; (6) must state the name, mailing  address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

---

[1] Plaintiff alleges that the image's placement on this unknown CSAM list was in error, but that allegation is not pertinent to the present Motion.

In determining whether a record should be sealed, the Court must determine that there is good cause and that the interest in sealing the document outweighs the public's interest in accessing the document.

The public has a "common-law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985). A party may overcome the public's right to access records by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Good cause is established "when disclosure will cause the party to suffer a clearly defined and serious injury." *NXP B.V. v. Rsch. In Motion, Ltd.*, No. 6:12-cv-498-ORL-22, 2013 WL 4402833, at *2 (M.D. Fla. 2013). If a party demonstrates good cause, the court must balance the public's interest in accessing the information against the interest in keeping the information confidential. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309-15 (11th Cir. 2001).

The risk of potential flagging and reporting of the content to NCMEC presented to any individual downloading the subject image represents good cause to seal the Exhibit. The sensitive nature of the content and its presence on a CSAM hash list outweigh any public interest in obtaining the document.

Plaintiff cannot state that the filing of the exhibit at this time was necessary but the exhibit has already been filed.  The Plaintiff proposes that the seal be for the duration of the case. Plaintiff also states that there is no tangible item to be retrieved and does not believe that there is any non-party that has an interest in the seal.

Wherefore, Plaintiff requests an Order placing Exhibit A (ECF Doc 67 (2)) under seal.

### Local Rule 3.01(g) Certification

The undersigned hereby certifies that he has conferred with counsel for Verizon regarding the subject of the current Motion to Seal. The conferring occurred by video conference on September 5, 2025.  Verizon does not oppose the Motion to Seal the exhibit.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 5, 2025 and the foregoing document is being served this day on all counsel or parties of record.

Dated this 5th day of September 2025.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
Attorney for Plaintiff

4