## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

      Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

---

## DEFENDANT VERIZON COMMUNICATIONS INC.'S MOTION TO STAY DISCOVERY

Defendant Verizon Communications Inc. ("Verizon"), by its counsel, pursuant to Federal Rule of Civil Procedure 15 and this Court's inherent authority, hereby moves this Court to stay discovery pending the resolution of Verizon's March 28, 2025 Motion for Reconsideration of Order Denying Rule 12(b)(6) Motion to Dismiss (Dkt. 50) and Plaintiff's July 14, 2025 Motion for Leave to Amend Complaint (Dkt. 59).  In support of its Motion, Verizon submits the following Memorandum.

## INTRODUCTION

A brief discovery stay is amply warranted here for at least three reasons.

*First*, Verizon's arguments on its motion for reconsideration and in opposition to Plaintiff's motion for leave to amend highlight the error in the Court's motion-to-

dismiss decision, the futility of Plaintiff's claims against Verizon, and the true facts of this case. Those arguments, if credited, would dispose of the case against Verizon, or at least significantly narrow its scope.

*Second*, absent a stay, Verizon will suffer severe prejudice from being forced to expend considerable resources on discovery in service of Plaintiff's meritless theory of liability. In the coming month alone, Verizon will need to resolve existing and anticipated disputes stemming from the parties' written discovery; review and produce documents; and prepare for and potentially litigate issues related to Plaintiff's sought depositions. Just yesterday, Plaintiff's counsel sought to notice three depositions—including one of a Verizon in-house attorney.

*Third*, Plaintiff cannot remotely establish any undue prejudice from a brief stay. Under settled law, delay alone does not suffice.

Accordingly, Verizon respectfully requests that the Court temporarily stay discovery (or at a minimum, all depositions) pending the resolution of the potentially case-dispositive motions for reconsideration and leave to amend.

## **BACKGROUND**

Verizon presumes this Court's familiarity with the case's relevant factual and procedural background, which is described in prior pleadings. Briefly summarized, the case concerns whether Verizon's actions in reporting what it believed to be apparent Child Sexual Abuse Material were immunized by statute and, if not, whether its reporting was inconsistent with its legal obligations. Currently pending are Verizon's motion for reconsideration of the Court's decision on Verizon's motion to

2

dismiss and Plaintiff's motion for leave to file a further amended complaint.[1]

## LEGAL STANDARD

Courts in this District have "broad discretion to stay discovery until preliminary questions that may dispose of the case are determined." *Grant v. Ocwen Loan Servicing, LLC*, 2016 WL 8997474, at *1 (M.D. Fla. May 10, 2016) (cleaned up); *see also Horlsey v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not abuse discretion in staying discovery while dispositive motion was pending). A stay of discovery may be granted upon a showing of "good cause and reasonableness." *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954309, at *1 (M.D. Fla. Mar. 25, 2021).

## ARGUMENT

All relevant factors support a brief stay: (i) the pending motions could resolve the case entirely; (ii) absent a stay, Verizon would suffer undue prejudice; and (iii) with a brief stay, Plaintiff would not suffer any such prejudice.

***The pending motions could dispose of the case***: If the Court resolves the pending motions in Verizon's favor, which it has good reason to do—given that Plaintiff concedes that the Court based its motion-to-dismiss decision on an incorrect assumption—the case against Verizon will be dismissed. If the Court grants leave to amend, however, that ruling will expand the scope of discovery to a second reported

---

[1] Plaintiff's reply in support of his motion for leave to amend is due on September 9, 2025 (Dkt. 69). Verizon had intended to file a response to Plaintiff's motion for leave to file a reply (Dkt. 68) within 24 hours; in that response, Verizon would have not opposed leave to file but instead asked this Court to temporarily stay discovery while the motion for leave to amend was pending. Given the Court's prompt ruling on the motion for leave to file a reply, Verizon is filing this standalone motion.

image, directly impacting the scope of the permitted inquiries. Taken together, those dynamics favor a stay. *See, e.g.*, *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (staying discovery given "meritorious challenges" to complaint's legal sufficiency); *cf. Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) ("[A] stay may be appropriate when its resolution will potentially narrow the scope of discovery" in a large and "complex[]" case).

If granted, Verizon's reconsideration motion would dispose of all claims against Verizon. In that motion, Verizon argued that the Court erroneously rejected Verizon's statutory immunity as to the January Image (the only one now left in the case) when it partially denied Verizon's motion to dismiss. *See generally* Dkt. 50. The Court assumed Verizon knew the January Image was "unconfirmed" CSAM, such that Verizon was not obligated to report it to NCMEC. *See id.* at 3-4; Dkt. 45 at 19-20. The Court then held that an "actual malice" exception to immunity could apply if Verizon reported that Image without further investigation. *See* Dkt. 45 at 19-23. But Plaintiff's complaint did not allege facts supporting the Court's assumption about Verizon's knowledge, and the Court's holding contravenes the policy underlying Verizon's reporting obligations. *See* Dkt. 50 at 8. Because Verizon is entitled to immunity based on the January Image, Plaintiff's operative complaint should be dismissed against Verizon with prejudice. *See id.* at 8-9.

Verizon's opposition to Plaintiff's motion for leave to amend cements that conclusion. It shows that Plaintiff now *agrees* that the factual predicate underlying the Court's decision as to the January Image was incorrect. Plaintiff's motion for leave to

amend asserts that "Defendants would not have simultaneously been given NCMEC's categorizations," and Plaintiff's proposed pleading alleges that NCMEC's tags of images are only contained on NCMEC's "internal hash list." *See* Dkt. 67 at 3 (citations omitted). Verizon's opposition details the manifold other reasons that Plaintiff lacks a viable theory of liability against Verizon, factually and legally, and exposes Plaintiff's audacious effort to plead facts he knows are false. *See id.* at 11-20. Discovery should not continue until the Court rules on Verizon's arguments that Plaintiff's proposed pleading is futile and brought in bad faith. *Cf.* Dkt. 42 at 7 (staying discovery pending the resolution of Verizon's motion to dismiss for several reasons, including that the motion, if granted, "would be case dispositive").

And, again, even if the Court grants Verizon only partial relief on either pending motion, that relief will undoubtedly impact the case's scope, thus discovery, which supports a stay. *See Khan*, 2016 WL 4718156 at *1.

***Verizon will be prejudiced absent a stay***: Without a stay, allowing discovery to proceed unabated in the coming weeks will risk a substantial waste of resources. Just yesterday, Plaintiff's counsel sought to notice three depositions, two on October 13 and one on October 20, including one of a Verizon in-house lawyer. *See* Declaration of Nury Siekkinen ¶¶ 2-4. Before those depositions go forward, and in the immediate term, the parties will need to (i) resolve (potentially through motion practice) outstanding and anticipated disputes about the scope of the parties' document productions, written discovery responses, and the propriety and scope of the sought depositions; (ii) continue to review and produce documents; and (iii) potentially

5

prepare for some or all of the sought depositions. Forcing Verizon to engage in those efforts based on Plaintiff's meritless theories would needlessly waste resources.[2] *See Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *4 (S.D. Fla. Mar. 25, 2020).

***Plaintiff will not be prejudiced by a stay***: Plaintiff will suffer no undue prejudice from a brief stay. *See McCabe*, 233 F.R.D. at 687 (plaintiff would not "be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided"); *CANVS Corp. v. FLIR Sys., Inc.*, 2014 WL 6883127, at *3 (M.D. Fla. Dec. 5, 2014) ("It is well settled that mere delay in the litigation does not establish undue prejudice.") (cleaned up). Discovery is still in its early stages, and related litigations have supplied much of the underlying fact discovery to date. Verizon seeks only a brief stay to allow the Court to weigh in on two motions that could resolve the case as to Verizon or alter its scope.

## CONCLUSION

For the reasons above, Verizon respectfully requests that the Court temporarily stay discovery—or, at a minimum, stay all depositions—pending the resolution of Verizon's motion for reconsideration and Plaintiff's motion for leave to amend.

---

[2] In July 2025, this Court stayed proceedings pending the parties' mediation. *See* Dkt. 61. Last month, after mediation proved unsuccessful, the case returned to active litigation, at the parties' request, and the Court entered an amended scheduling order. *See* Dkt. 66. Even so, now that Verizon has been able to fully evaluate and respond to Plaintiff's motion for leave to amend, Verizon respectfully submits that good cause supports a brief discovery stay for the reasons described above.

## <u>LOCAL RULE 3.01(G) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), we hereby certify that before filing this motion, Nury Siekkinen, counsel for Verizon, conferred with counsel for all parties by email on September 2 and 5, 2025 in a good faith effort to resolve the issues raised in the motion. Counsel for Defendant Synchronoss Technologies, Inc. stated that it does not oppose the relief sought herein. Counsel for Plaintiff stated that he opposes the relief sought herein.

Date: September 5, 2025

*/s/ Nury Siekkinen*

Nury Siekkinen
Florida Bar No. 1015937
Email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile:  (202) 706-5298

*Attorney for Defendant*
*Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 5, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Nury Siekkinen*
Nury Siekkinen

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

BOND, SCHOENECK & KING, PLLC
Andrew H. Reiss, Esq.
Northern Trust Building, Suite 105
4001 Tamiami Trail
North Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com

*Counsel for Defendant Synchronoss Technologies, Inc.*