United States District Court
Middle District of Florida
Jacksonville Division

**WILLIAM LEE LAWSHE,**

    Plaintiff,

v.                                              NO. 3:24-CV-137-MMH-LLL

**VERIZON COMMUNICATIONS, INC. AND SYNCHRONOSS TECHNOLOGIES, INC.,**

    Defendants.

_____

### Order Granting Motion to Seal a Portion of the Court Record

Before the Court is plaintiff's unopposed Motion to Seal a Portion of the Court Record. Doc. 70. Plaintiff requests to seal Exhibit A of defendant Verizon Communications, Inc.'s (Verizon) response in opposition to plaintiff's motion for leave to amend. *See id.* After careful consideration, I find the motion, *id.*, should be granted.

### Background

Plaintiff filed this lawsuit on February 6, 2024, against defendants Verizon and Synchronoss Technologies, Inc. (Synchronoss), amending the complaint on March 11, 2024, Doc. 39.[1] Verizon was plaintiff's internet provider and Synchronoss is a

---

[1] On May 29, 2024, the Court ordered plaintiff to re-file his amended complaint to cure a Rule 11(a) deficiency, doc. 38. Plaintiff refiled his amended complaint curing the deficiency by adding counsel's signature to the last page, doc. 39. The Court issued an order finding the

subcontractor of Verizon that provides cloud-based storage for Verizon and its customers. *Id.* ¶¶ 4, 6, 9. Plaintiff, as a Verizon customer, stored legal images on Verizon's cloud. *Id.* ¶¶ 10-12. Defendants, in addition to providing cloud storage, voluntarily implemented a program using "hash" values to screen their customer's stored content for Child Sexual Abuse Material (CSAM). *Id.* ¶¶ 22-24. Defendants would scan the "hash" value of images stored by their customers and compare them to a list of hashes previously identified as actual or possible CSAM. *Id.* Plaintiff alleges that, on two separate occasions,[2] defendants incorrectly reported to the National Center for Missing and Exploited Children (NCMEC) that he possessed CSAM. *Id.* ¶¶ 58, 81. As a result, plaintiff was arrested for possession of CSAM; however, the charges were later dropped. *Id.* ¶¶ 58, 81, 88.

Plaintiff then filed an eight-count complaint against both defendants, asserting claims for defamation and violations of 18 U.S.C. § 2701, *et seq.*,. *See id.* at 12-21. Defendants responded by filing motions to dismiss, docs. 26 and 27; the Court granted them in part, dismissing counts, two, four, six, and eight of the amended complaint.

---

only difference between the now operative amended complaint, *id.*, and its predecessor complaint to be signature of counsel on the last page. *See* doc. 41. The Court further stated it would treat the motions to dismiss, docs. 26, 27, as if they were directed at the now operative amended complaint doc. 39. As such, the Court refers to doc. 39 as the operative complaint.

[2] Defendants reported plaintiff was in possession of CSAM on January 25, 2023, doc. 39 ¶ 47, and on October 29, 2022, *id.* ¶¶ 80.

2

Doc. 45 at 28.[3] Plaintiff then filed for leave to amend his complaint a second time. Doc. 59. Verizon filed a response in opposition, doc. 67, and attached as Exhibit A, a redacted copy of one of the images it reported to NCMEC as CSAM. Doc. 67-2. Plaintiff now moves to seal Exhibit A of the response, doc. 67-2, arguing that even as redacted, the image may remain on a CSAM list, potentially subjecting anyone who downloads it off the docket to being flagged and reported for possession of CSAM. *See generally* doc. 70.

## Analysis

The public has a presumptive right to access judicial proceedings. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam). "The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (quoting *Chi. Trib. Co.*, 263 F.3d at 1311). That right, however, is not unlimited. *Id.* It extends only to material that is public or judicial records, not discovery materials. *Id.* And the right of access may be overcome by showing that "good cause exists to prevent such access, balancing 'the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1363 (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The factors the Court considers include:

---

[3] Counts one, three, five, and seven remain. Verizon filed a motion for reconsideration of its motion to dismiss, requesting the Court dismiss all claims against Verizon. *See generally* doc. 50.

> whether allowing [public] access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citation omitted).

After review of the image, and plaintiff's motion, I find good cause to seal the exhibit. As demonstrated by this lawsuit, the image contained in Exhibit A of Verizon's response was, at one point, characterized and reported as CSAM. *See generally* doc. 39. Allowing public access to this exhibit poses the risk of any individual that downloads the image to being reported for possession of CSAM—the same harm plaintiff complains of in his lawsuit. *See generally id*. And although this lawsuit deals with a matter of public concern—reporting CSAM—allowing public access to the image does not further that interest and potentially subjects individuals to similar harm as plaintiff. Further, there is no less onerous alternative to sealing. As noted by plaintiff, modified or redacted versions of images that are already on a CSAM hash list can still be flagged by service providers, such as Verizon. Doc. 70 at a2; *Callahan*, 17 F.4th at 1363 (quoting *Romero*, 480 F.3d at 1246). Finally, Local Rule 1.11(b), which is cited by plaintiff in his filing, governs sealing procedures in the Middle District of Florida. Plaintiff satisfies the requirements for such a motion.

It is **ordered**:

1. Plaintiff's Motion to Seal a Portion of the Court Record, doc. 70, is **granted**;

4

2. The Clerk of Court is **directed** to file Exhibit A, doc. 67-2, of Defendant Verizon Communications Inc.'s Opposition to Motion for Leave to Amend Complaint, doc. 67, under seal.

**Ordered** in Jacksonville, Florida on September 8, 2025.



/s/ Laura Lothman Lambert
United States Magistrate Judge

c:
Jeffrey Scott Nooney, Jr., Esquire
Michael Keith Roberts, II, Esquire
Nury Agudo Siekkinen, Esquire
Marc J. Zwillinger, Esquire
Andrew H. Reis, Esquire
Katherine Vanessa Ramos-Bigley, Esquire
David Scott Brecher, Esquire