UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                                                               Case No. 3:24-cv-00137-WWB-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

        Defendants.
_____/

**PLAINTIFF'S RESPONSE TO VERIZON'S MOTION TO STAY DISCOVERY (ECF DOC. 71)**

Verizon's Motion to Stay should be denied.[1] Verizon moves for the third stay in this case. The Court entered the previous Case Management Order on March 31, 2025 (ECF Doc. 49), allowing discovery in this matter for the first time. Thereafter, Plaintiff sent initial paper discovery to both Defendants, who requested extensions of time to respond and, thereafter, raised objections to producing documents based on a concern for confidentiality. (See ECF. Doc #54)

---

[1] Counsel for Verizon has misrepresented the substance of our conferral regarding the Motion for Leave to File a Reply. The undersigned emailed counsel on September 2, 2025, seeking their position on Plaintiff's Motion for Leave to File a Reply. Counsel responded that they intended to move for a stay in discovery and that "we won't oppose your motion if you won't oppose ours." When undersigned replied that Plaintiff would not consent to their motion for a stay and asked for them to state their position on Plaintiff's Motion regarding the Reply, Counsel for Verizon replied that "we don't presently intend to stipulate to your reply." Thereafter, undersigned represented to the Court that Verizon opposed the motion.

1

Despite delays in receiving document production, Plaintiff promptly scheduled the deposition of Cara Blaska, the only witness with personal knowledge listed by either party in their initial Rule 26 disclosures. This deposition occurred on June 13, 2025. After this deposition, Defendants proposed a stay of the case while there was an attempt to negotiate a settlement of the matter. Plaintiff agreed and a joint motion to stay was filed. (ECF Doc. 60)

The case did not resolve (see ECF Doc. 62) Thereafter, the parties met and conferred regarding a scheduling Order to resume discovery and litigation of the case. The parties reached an agreement and filed a case management report on August 19, 2025. (see ECF Doc. 64) Without any change in the procedural posture of the case or material issues presented to the Court, Verizon now moves to stay the discovery deadlines they just agreed to.

## **Memorandum**

While the Court has broad discretion to stay proceedings pending resolution of a Motion to Dismiss, "normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." Middle District Discovery (2021) at Section I.E.4.; *Fitzgerald Motors, Inc. v. FCA US LLC*, No. 8:19-cv-2661-T-35AAS, 2020 U.S. Dist. LEXIS 40293, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020) The Middle District Discovery Handbook goes on to state that "such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a

2

specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

## **Argument**

Defendant has not suggested that there is anything unusual or particularly burdensome about the discovery in this case. The mere fact that time will have to be expended to conduct discovery is not prejudicial to Defendants and does not create an undue burden.

There currently is no pending Motion to Dismiss. However, Verizon in its memorandum in Opposition to Plaintiff's Motion to Amend (ECF Doc.67) suggests that the Court should consider the evidence of the case produced in discovery to this point and dismiss the entire case. *Id.*

Verizon's real argument in the Memorandum of Opposition is that the case should be disposed of on summary judgement, not a motion to dismiss. (see generally ECF Doc.67) Plaintiff anticipates that any future Motion to Dismiss will be full of factual, evidentiary arguments. But at the very same time, Verizon asks that Plaintiff should be prohibited from seeking discovery. This is extremely prejudicial.

Discovery in this case illustrates the importance of procedure, the standards applicable to Rule 12(b)(6) motions, discovery and litigating cases on the merits of the evidence. (see Plaintiff's Motion to Amend ECF Doc. 59) Defendant has asked this Court, in the Motion for Reconsideration, to rely on plainly incorrect facts: that this content was included in a NCMEC "triple vetted"

CSAM list. That assertion was not true and *it was Plaintiff's discovery efforts which revealed that this was not true, to Verizon themselves*. (see Plaintiff's Motion to Amend ECF Doc. 59)

Now, in the Memorandum in Opposition (ECF Doc. 67), Verizon makes different factual assertions that they ask the Court and Plaintiff to accept as true – without any further discovery. This would result in unfair prejudice.

For example: Verizon writes "A Synchronoss employee with knowledge also testified there was human review of the January Image." (Opposition P. 18) Verizon is referring to and citing the testimony of Cara Blaszka, the executive in charge of Synchronoss's scanning and reporting system. But when questioned on that point, here is the testimony:

> ·Q.· ·**So someone clicked a button that said that they ·reviewed it?**
>
> ·A.· ·They clicked a button that said it was apparent child, ·apparent CSAM.
>
> ·Q.· ·**Right.**
>
> ·A.· ·I'm not going to say what they did or didn't do, I · ·can't speak to someone else.
>
> ·Q.· ·**Right.· I mean, you know, you're a lawyer.· I mean, · ·I -- you know –**
>
> ·A.· ·I'm aware.
>
> ·Q.· ·**You don't know if they looked at it or not, you just ·· ·know if they clicked the button, so to speak?**

4

> ·A.· ·I can't say either way.· And you're a lawyer, too, and
> · ·you know, I can't say either way.

(Deposition of Blaska P.43 ln. 15 – P.44 ln.3, pages attached as Exhibit A) In fact, the head of scanning and reporting of Synchronoss (Ms. Blaszka) has almost no knowledge of what WebPurify does:

> **Q.· ·Yeah, yeah.· But -- and I just want to be -- real quick, you have no idea what WebPurify's definition of, apparent child pornography is, do you?**
>
> ·A.· ·I don't -- their definition?· I think a definition
> ·is -- is one thing.· What their criteria is, I do not.· I don't
> ·know if they have a -- I don't know if they even define it or if
> they just have criteria, and if it meets criteria, they click a
> button.· They might not make an actual determination, just if
> it's one, two, three, it moves on.· I don't know.· And I'm
> speculating.
> · · · · · ·But I can't speak for that.

(Deposition of Blaszka P.98 ln.4-15, page attached as Exhibit B) Verizon did not quote these pages of Ms. Blaska's deposition in their Memorandum in Opposition. However, Ms. Blaska clearly does not have knowledge of human review of the images in this case. Plaintiff should not be asked to respond to factual and evidentiary assertions in what Verizon sees as dispositive motions, without the benefit of meaningful discovery.

    WHEREFORE, Plaintiff requests an order denying Verizon's Motion to Stay Discovery.

Dated this 11th day of September 2025.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*
_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
**Jeffery S. Nooney, Esquire**
Florida Bar No. 1011565
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
jnooney@nrhnlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 11, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Michael K. Roberts*
_____
**Michael K. Roberts, Esquire**