# EXHIBIT A

**WILLIAM LEE LAWSHE V. VERIZON COMMUNICATIONS, INC., ET AL.**
Cara Blaszka on 06/13/2025

```
 1                    UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF FLORIDA
 2                       JACKSONVILLE DIVISION
                Civil Action No. 3:24-cv-00137-WWB-LLL
 3

 4    WILLIAM LEE LAWSHE,
      an individual,
 5
                         Plaintiff,
 6

 7    V.

 8
      VERIZON COMMUNICATIONS, INC., a
 9    Delaware Corporation, and SYNCHRONOSS
      TECHNOLOGIES, INC., a Delaware
10    Corporation,

11                       Defendants.

12

13

14
                      Deposition of Cara Blaszka,
15           The remote videoconference was taken by
                     Michael K. Roberts, Esquire
16                    Before Lourdes Valdes,
                 Certified Professional Reporter,
17
                         On June 13, 2025,
18        Beginning at 9:00 a.m. & ending at 2:00 p.m.

19
                              - - -
20

21

22

23

24

25
```

Page 43

1  Q. Well, I mean, this was October of 2022. I mean, do
2  you believe that human review had anything to do with this case?
3  A. Oh, yeah. This -- this case was absolutely human
4  review. So that helped me say it was before that.
5  Q. How do you know that there was a -- how do you know
6  that there was a human review?
7  A. Isn't it on the cyber tip you just showed me?
8  Q. Yeah, I'm just asking. Other than -- you never saw
9  the Cyber Tip Report initially though, right?
10      Like, that's not a document -- you said that's not a
11 document that Synchronoss actually creates, is it?
12 A. Correct, but we create the data feed only after human
13 review is completed. So the fact that I saw the data feed means
14 human review was completed and is marked on the cyber tip.
15 Q. So someone clicked a button that said that they
16 reviewed it?
17 A. They clicked a button that said it was apparent child,
18 apparent CSAM.
19 Q. Right.
20 A. I'm not going to say what they did or didn't do, I
21 can't speak to someone else.
22 Q. Right. I mean, you know, you're a lawyer. I mean,
23 I -- you know --
24 A. I'm aware.
25 Q. You don't know if they looked at it or not, you just

Page 44

1  know if they clicked the button, so to speak?

2      A.  I can't say either way.  And you're a lawyer, too, and
3  you know, I can't say either way.

4      Q.  Yeah.

5      A.  Actually, I find this line of questioning a little
6  offensive because, you know, I can't answer what someone else
7  did.  And I expect a little bit more, you know, candor and
8  respect than that.  You keep pushing me on it, and I don't
9  appreciate it.

10     Q.  Just one second.  I'm going to share my screen.  These
11 are your answers to interrogatories.

12         MS. SIEKKINEN:  Counsel, again, I ask that you share
13     these exhibits.

14         MR. ROBERTS:  I will.

15         THE WITNESS:  Can we take a break so that counsel can
16     have them?  I'm not comfortable proceeding until counsel
17     has the documents that we're reviewing.

18         MS. SIEKKINEN:  Certainly.  And the ones that have
19     previously been used in this deposition.  It's highly
20     unusual.

21         THE WITNESS:  I agree.

22 BY MR. ROBERTS: (Resuming)

23     Q.  This is a document you signed, correct?

24     A.  Has -- has -- has Verizon's counsel seen this?

25         MS. SIEKKINEN:  I can't find it.  She -- she has not