**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                                    Case No. 3:24-cv-00137-MMH-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

        Defendants.
_____/

## PLAINTIFF'S MOTION TO QUASH SUBPOENA

Defendant Verizon has served the attached subpoena upon St. John's County Sheriff's Office seeking the production of documents. (Exhibit A) Plaintiff has no objection to request no.1. However, request no.2 seeks "the full and complete extraction of data" from Plaintiff's electronic devices.

Verizon noticed and served the attached subpoena on September 12, 2025. Plaintiff communicated his objection to the Subpoena on September 12, 2025. Plaintiff met and conferred with counsel for Verizon on Thursday, September 18, 2025, which was the earliest time offered by Verizon. On September 20, 2025, Verizon agreed to narrow the request.

1

Defendant has narrowed the scope of the request to:

1. Search terms used for web searches
2. Websites visited, including subpages on those websites
3. Images and videos depicting nudity, pornography, or sexual activity of any kind
4. Documents (including messages, emails, and notes) and information related to the age, or seeming age, of any individual depicted in the images or videos in Category 3
5. Documents (including messages, emails, and notes) and information related to Plaintiff's sexual health
6. Documents (including messages, emails, and notes) and information related to pornography or pornographic material
7. Documents (including messages, emails, and notes) and information related to Plaintiff's alleged loss of employment or efforts to seek employment on account of Defendants' alleged actions
8. Documents (including messages, emails, and notes) and information related to any alleged emotional distress Plaintiff experienced on account of Defendants' alleged actions
9. Documents (including messages, emails, and notes) and information related to any alleged reputational harm Plaintiff experienced on account of Defendants' alleged actions
10. A list of all installed applications on the device
11. Information regarding data in any of the preceding categories that was deleted before the forensic backup was generated, and any such deleted data to the extent available

Although there is some agreement on the narrowed scope, Plaintiff still objects to much of the information requested.[1]  Specifically, Plaintiff objects to the data/documents requested in items 1, 2, 3, 4, 6, 10, 11 of the above list.

---

[1] Plaintiff has testified that he suffered from diagnosed low libido and erectile dysfunction, therefore, there is not objection to the documents identified in item 5 of the above list.  Although Plaintiff agrees that the documents sought in requests 7, 8, 9 could be relevant, the devices were seized upon arrest and prior to these events occurring.

Defendant is not entitled to discover *every* web search, search term or website visited by Plaintiff from January 1, 2022 to present. Defendant is not entitled to discover *every* application installed on Mr. Lawshe's devices or all information deleted in the period of January 1, 2022 to present.

Defendant is not entitled to any and all adult content on Mr. Lawshe's phone. However, Plaintiff has offered to produce the four additional images which were the subject of the underlying criminal charges. Plaintiff believes that those images would at least potentially be relevant to the present case.

## **MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). The party seeking to enforce a subpoena has the burden of demonstrating the information sought is relevant. *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). "

The scope of non-party discovery under Rule 45 is identical to the "scope of [party] discovery under Rule 26(b) and Rule 34." *Kona Spring Water Distribution, Ltd., v. World Triathlon Corp.*, 2006 U.S. Dist. LEXIS 22323, 2006 WL 905517, at *2 (M.D. Fla. 2006). Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in relevant part: "Unless otherwise limited by court order . . . [a party may] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Discovery requests must be tailored to seek relevant evidence. *Mey v. Interstate Nat'l Dealer Servs., Inc.*, No. 1:14-cv-01846-

ELR, 2015 U.S. Dist. LEXIS 182499, 2015 WL 11257059, at *2 (N.D. Ga. June 23, 2015) ("While the Court is mindful that discovery is intended to be an open process, so as to better facilitate the free flow of information between litigants, parties are not permitted to go on 'fishing expeditions' which extend beyond the legitimate scope of discovery.")

## ARGUMENT

This discovery dispute is indicative of the deep and pervasive stigma associated with the allegation of crimes involving CSAM. The allegations made against Mr. Lawshe were false. The criminal charges were dropped. The senior executive in charge of scanning and reporting of CSAM at Synchronoss has conceded that both of the subject images reported depict adults. (Deposition of Blaska, P.145, Ln.1-8, attached as exhibit B) Defendant Verizon has possessed, transmitted and filed the "January" image on the Court's public docket, indicating that they also concede that the image does not portray a minor. (ECF. 72)

Despite this, Verizon persists in suggesting and insinuating that there is some nefarious or illicit content on Plaintiff's electronic devices. In conferring on the matter, Verizon suggest that there may be other age difficult or what they deem to be adult images of females that subjectively appear to be young. They raise the possibility that Plaintiff may have gone to websites that did not describe the models as verified adults, on other unrelated occasions.

Verizon now seeks production of every adult image stored on all electronic devices from January 2022 to present. This discovery request is not calculated to seek relevant evidence.

Plaintiff has alleged, with specificity, that Defendant's communicated two separate false defamatory statements against him. (see generally ECF 59)  The Amended Complaint and Proposed Second Amended Complaint make specific allegations regarding the substance of the defamatory statements contained in the October 29, 2022 CyberTip report and the January 25, 2023 CyberTip report. These reports described two specific images. Plaintiff has alleged that the statements contained in these reports were defamatory, false, baseless and communicated with actual malice.

There is no relevant information that could be contained in other images, which were not the subject of a CyberTip report or criminal charges.  The issues in this case are limited to the allegations and defense raise by the pleadings. Specifically, (1) did the Defendants communicate false and defamatory statements in the October 29, 2022 and January 25, 2023 CyberTip reports and (2) were those CyberTip reports supported by actual knowledge of facts or circumstances of CSAM or (3) communicated with a reckless disregard for the truth of the information contained in the CyberTips.

Other adult images or content are not probative of any issue in this case. In other words, they will not tend to prove or disprove whether the subject images were CSAM or apparent CSAM. Likewise, there is no reasonable argument that

5

other adult images, websites or web searches would constitute facts and circumstances which warranted the subject Cybertips. Other adult content will not illuminate anything about the conduct of Defendants in making these Cybertip reports.

Other adult content would not be probative of any relevant conduct on Plaintiff's part. There is no dispute that he possessed the subject images. Beyond this, it is simply not relevant what websites or search terms Plaintiff might have used to search any and all topics of thought for the years that have been requested by Verizon. The same is true of text messages and communications regarding adult content sought in the Subpoena. The request is both overbroad and not calculated to seek relevant evidence.

What mobile applications were on Mr. Lawshe's phone or what information may have been deleted during the requested time period is also overbroad and irrelevant to any issue presented.

A unique feature of this case is that the information sought, the forensic download, would not have existed but for the erroneous CyberTip reports of the Defendants. As an Electronic Service Provider, Defendants have already had the opportunity to scan every single image that Plaintiff downloaded to his phone. The subject two images were the only ones that generated CyberTip reports. Moreover, St. John's County Sheriff's office has already had the opportunity to review all of the images on all of his electronic devices, searching for illegal content. There is no CSAM on Plaintiff's devices and the fact that he continues to

have to say this is evidence of how catastrophically his reputation has been damaged.

This request is a fishing expedition. It is overbroad and not tailored to seek the discovery of relevant evidence. Furthermore, it is designed to embarrass and harass Mr. Lawshe.  Verizon is not entitled to discovery on the above listed items: 1, 2, 3, 4, 6, 10, 11.  The subpoena should be quashed with respect to data/documents in request no.2.

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that he met and conferred with counsel for Verizon regarding the subject of the current Motion to Quash. The meeting occurred by zoom on September 18, 2025. Verizon opposes the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 22, 2025 and the foregoing document is being served this day on all counsel or parties of record.

>   */s/ Michael K. Roberts*
>   **Michael K. Roberts, Esquire**
>   Florida Bar No. 00779741
>   1680 Emerson Street
>   Jacksonville, FL 32207
>   (904) 398-1992
>   mroberts@nrhnlaw.com
>   Attorney for Plaintiff

7