**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

      Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

---

## NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that Defendant Verizon Communications Inc. has issued and intends to serve the attached subpoena duces tecum on the St. John's County Sheriff's Office.

Date: September 12, 2025

/s/ *Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937
Email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile:  (202) 706-5298

*Attorney for Defendant*
*Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served this day on all counsel or parties of record on the Service List below, via email, on September 12, 2025.

/s/ *Nury Siekkinen*
Nury Siekkinen

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

BOND, SCHOENECK & KING, PLLC
Andrew H. Reiss, Esq.
Northern Trust Building, Suite 105
4001 Tamiami Trail
North Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com

*Counsel for Defendant Synchronoss Technologies, Inc.*

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| William Lee Lawshe | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 24-cv-00137 |
| Verizon Communications Inc. and Synchronoss Technologies, Inc. | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
St. John's County Sheriff's Office
4015 Lewis Speedway
St. Augustine, FL 32084

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See the attached Rider.

| | |
|---|---|
| Place: First Legal Records c/o Pro Process Courier<br>7035 Philips Highway, Suite 18<br>Jacksonville, FL 32216 | Date and Time:<br>September 26, 2025 |

NOTE: You may produce elctronically in lieu of physical production as detailed in the Rider.

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 11, 2025
_____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | [signature] |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant, Verizon Communications Inc. _____ , who issues or requests this subpoena, are:
Nury A. Siekkinen, nury@zwillgen.com, 202-296-3585

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-00137

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER

## DEFINITIONS

1. The term "Lawshe" refers to Plaintiff William Lee Lawshe and any person or entity acting on his behalf.

2. The term "Verizon" refers to Defendant Verizon Communications Inc. and any person or entity acting on its behalf.

3. The terms "You" and "Your" refer to the St. Johns County Sheriff's Office and any person or entity acting on its behalf.

4. The terms "Document" and "Documents" have the broadest possible meaning, and include any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, any electronically stored information ("ESI") stored on any computer, network, or electronic media, which includes, but is not limited to, active files, deleted files, or fragmentary files. The terms also include, without limitation, the original and each draft version, regardless of origin and location, of any book, pamphlet, periodical, letter, facsimile, memorandum (including memorandum or report of a meeting or conversation), screenshot, invoice, bill order form, receipt, financial statement, accounting entry, diary, calendar, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, drawing, sketch, graph, list, tape, photograph, video, electronic mail, computer file or disk, or any other written, recorded, transcribed taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody, or control. The terms "Document" and "Documents" also mean an authentic copy where the original is not in Your possession or control and every copy of a Document that is not an identical copy of the original.

5. The terms "Communication" or "Communications" mean any transfer of information, ideas, opinions, inquiries or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file and other writings reflecting communications. For the avoidance of doubt, the terms "Communication" and "Communications" include all types of electronically stored information, including emails, voicemails, Teams messages, text or iMessage messages, messages sent via WhatsApp, Signal or any other messaging application, posts to websites, Slack posts or direct messages, and/or posts or direct messages sent using other social media platforms.

6. The term "Criminal Action" refers to the criminal investigation and prosecution of Lawshe associated with *State of Florida v. William Lee Lawshe* (known as Case No. CF2300516 or 2023-CF-000516).

7. The term "Reflecting" includes evidencing, indicating, showing, providing examples of, providing support for, or providing proof of.

8. The terms "Relating to," "Concerning," or "Regarding" refer to constituting, analyzing, supporting, reflecting, describing, discussing summarizing, referring to, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, regarding, or alluding to, in whole or in part.

**<u>INSTRUCTIONS</u>**

1. These Requests for Documents cover all Documents and information in Your actual or constructive possession, custody, or control.

2. If any Document or other material responsive to these Requests for Documents was, but no longer is, in Your possession, custody, or control, or was known to You but is no longer in existence or within Your custody, state whether it is (a) missing or lost, (b) destroyed, (c) transferred (voluntarily or involuntarily) to others, or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the Document or other responsive material, who authorized the action taken, who carried out the action, and the date of the action.

3. If You withhold any Document or refuse to disclose any information responsive to these Requests for Documents on the basis of privilege or another rule of law protecting such Document or information from disclosure, state the basis for the privilege or other protection claimed, and describe the Document or information which You claim is privileged, including the date(s) of the Document or Communication, the author(s) of the Document or the parties in the Communication (whether written or oral), and a general description of the subject matter.

4. These Requests for Documents shall not be deemed to call for identical copies of Documents. A Document with notes, annotations, or marks (written or electronic) is not deemed identical to one without such notes, annotations, or marks. Words used in the plural shall be interpreted to include the singular, and words used in the singular shall be interpreted to include the plural. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

5. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request for Documents all Documents and information that might otherwise be deemed outside the scope.

6.  For any term used herein that is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests for Documents shall be resolved so as to construe these Requests as broadly as possible.

7.  As noted in the Subpoena, you may produce responsive documents electronically through a secure means agreed upon by You and Verizon's counsel.

**RELEVANT TIME PERIOD**

Unless otherwise noted, all Requests seek Documents and information from the period of January 1, 2022 – Present.

**REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1.**

Documents and Communications Concerning the forensic investigation of Lawshe's digital devices (including mobile phones, laptops, computers, tablets, and other similar devices) and/or digital accounts (including email, cloud storage, social media, and other web-based platforms) in connection with the Criminal Action.

**DOCUMENT REQUEST NO. 2.**

Documents sufficient to show the full and complete extraction of data from Lawshe's digital devices and/or accounts performed in connection with the Criminal Action, including but not limited to all files and data extracted from any of Lawshe's digital devices (including mobile phones, laptops, computers, tablets, and other similar devices) and/or from Lawshe's digital accounts (including email, cloud storage, social media, and other web-based platforms) .