UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

    Plaintiff,

v.                                  Case No. 3:24-CV-00137-MMH-LLL

**VERIZON COMMUNICATIONS, INC.,**
a Delaware Corporation, and
**SYNCHRONOSS TECHNOLOGIES, INC.,**
a Delaware Corporation

    Defendants.
_____/

### NON-PARTY ST. JOHNS COUNTY SHERIFF'S OFFICE'S MOTION FOR PROTECTIVE ORDER

Non-party St. Johns County Sheriff's Office, by and through undersigned counsel, and pursuant to *Rule* 26(c), Federal Rules of Civil Procedure, hereby moves for a Protective Order regarding the attached subpoena for records. *See* Verizon Communications Inc.'s Subpoena to Produce Documents dated September 11, 2025, attached hereto as **Exhibit 1**.

As this Court is aware, Plaintiff has two cases pending in this division related to his arrest for possession of child sexual abuse material ("CSAM") – the instant case, as well as Case No. 3:24-cv-00044-MMH-MCR. Undersigned counsel for the St. Johns' County Sheriff's Office also represents St. Johns County Sheriff's Office Detective Mikayla Preston in Case No. 3:24-cv-00044-MMH-MCR.

Through its subpoena, Verizon seeks production of documents concerning the

forensic investigation of Plaintiff's digital devices as part of the St. Johns County Sheriff's Office's criminal investigation of Plaintiff. **Exhibit 1**, p. 8. This would include the Cellebrite extraction of Plaintiff's cell phone, which, in turn, would include the images for which Plaintiff was criminally charged [Case No. 3:24-cv-00044-MMH-MCR, ECF No. 93-2, 93-3, 93-4], as well as thousands of other images depicting individuals of indeterminate ages. *See*, e.g., Case No. 3:24-cv-00044-MMH-MCR, ECF No. 86-8, p. 67. Detective Preston (and others) have opined that the images for which Plaintiff was criminally charged comprise CSAM. Of course, Plaintiff disagrees. However, because it is at least possible that the charged images (and perhaps others) might comprise CSAM, the Sheriff's Office has an interest in not disclosing these images without proper protocols in place.

The Sheriff's Office respectfully requests that this Court only permit production of the requested forensic investigation documents with a proper Protective Order in place providing whatever conditions and restrictions the Court deems appropriate to comply with applicable law.

The Sheriff's Office is aware of a Motion to Quash that has been filed by Plaintiff wherein Plaintiff represents that the parties (Plaintiff and Verizon) have agreed to "narrow[] the scope of the request" to certain subcategories of documents that may be part of the Sheriff's Office's forensic examination of Plaintiff's cell phones. ECF No. 75, p. 2. Presuming that Plaintiff's representation is true, if the Court limits the scope to the subcategories of documents described in Plaintiff's motion, and subsequently orders the Sheriff's Office to comply with the subpoena, the Sheriff's

2

Office would be placed in the unenviable position of having to review each message, email, note, or other document extracted from Plaintiff's cell phones during the forensic examination to determine if they meet one or more of the descriptions provided. This would be terribly burdensome for a non-party, and disproportional to the needs of this case. Similarly, any requirement that the Sheriff's Office redact all images or videos depicting nudity, pornography, or sexual activity (which number in the thousands) would also be unduly burdensome.

If the Court orders production of the documents concerning the forensic investigation of Plaintiff's digital devices, the Sheriff's Office can make arrangements for an authorized individual or entity to review the responsive documents at the Sheriff's Office, or arrange for delivery of a hard drive containing same to an authorized recipient identified by the Court. However, the Sheriff's Office would respectfully request that the Court not burden this non-party with the task of reviewing thousands of documents for responsiveness or redacting thousands of images.

## MEMORANDUM OF LAW

"In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c)." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987). "Rule 26(c) allows the issuance of a protective order if 'good cause' is shown." *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989). In addition to showing good cause, a district court must balance the competing interests. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

"'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356. Here, good cause is shown for a protective order because the Sheriff's Office has a legitimate interest in not disclosing images of potential CSAM, though may be relevant to the instant litigation, without proper protocols in place. Additionally, the Sheriff's Office has shown good cause to not be burdened by having to comb through thousands of documents to determine their responsiveness as a non-party in this case.

For these reasons, Non-party St. Johns County Sheriff's Office respectfully requests entry of a protective order providing whatever conditions and restrictions the Court deems appropriate to comply with applicable law, and permitting the production of the complete extraction of Plaintiff's cell phones.

## LOCAL RULE 3.01(g) CONFERRAL

Undersigned counsel certifies that he conferred with counsel for Verizon via electronic mail between September 11, 2025, and September 24, 2025, regarding this issue. Counsel for Verizon does not oppose the entry of a Protective Order governing the disclosure of the requested documents.

Undersigned counsel certifies that he conferred with Plaintiff's counsel via electronic mail on September 22, 2025, regarding a potential motion to quash Verizon's subpoena. During that conference, Plaintiff's counsel stated that he would not object to a special master reviewing limited production, but he would object to the Sheriff's Office producing the entirety of the forensic examination.

Respectfully submitted this 26th day of September, 2025.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
Email: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Non-Party*
*St. Johns County Sheriff's Office*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of September, 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**