# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

    Plaintiffs,

v.

VERIZON COMMUNICATIONS INC., a Delaware Corporation, and SYNCHRONOSS TECHNOLOGIES, INC., a Delaware Corporation,

    Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

## DECLARATION OF NURY SIEKKINEN IN SUPPORT OF VERIZON COMMUNICATIONS INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH AND RESPONSE TO NONPARTY ST. JOHNS COUNTY SHERIFF'S OFFICE'S MOTION FOR PROTECTIVE ORDER

I, Nury Siekkinen, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney in the law firm of ZwillGen PLLC, a member of the Bar of the state of Florida, and admitted to practice before this Court. I am counsel for Defendant Verizon Communications Inc. ("Verizon") in this action. I make this declaration under 28 U.S.C. § 1746 based on my own personal knowledge and my review of the relevant correspondence and materials in this matter. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Attached hereto as **Exhibit A** are excerpts from a true and correct copy of the transcript of Synchronoss Technologies, Inc. witness Cara Blaszka in this case.

3. Attached hereto as **Exhibit B** is a true and correct copy of Verizon's first set of Requests for Production ("RFP") to Plaintiff, which Verizon served on Plaintiff on June 27, 2025.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's responses and objections to Verizon's first set of RFPs to Plaintiff, which Plaintiff served on Verizon on July 30, 2025.

5. Attached hereto as **Exhibit D** is a true and correct copy of a letter, dated September 11, 2025, from the undersigned to Plaintiff's counsel regarding Plaintiff's responses to Verizon's discovery requests.

6. Attached hereto as **Exhibit E** is a true and correct copy of an email chain among counsel for Verizon, Defendant Synchronoss Technologies, Inc., and Plaintiff, with messages between September 11, 2025 and September 20, 2025 concerning discovery-related matters, including Verizon's subpoena to the St. Johns County Sheriff's Office ("SJSO").

7. On September 18, 2025, counsel for Verizon and Plaintiff conferred virtually about Verizon's subpoena to the SJSO, Verizon's related RFPs to Plaintiff, and Plaintiff's anticipated motion to quash Verizon's subpoena. Verizon's counsel agreed not to seek certain categories of information from a forensic extraction of Plaintiff's devices and stated they would revert with a proposal for potentially withdrawing the subpoena if Plaintiff agreed to a framework whereby a neutral third party would exfiltrate agreed-upon categories of information from Plaintiff's devices,

as produced by Plaintiff, and share them with Verizon. On September 20, Verizon memorialized this proposal in an email included within **Exhibit E**. Plaintiff did not respond to Verizon's September 20 email before filing his motion to quash on September 22, 2025. *See* ECF 75.

8. Attached hereto as **Exhibit F** are excerpts from a true and correct copy of the transcript of Plaintiff William Lee Lawshe's deposition, taken in Plaintiff's companion case, *Lawshe v. Hardwick ("Hardwick")*, No. 3:24-cv-00044 (M.D. Fla.). The full deposition transcript is available at *Hardwick*, ECF 86-8 (Sept. 12, 2025).

9. Attached hereto as **Exhibit G** are excerpts from a true and correct copy of the transcript of Sergeant Eugene Tolbert's deposition, taken in *Hardwick*. The full deposition transcript is available at *Hardwick*, ECF 86-4 (Sept. 12, 2025).

10. Attached hereto as **Exhibit H** are excerpts from a true and correct copy of the transcript of Detective Mikayla Preston's deposition, taken in *Hardwick*. The full deposition transcript is available at *Hardwick*, ECF 86-5 (Sept. 12, 2025).

11. Attached hereto as **Exhibit I** is a true and correct copy of Plaintiff's responses to Verizon's first set of Interrogatories to Plaintiff, which Plaintiff served on Verizon on July 30, 2025.

12. Verizon is prepared to retain as its expert PNG-Cyber, https://www.png-cyber.com/, which has over 30 years of expertise in cyber forensics matters, to abide by the protocol for reviewing the forensic extractions of Plaintiff's devices that Verizon has proposed in its opposition to Plaintiff's motion to quash.

13. Attached hereto as composite **Exhibit J** are true and correct copies of the resumes of PNG-Cyber investigators whom Verizon expects to participate in the proposed review.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 6, 2025        /s/ *Nury Siekkinen*
Nury Siekkinen
Florida Bar No. 1015937
Email: nury@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

*Attorney for Defendant*
*Verizon Communications Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 6, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Nury Siekkinen*
Nury Siekkinen

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

BOND, SCHOENECK & KING, PLLC
Andrew H. Reiss, Esq.
Northern Trust Building, Suite 105
4001 Tamiami Trail
North Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com

*Counsel for Defendant Synchronoss Technologies, Inc.*