# Exhibit B

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC., a Delaware Corporation,

        Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

## DEFENDANT VERIZON COMMUNICATIONS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Verizon Communications Inc. ("Verizon"), by its undersigned counsel, request that Plaintiff Willam Lee Lawshe ("Plaintiff") produce for inspection and copying the items requested herein that are in Plaintiff's possession, custody, or control. The production and inspection shall take place at ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, DC 20036 or some other mutually agreed upon location within thirty (30) days of service of these Requests. These Requests for Production are intended to be continuing in nature and should be supplemented, as required, pursuant to Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

1. The terms "You" or "Your" refer to Plaintiff William Lee Lawshe and any person or entity acting on his behalf.

2. The term "Document(s)" refers to the broadest possible meaning, and includes any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, any electronically stored information ("ESI") stored on any computer, network, or electronic media, which includes, but is not limited to, active files, deleted files, or fragmentary files. The terms also include, without limitation, the original and each draft version, regardless of origin and location, of any book, pamphlet, periodical, letter, facsimile, memorandum (including memorandum or report of a meeting or conversation), screenshot, invoice, bill order form, receipt, financial statement, accounting entry, diary, calendar, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, drawing, sketch, graph, list, tape, photograph, video, electronic mail, computer file or disk, or any other written, recorded, transcribed taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody, or control. The terms "Document" and "Documents" also mean an authentic copy where the original is not in Your possession or control and every copy of a Document that is not an identical copy of the original.

3. The term "Social Media Website" refers to any website, or the mobile application version of the same, providing an online platform in which users can create and share content, view content created by others, interact with others, and

/or build online communities. Examples include, but are not limited to, Facebook, Instagram, Twitter/X, Reddit, Pinterest, Discord, and 4chan.

4. The term "Media Website" refers to any website, or the mobile application version of the same, that offers audio visual material to its users. Examples include, but are not limited to, both general use sites YouTube, Vimeo, and DailyMotion, and adult websites such as Pornhub, OnlyFans, and XVideos.

5. The term "Cloud Storage" refers to a remote data storage service that offers users the ability to save files on servers which users can access over a network such as the Internet. Examples include, but are not limited to, Verizon Cloud, iCloud, Dropbox, and Google Drive.

6. The term "October Image" refers to the image Verizon allegedly reported to NCMEC on or about October 29, 2022, as alleged in Paragraph 81 of the SAC.

7. The term "January Image" refers to the image Verizon allegedly reported to NCMEC on or about January 25, 2023, as alleged in Paragraph 83 of the SAC.

8. The Term "SAC" refers to the operative Second Amended Complaint in this matter, ECF No. 39.

9. The term "Criminal Information" refers to the Criminal Information in *State of Florida v. William Lee Lawshe*, filed in this proceeding at ECF No. 27-2.

10. The term "*Hardwick* Action" refers to the litigation *William Lee Lawshe v. Robert Hardwick, et al.*, Case 3:24-cv-00044-MMH-MCR, United States District Court for the Middle District of Florida.

11. The term "Reflecting" means evidencing, indicating, showing, providing examples of, or revealing, in whole or in part.

12. The terms "Relating to," "Concerning," or "Regarding" means constituting, analyzing, supporting, reflecting, describing, discussing, summarizing, referring to, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, regarding, or alluding to, in whole or in part.

13. The term "Communication" refers to any oral, written, or electronic utterance, notation, message, or statement of any nature whatsoever, draft or final, formal or informal, potential or actual, whereby information of any nature is stated, recorded, or in any manner transmitted or transferred, including, but not limited to, in correspondence (written or electronic), direct messages, social media posts, text messages, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements and any other understandings between two or more persons.

14. The term "Verizon" refers to Verizon Communications Inc.

15. The term "Defendants" refers to Verizon Communications Inc. and Synchronoss Technologies, Inc.

16. The term "NCMEC" refers to the National Center for Missing or Exploited Children.

4

## **INSTRUCTIONS**

1. These Requests for Documents are continuing in nature and require You to provide supplemental Documents and/or information promptly when discovered.

2. These Requests for Documents cover all Documents and information in Your actual or constructive possession, custody, or control.

3. If any Document or other material responsive to these Requests for Documents was, but no longer is, in Your possession, custody, or control, or was known to You but is no longer in existence or within Your custody, state whether it is (a) missing or lost, (b) destroyed, (c) transferred (voluntarily or involuntarily) to others, or (d) disposed of in some other manner. In each instance, explain in detail the circumstances surrounding the disposition of the Document or other responsive material, who authorized the action taken, who carried out the action, and the date of the action.

4. If You withhold any Document or refuse to disclose any information responsive to these Requests for Documents on the basis privilege or another rule of law protecting such Document or information from disclosure, state the basis for the privilege or other protection claimed, and describe the Document or information which You claim is privileged, including the date(s) of the Document or Communication, the author(s) of the Document or the parties in the Communication (whether written or oral), and a general description of the subject matter.

5.  These Requests for Documents shall not be deemed to call for identical copies of Documents. A DOCUMENT with notes, annotations, or marks (written or electronic) is not deemed identical to one without such notes, annotations, or marks. Words used in the plural shall be interpreted to include the singular, and words used in the singular shall be interpreted to include the plural. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

6.  The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request for Documents all responses that might otherwise be deemed outside the scope.

7.  For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests for Documents shall be resolved so as to construe these Requests as broadly as possible.

## RELEVANT TIME PERIOD

Unless otherwise noted, all requests seek documents and information from the period of January 1, 2022 – Present.

# REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1.**

Documents sufficient to show any and all (1) search functionalities, (2) search histories and/or (3) search terms, whether saved in a web browser or in any account belonging to You (e.g., a Google account), including in connection with any search engines (e.g., Google, Bing), internal search tools of a website (such as the search feature on Amazon.com for all Amazon pages), software applications, Internet fora, social media platforms, or other electronic methods, that You have used or undertaken in any attempt to view, access, or obtain photos or videos.

**DOCUMENT REQUEST NO. 2.**

Documents sufficient to show every Cloud Storage account that You have used.

**DOCUMENT REQUEST NO. 3.**

All video and/or image files stored on any Cloud Storage account to which You have access.

**DOCUMENT REQUEST NO. 4.**

All video and/or image files stored on any device to which You have access.

**DOCUMENT REQUEST NO. 5.**

All video and/or image files uploaded by You to any website.

**DOCUMENT REQUEST NO. 6.**

All video and/or image files shared by You via email, Cloud Storage, direct message, or any file transfer protocol.

**DOCUMENT REQUEST NO. 7.**

Documents sufficient to show the location of each file produced in response to Requests 4 through 7.

**DOCUMENT REQUEST NO. 8.**

Documents sufficient to show every Social Media Website or Media Website account You have created, including the provider (e.g., Facebook) and the account identified (e.g., www.facebook.com/johnsmith) for each account.

**DOCUMENT REQUEST NO. 9.**

Documents sufficient to show all applications that purport to assist in concealing, masking, obfuscating, disguising, or otherwise misrepresenting the identity of your computer, browser, Internet Protocol (IP) address, phone number, or mobile phone that were installed on any device owned or operated by You at any time in the last five years.

**DOCUMENT REQUEST NO. 10.**

A full image backup of each mobile phone and computer owned or operated by You.

**DOCUMENT REQUEST NO. 11.**

All Documents Reflecting where and how You obtained each of the October Image, the January Image, and the three images described in the Criminal

8

Information, including but not limited to all Documents Reflecting any search queries you entered on any website, or any Internet message boards, fora, social media platforms, file exchange services, or Dark Web addresses you visited in the process of seeking, identifying, and/or obtaining any of those Images.

**DOCUMENT REQUEST NO. 12.**

Documents sufficient to show the age of each individual depicted in each of the images described in the Criminal Information, at the time each of those photos were taken.

**DOCUMENT REQUEST NO. 13.**

Documents sufficient to show the "water mark" or marks in the October Image and the January Image, as alleged in the Second Amended Complaint.

**DOCUMENT REQUEST NO. 14.**

All Documents You are relying on in alleging that the website www.met-art.com complies with federal law regarding age verification.

**DOCUMENT REQUEST NO. 15.**

All documents You are relying on in alleging that Defendants have made a "complete abdication of responsibility, indifference to the truth of their accusations and disregard for the consequence of their actions" as to reporting of CSAM.

**DOCUMENT REQUEST NO. 16.**

Copies of all document productions You have produced in the *Hardwick* Action (i.e., as-produced, Bates-stamped versions of all such documents).

9

**DOCUMENT REQUEST NO. 17.**

All Documents produced to You in the *Hardwick* Action.

**DOCUMENT REQUEST NO. 18.**

All of Your responses to any interrogatories in the *Hardwick* Action.

**DOCUMENT REQUEST NO. 19.**

All of Your responses to any requests for admission in the *Hardwick* Action.

**DOCUMENT REQUEST NO. 20.**

Complete transcripts of all depositions taken by any party in the *Hardwick* Action.

**DOCUMENT REQUEST NO. 21.**

Documents showing all court orders mentioning or otherwise Relating To You.

**DOCUMENT REQUEST NO. 22.**

All criminal records Relating To You.

**DOCUMENT REQUEST NO. 23.**

Documents sufficient to show all cases in any state or federal court to which You were a party.

**DOCUMENT REQUEST NO. 24.**

All Documents Reflecting any physical, mental, or emotional harm, including but not limited to "loss of ability to enjoy life," that You have experienced as a result of the actions by Defendants that are alleged in the SAC.

**DOCUMENT REQUEST NO. 25.**

Documents sufficient to show all images or videos you viewed on any Adult Media Website.

**DOCUMENT REQUEST NO. 26.**

All Documents and Communications regarding the October Image, the January Image, or the three images described in the Criminal Information.

**DOCUMENT REQUEST NO. 27.**

Documents sufficient to show when each of the photographs described in the Criminal Information were originally taken.

**DOCUMENT REQUEST NO. 28.**

Documents sufficient to show Your annual income in the years 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, and 2025.

**DOCUMENT REQUEST NO. 29.**

Documents sufficient to show all physical media in Your possession, custody, or control that contains nudity or depictions of sexual activity of any kind.

**DOCUMENT REQUEST NO. 30.**

Documents sufficient to show all attempts You have made to obtain or retain employment of any kind, including but not limited to part-time, full-time, salaried, contract, or hourly employment of any kind, since April 12, 2023.

**DOCUMENT REQUEST NO. 31.**

All Documents and Communications regarding pornography depicting, purporting to depict, or pretending to depict individuals under 18 years of age.

**DOCUMENT REQUEST NO. 32.**

All Documents and Communications regarding any medical diagnosis, prescription, or advice Relating To Your sexual health, erectile dysfunction, or sexual activity.

**DOCUMENT REQUEST NO. 33.**

All Documents from the "criminal file" for Your prosecution in *State of Florida v. William Lee Lawshe*, "as produced during discovery."

Dated: June 27, 2025                                Respectfully submitted,

**ZWILLGEN PLLC**

*Attorneys for Verizon Communications, Inc.*

By: /s/ Nury Siekkinen
Nury Siekkinen
Florida Bar No. 1015937
1900 M Street NW, Suite 250
Washington, DC 20036
nury@zwillgen.com

## CERTIFICATE OF SERVICE

I certify that on June 27, 2025 a true and accurate copy of the foregoing document has been served on all counsel of record identified on the Service via electronic mail:

                                         /s/ Nury Siekkinen
                                         Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*