# Exhibit C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.                                            Case No. 3:24-cv-00137-MMH-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

      Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT VERIZON COMMUNICATIONS, INC'S REQUEST FOR PRODUCTION**

Plaintiff, by and through the undersigned counsel, hereby responds to the Defendant's Request for Production as follows:

1. **Documents sufficient to show any and all (1) search functionalities, (2) search histories and/or (3) search terms, whether saved in a web browser or in any account belonging to You (e.g., a Google account), including in connection with any search engines (e.g., Google, Bing), internal search tools of a website (such as the search feature on Amazon.com for all Amazon pages), software applications, Internet fora, social media platforms, or other electronic methods, that You have**

**used or undertaken in any attempt to view, access, or obtain photos or videos.**

Objection, vague and ambiguous. We do not understand the terms or terminology that you are referring to and don't understand what document would show a "search functionalities." Also, there is no indication of what devise or types of devises you are referring to. This is also overbroad as its not limited by time or type of document.  For instance, does this RTP request program software code, or user licensing agreements?  Finally, to the extent that it seeks to discovery as to how or what Plaintiff has searched, this RFP is not calculated to seek admissible evidence. The Plaintiff's search history for any topic, including pornography is not I any way relevant or likely to lead to the discovery of admissible evidence.

2. **Documents sufficient to show every Cloud Storage account that You have used.**

Objection. This is not limited in time or scope.  Additionally, it is in no way calculated to seek admissible evidence. There is no connection between other accounts and the allegations in this complaint.  Notwithstanding this objection, I assume that there were other cloud accounts but I would not have the ability to identify work (FWC) cloud accounts.  Also, if my

personal phone was backed up by another cloud account – that cloud account did not falsely report me for child pornography. Discovery ongoing.

3. **All video and/or image files stored on any Cloud Storage account to which You have access.**

   Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

4. **All video and/or image files stored on any device to which You have access.**

   Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

5. **All video and/or image files uploaded by You to any website.**

   Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

6. **All video and/or image files shared by You via email, Cloud Storage, direct message, or any file transfer protocol.**

   Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

7. **Documents sufficient to show the location of each file produced in response to Requests 4 through 7.**

   Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

8. **Documents sufficient to show every Social Media Website or Media Website account You have created, including the provider (e.g., Facebook) and the account identified (e.g., www.facebook.com/johnsmith) for each account.**

   Objection. This is not limited in time.

9. **Documents sufficient to show all applications that purport to assist in concealing, masking, obfuscating, disguising, or otherwise misrepresenting the identity of your computer, browser, Internet**

**Protocol (IP) address, phone number, or mobile phone that were installed on any device owned or operated by You at any time in the last five years.**

Objection, this question is in no way calculated to seek admissible evidence. There is no question that the images in the case were uploaded. Notwithstanding this objection - Law enforcement does use inscription but I don't have access to that information.

10. **A full image backup of each mobile phone and computer owned or operated by You.**

    Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

11. **All Documents Reflecting where and how You obtained each of the October Image, the January Image, and the three images described in the Criminal 9 Information, including but not limited to all Documents Reflecting any search queries you entered on any website, or any Internet message boards, fora, social media platforms, file exchange services, or Dark Web addresses you visited in the process of seeking, identifying, and/or obtaining any of those Images.**

You have represented that you have the images. Because you have not corrected the scanning process and procedure and the undersigned uses a service that may be related to Verizon – we will not send the images out of a credible fear that you may report us to NCMEC. See the documents produced in the criminal file. See also deposition transcripts from all detectives. Discovery is ongoing. Finally, to the extent that it seeks to discovery as to how or what Plaintiff has searched, this RFP is not calculated to seek admissible evidence. The Plaintiff's search history for any topic, including pornography is not in any way relevant or likely to lead to the discovery of admissible evidence.

12. **Documents sufficient to show the age of each individual depicted in each of the images described in the Criminal Information, at the time each of those photos were taken.**

    See attached.

13. **Documents sufficient to show the "water mark" or marks in the October Image and the January Image, as alleged in the Second Amended Complaint.**

    See answer to #11.

14. **All Documents You are relying on in alleging that the website www.metart.com complies with federal law regarding age verification.**

    See attached affidavit of Jeffery Douglas.

15. **All documents You are relying on in alleging that Defendants have made a "complete abdication of responsibility, indifference to the truth of their accusations and disregard for the consequence of their actions" as to reporting of CSAM.**

    Discovery is ongoing. However, see deposition of Cara Blaszka, All of Verizon's written documents filed in this case. This RFP calls for legal conclusions but see generally Answers to Intergorraties 1 and 2.

16. **Copies of all document productions You have produced in the Hardwick Action (i.e., as-produced, Bates-stamped versions of all such documents).**

    See attached. All criminal records or document related to the criminal investigation are confidential. The documents were not Bates Stamped.

17. **All Documents produced to You in the Hardwick Action.**

    See attached.

18. **All of Your responses to any interrogatories in the Hardwick Action.**

See attached

19. **All of Your responses to any requests for admission in the Hardwick Action.**

None

20. **Complete transcripts of all depositions taken by any party in the Hardwick Action.**

See attached.

21. **Documents showing all court orders mentioning or otherwise Relating To You.**

Objection. Not limited in time or scope. Overbroad – as a former law-enforcement officer this would be a nearly impossible task. Also – these court orders would be in no way relevant to this matter and therefore this requests seeks information which is not calculated to discovery admissible evidence.

22. **All criminal records Relating To You.**

    See criminal discovery file. (Confidential). Objection Overbroad – as a former law-enforcement officer this would be a nearly impossible task. Also – these court orders would be in no way relevant to this matter and therefore this requests seeks information which is not calculated to discovery admissible evidence.

23. **Documents sufficient to show all cases in any state or federal court to which You were a party.**

    I believe the previous produce documents are sufficient to show all cases where I have been a party.

24. **All Documents Reflecting any physical, mental, or emotional harm, including but not limited to "loss of ability to enjoy life," that You have experienced as a result of the actions by Defendants that are alleged in the SAC. 11**

    See medical records (Confidential). Also, the media coverage and social media posts are documents which support this claim.

25. **Documents sufficient to show all images or videos you viewed on any Adult Media Website.**

    Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

26. **All Documents and Communications regarding the October Image, the January Image, or the three images described in the Criminal Information.**

    Objection. This is not limited in time or scope. Every communication regarding this case and the criminal case would be included in the scope of this question. It obviously calls for attorney client privileged communications. However, Plaintiff has produced emails with the MetArt.com records custodian and the ASA in the underlying criminal case.

27. **Documents sufficient to show when each of the photographs described in the Criminal Information were originally taken.**

    Previously produced.

28. **Documents sufficient to show Your annual income in the years 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, and 2025.**

    See attached report of expert economist. This is confidential.

29. **Documents sufficient to show all physical media in Your possession, custody, or control that contains nudity or depictions of sexual activity of any kind.**

    Objection. This is not limited in time or scope. Additionally, it is in no way calculated to seek admissible evidence. The only images in question have been identified in the operative complaint and proposed amended complaint.

30. **Documents sufficient to show all attempts You have made to obtain or retain employment of any kind, including but not limited to part-time, full-time, salaried, contract, or hourly employment of any kind, since April 12, 2023.**

    Discovery ongoing.

31. **All Documents and Communications regarding pornography depicting, purporting to depict, or pretending to depict individuals under 18 years of age.**

    None.

32. **Documents and Communications regarding any medical diagnosis, prescription, or advice Relating To Your sexual health, erectile dysfunction, or sexual activity.**

    See attached medical records. These are confidential.

33. **All Documents from the "criminal file" for Your prosecution in State of Florida v. William Lee Lawshe, "as produced during discovery."**

    See attached. These are confidential.

Dated: July 30, 2025.

**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**

*/s/ Michael K. Roberts*

_____
**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
(904) 858-9943 facsimile
mroberts@nrhnlaw.com
Attorney for Plaintiff