# Exhibit E

| | |
|---|---|
| **From:** | Sudhir Rao |
| **To:** | Michael Roberts; Marc Zwillinger; Nury Siekkinen; Autumn Zepf; Reiss, Andrew |
| **Cc:** | Michael Bleicher |
| **Subject:** | Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL |
| **Date:** | Saturday, September 20, 2025 12:08:22 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Michael,

As Marc mentioned, we're confirming the Verizon 30(b)(6) deponent's availability during the week of 10/20 and will respond once we can offer concrete dates that week.  (We did not agree to 10/29 specifically as the date for Mr. Arenson's deposition; we'll respond with his availability that same week.)  Separately, you confirmed you would promptly produce outstanding documents responsive to Verizon's RFPs, except for the objection you raised about the forensic backups of Mr. Lawshe's devices.

As to that issue, Verizon's RFP No. 10 to Plaintiff calls for "[a] full image backup of each mobile phone and computer owned or operated by You."  Per our Thursday conversation, we propose narrowing that document request to exclude from the requested forensic backups certain categories of information that we can agree are irrelevant (set forth below*). (We did not agree that the forensic backups "would not be calculated to seek relevant evidence," since whether information is "calculated to seek relevant evidence" is not the standard for discoverability under FRCP 26(b)(1); material is discoverable so long as it is relevant, nonprivileged, and proportional to the needs of the case (*see id.*))  In turn, we are willing to have you turn over the unaltered forensic backups of Plaintiff's devices to a reputable third-party forensic consultant, who can extract data to limit the production to:

1. Search terms used for web searches
2. Websites visited, including subpages on those websites
3. Images and videos depicting nudity, pornography, or sexual activity of any kind
4. Documents (including messages, emails, and notes) and information related to the age, or seeming age, of any individual depicted in the images or videos in Category 3
5. Documents (including messages, emails, and notes) and information related to Plaintiff's sexual health
6. Documents (including messages, emails, and notes) and information related to pornography or pornographic material
7. Documents (including messages, emails, and notes) and information related to Plaintiff's alleged loss of employment or efforts to seek employment on account of Defendants' alleged actions
8. Documents (including messages, emails, and notes) and information related to any alleged emotional distress Plaintiff experienced on account of Defendants' alleged actions
9. Documents (including messages, emails, and notes) and information related to any alleged reputational harm Plaintiff experienced on account of Defendants' alleged actions

1

10. A list of all installed applications on the device
11. Information regarding data in any of the preceding categories that was deleted before the forensic backup was generated, and any such deleted data to the extent available

If you are amenable to having a neutral third-party promptly extract and produce the material described above (from, as noted, unaltered forensic backups of Plaintiff's devices) in response to party discovery, we can withdraw our subpoena to the St. Johns County Sheriff's Office. Otherwise, we will proceed to seek the backups from the Sheriff's Office through our outstanding subpoena so that we can undertake a similar extraction of relevant evidence with a reputable forensic provider we select. To the extent you move to contest the Sheriff's Office's production, it should be with this proposed protocol in mind. Please also note that in a court dispute over that subpoena, we would agree to only extract and use the materials described above. Furthermore, the parties' operative NDA would apply and prevent further disclosure of the materials.

Please let us know your position.

Best,
Sudhir, Marc, and Nury

*Documents and information Verizon does not seek from a forensic backup of Plaintiff's devices:

1. Passwords
2. Credit card numbers
3. Financial account numbers
4. Health information unrelated to this case or Plaintiff's sexual health
5. Personal communications unrelated in any way to this case or Plaintiff's allegations, to Plaintiff's sexual health, or to pornographic or sexually explicit material



**Sudhir Rao**
**Legal Director | ZwillGen PLLC**
183 Madison Ave, Suite 1601, New York, NY 10016
**Office:** +1 (646) 362-5590 **Pronouns:** he, him, his
Website | Twitter | LinkedIn

---

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Saturday, September 20, 2025 at 8:24 AM
**To:** Marc Zwillinger <Marc@zwillgen.com>, Sudhir Rao <Sudhir.Rao@zwillgen.com>, Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Michael Bleicher <michael.bleicher@zwillgen.com>

2

**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Thank you Marc - you are absolutely right about the date. It's the 20th not 13th.

I just need to do something by Monday on the Subpoena so let me know.

Get [Outlook for iOS](#)

---

**From:** Marc Zwillinger <Marc@zwillgen.com>
**Sent:** Friday, September 19, 2025 11:25 PM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Sudhir Rao <Sudhir.Rao@zwillgen.com>; Nury Siekkinen <nury@zwillgen.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Michael:

Thanks for the note. We will be back in touch with the proposed protocol/narrowing by tomorrow. It's not just about things getting busy, perhaps unlike your relationship with Mr. Lawshe, we have to work with our client on details like this. Also, I'm not so used to getting or sending work emails after 9 pm on a Friday night, so I was going to wait until the morning to finalize and send the protocol.

But we don't think your late night email correctly captures two of the topics we discussed. First, on dates, when you suggested we use the Oct. 13 date for the 30(b)(6), we specifically said that it was too soon to make sure we could produce the remainder of the relevant discovery for the 30(b)(6), and I suggested we do the 30(b)(6) the following week, the week of the 20th. We thought you had said that would be fine. We're trying to firm up the actual date that week.

Second, on the issue of the forensic image, I had thought we were discussing your obligation to produce materials from the forensic image in your possession, as called for by our first party discovery, in lieu of needing the backup from the Sheriff's office. When we asked for discovery from you, you raised the forensic image as something you weren't going to produce (we thought). In our view, the Sheriff's office is not best positioned to sort out material from the backup, but you are. The draft protocol we plan to send pertains to that. If we were to reach agreement on sorting the relevant materials from your copy of the backup (using a neutral third-party) we could pull back the subpoena to Sheriff's office. We'll send the proposal to you and you can let us know if we have any common ground.

3

More tomorrow.



**Marc J. Zwillinger**
**Managing Member & Founder | ZwillGen PLLC**
1900 M Street NW, Suite 250, Washington, DC 20036
**Direct:** 202-706-5202  **Pronouns:** he, him, his
Website | Twitter | LinkedIn

---

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Friday, September 19, 2025 at 9:07 PM
**To:** Sudhir Rao <Sudhir.Rao@zwillgen.com>, Siekkinen Nury <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, "Reiss, Andrew" <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Counsel -

Following up on our conference yesterday,  I was expecting an email from you today.  I certainly understand how things can get busy.

We agreed on several things.

First - you agreed to narrow the scope of the second item on your Subpoena.  Specifically you agreed that there was information which would be responsive to the request that would not be calculated to seek relevant evidence.

You asked for 24 hours to contemplate the scope of the request you would seek.  I will ask that at the very least you communicate with SJSO and ask them to pause their response, as you have agreed to modify the subpoena and will need to send a new subpoena in any event. This will allow you additional time to figure out what it is you will be seeking.

Second, we agreed that I will take a corporate representative deposition on Oct. 13 instead of Ethan Arenson. Ethan's deposition will be moved to Oct. 29th.   This corporate representative will be prepared to testify regarding the policy, procedures and practice of Verizon's CSAM reporting.

If there is anything I left out or you disagree with this summary - please let me know.  I will await your response on the Subpoena.

4

Michael

---

**From:** Sudhir Rao <Sudhir.Rao@zwillgen.com>
**Sent:** Wednesday, September 17, 2025 1:38 PM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Nury Siekkinen <nury@zwillgen.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Hi Michael,

Understood.  Does tomorrow afternoon at 3 or 3:30pm ET work?  We can discuss your motion to quash and depositions.

We still think it would be helpful to have your written response to our deficiency letter before we meet and confer.  Could you provide it by next Friday, 9/26?

Thanks,

Sudhir



**Sudhir Rao**

**Legal Director | ZwillGen PLLC**
183 Madison Ave, Suite 1601, New York, NY 10016
**Office:** +1 (646) 362-5590 **Pronouns:** he, him, his

Website | Twitter | LinkedIn

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Tuesday, September 16, 2025 at 6:38 PM
**To:** Sudhir Rao <Sudhir.Rao@zwillgen.com>, Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Hey Sudhir - yeah we should continue to litigate the case. I am available Thursday to discuss. I don't mind writing a response but logistically I can't be prepared in writing to meet your request by your requested deadline.

Also - we can follow up regarding the depositions. Have you all identified an employee who would have knowledge about the policy, procedures and practices of the CSAM scanning?

Get Outlook for iOS

---

**From:** Sudhir Rao <Sudhir.Rao@zwillgen.com>
**Sent:** Tuesday, September 16, 2025 6:16 PM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Nury Siekkinen <nury@zwillgen.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Hi Michael,

As we had noted previously, we're happy to stay discovery entirely pending the resolution of our

motion for reconsideration and your motion for leave to amend. If you agree, we would extend the deadline on the subpoena to the Sheriff's Office, which would obviate the need for you to rush to file a motion to quash. And we would likewise hold in abeyance any disputes arising from our September 11, 2025 discovery letter. Depositions also would be tabled.

If you remain opposed to a stay, however, we will continue to pursue discovery in the ordinary course, as it is only fair that we pursue discovery while you do as well. As to our September 11 discovery letter, we reiterate our request that you respond to it in writing before we meet and confer. The goal is simply to help streamline our discussion and potentially narrow the issues. As to your motion to quash, we can be available to meet and confer this Thursday or Friday. Please let us know what windows would work for you.

Thanks,

Sudhir



**Sudhir Rao**

**Legal Director | ZwillGen PLLC**
183 Madison Ave, Suite 1601, New York, NY 10016
**Office:** +1 (646) 362-5590  **Pronouns:** he, him, his

Website | Twitter | LinkedIn

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Monday, September 15, 2025 at 5:54 PM
**To:** Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Sudhir Rao <Sudhir.Rao@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Yes - let me know when you can discuss our motion to quash and your discovery letter.

7

Get Outlook for iOS

---

**From:** Nury Siekkinen <nury@zwillgen.com>
**Sent:** Monday, September 15, 2025 11:45:09 AM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Sudhir Rao <Sudhir.Rao@zwillgen.com>; Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Michael—

We can confirm the Subpoena was served as of Friday afternoon.

An objection such as this is not sufficient to nullify or otherwise limit the effect of the Subpoena. *Strike 3 Holdings, LLC v. Doe*, No. 8:24-CV-00470-MSS-AAS, 2024 WL 2702104, at *1 (M.D. Fla. May 24, 2024) (party's objection to non-party subpoena "has no effect on the non-party's obligation to respond to the subpoena"). If you intend to file a motion to quash or seek similar relief, we are willing to meet and confer under Local Rule 3.01(g).

Thank you.



**Nury Siekkinen**

**Counsel | ZwillGen PLLC**

1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5229

Website | Twitter | LinkedIn

8

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Friday, September 12, 2025 at 3:44 PM
**To:** Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Sudhir Rao <Sudhir.Rao@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Please see the attached Objection. Please let me know if you have served the Subpoena. If so, I will serve this objection on SJSO and ask them not to respond until the objection is resolved.

Also - let me know when you would like to confer on our objections.

Michael

---

**From:** Nury Siekkinen <nury@zwillgen.com>
**Sent:** Friday, September 12, 2025 11:02 AM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Sudhir Rao <Sudhir.Rao@zwillgen.com>; Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Michael—

As you know, we have withdrawn the prior notice and subpoena and re-served a new notice this morning in accordance with Rule 45 and the law in this district. You have plenty of time to file a motion to quash before the production date, which is the purpose of the notice requirement.

If you want to agree now to stay all discovery, we're happy to do that. Otherwise, we are pressing

9

forward unless and until the court grants our motion to stay.

Thank you,

Nury



**Nury Siekkinen**

**Counsel | ZwillGen PLLC**

1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5229

Website | Twitter | LinkedIn

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Friday, September 12, 2025 at 9:28 AM
**To:** Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Sudhir Rao <Sudhir.Rao@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Counsel - the Rule and relevant law requires you to give me notice prior to serving the subpoena. This allows time for objection. In Florida it's generally 10 days notice, although the federal rule does not specify a time. It has to be reasonable.

Therefore, I am objecting to you serving the subpoena today. Given time to more fully consider the substance, I may not object entirely to the requests. But I am objecting to you serving the subpoena today. I am out of town and was traveling when I received your email last night. I have three depositions today.

10

If this Notice is not withdrawn, I will file a motion to quash - therefore if you disagree please say so and I will inform the Court of your position regarding the motion.

Michael

Get [Outlook for iOS](#)

---

**From:** Nury Siekkinen <nury@zwillgen.com>
**Sent:** Friday, September 12, 2025 8:06:08 AM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Sudhir Rao <Sudhir.Rao@zwillgen.com>; Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Michael—

Please consider the Notice from yesterday withdrawn.

See the attached Notice and subpoena, which we intend to serve today.

Since there is no stay in place yet and since you are actively pursuing discovery, we will continue to proceed with discovery unless and until the Court grants our motion for a stay.

Thank you,

Nury

**Nury Siekkinen**

**Counsel | ZwillGen PLLC**

11



1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5229

Website | Twitter | LinkedIn

**From:** Michael Roberts <mroberts@nrhnlaw.com>
**Date:** Thursday, September 11, 2025 at 6:07 PM
**To:** Nury Siekkinen <nury@zwillgen.com>, Autumn Zepf <AZepf@nrhnlaw.com>, Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>, Sudhir Rao <Sudhir.Rao@zwillgen.com>, Michael Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Re: Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Counsel -

Your notice indicates that the subpoena has already been served. Can you confirm this? This is the first Notice I have received of your subpoena. Unless I have missed an earlier email.

Also - do I understand that you intend on conducting discovery despite your motion to stay?

Michael

Get Outlook for iOS

---

**From:** Nury Siekkinen <nury@zwillgen.com>
**Sent:** Thursday, September 11, 2025 5:11:47 PM
**To:** Michael Roberts <mroberts@nrhnlaw.com>; Autumn Zepf <AZepf@nrhnlaw.com>; Reiss, Andrew <areiss@bsk.com>
**Cc:** Marc Zwillinger <Marc@zwillgen.com>; Sudhir Rao <Sudhir.Rao@zwillgen.com>; Michael

12

Bleicher <michael.bleicher@zwillgen.com>
**Subject:** Lawshe v. Verizon - Civil Action No. 3:24-cv-00137- MMH-LLL

Dear Counsel,

Please see the attached.

Thank you,

Nury



**Nury Siekkinen**

**Counsel | ZwillGen PLLC**

1900 M Street NW Suite 250, Washington, DC 20036

**Office:** 202 296 3585 **Direct:** 202 706 5229

Website | Twitter | LinkedIn

13