# Exhibit D



1900 M Street NW, Suite 250   **Phone:** +1 202 296 3585
Washington, DC 20036   **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

September 11, 2025

**VIA EMAIL**

Michael K. Roberts
Law Offices of Nooney, Roberts, Hewett, and Nowicki
1680 Emerson Street
Jacksonville, FL 32207
T: (904) 398-1992
mroberts@nrhnlaw.com

**Re:**   *Lawshe v. Verizon Communications Inc.*, **No. 3:24-cv-00137-MMH-LLL (M.D. Fla.) / Plaintiff's Responses to Verizon's Discovery Requests**

Dear Mr. Roberts:

We write regarding several deficiencies in Plaintiff's responses to Verizon Communication Inc.'s ("Verizon") first sets of interrogatories, requests for admission ("RFAs"), and requests for production ("RFPs"). As discussed in more detail below, several of those responses are incomplete; others indicate that Plaintiff is withholding documents based on meritless objections. We ask that you provide a complete written response to this letter before we schedule any meet-and-confer.

**Deficient Interrogatory Responses**

- **Interrogatory 2**

Plaintiff's 11-subpart response to Interrogatory 2, which asks him to identify evidence supporting his allegation that Verizon knew or should have known Synchronoss was regularly making defamatory allegations, contains two incomplete subparts. Response 2(j) states "Verizons [*sic*] Process relies on near matches…" (ellipsis in original). And Response 2(k) simply states, "Montage." These answers are incomprehensible. Please provide amended responses that make clear what Plaintiff intended to say in subparts (j) and (k).

- **Interrogatory 6**

This Interrogatory asks Plaintiff to identify all evidence supporting his claim that "NCMEC CyberTip reporting schema asks providers to indicate whether the image or video they are

1

**ZwillGen**

1900 M Street NW, Suite 250    **Phone:** +1 202 296 3585
Washington, DC 20036    **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

reporting exists anywhere on the publicly accessible Internet." Plaintiff's response cites generically to the "Deposition of NCMEC Corporate Rep." Please identify the responsive portion of that deposition transcript and confirm if that testimony reflects "all" evidence Plaintiff has in response to this Interrogatory.

- **Interrogatory 8**

Plaintiff responded to this Interrogatory, which asks him to identify evidence supporting his claim that "all or substantially all of the content flagged by a 'hash match' was disclosed to NCMEC," with a statement that "[d]iscovery is ongoing." Please confirm that Plaintiff will timely supplement his response to this Interrogatory as he identifies such evidence.

- **Interrogatories 10 and 11**

Plaintiff's responses to these Interrogatories, which ask him to identify where he obtained the January and October Images, direct Verizon to a "watermark." However, during our in-person conversation of July 31, 2025, you also speculated that we have not seen the correct January and/or October Images when we told you we had not seen any such watermarks. For the avoidance of doubt, please produce images of the "watermarks." (There is no need to produce the entire photos.)

**Deficient RFA Responses**

Plaintiff says he is "[u]nable to admit or deny" RFA 2 because "[d]iscovery is ongoing." Please confirm that Plaintiff will timely supplement his response to RFA 2 when he has sufficient information to do so.

**Deficient RFP Responses**

Plaintiff confusingly objects to RFPs 1-10, 21, 25, 26, and 29 as "not limited in time." But Verizon's RFPs include a section titled "Relevant Time Period," which instructs: "Unless otherwise noted, all requests seek documents and information from the period of January 1, 2022 – Present." Accordingly, Plaintiff's objection is baseless and an insufficient basis to withhold documents. To the extent that Plaintiff has withheld discovery based on this objection, he must supplement his production, and we ask that he do so no later than September 22. *See, e.g.*, Pl.'s Response to RFP 8.

2

**ZwillGen**

1900 M Street NW, Suite 250
Washington, DC 20036

**Phone:** +1 202 296 3585
**Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

Additionally, none of Plaintiff's RFP responses indicate whether Plaintiff is withholding responsive documents on other grounds. It is black-letter law that:

> Plaintiff is required to provide an explicit list of the "nature of the documents withheld" due to an objection. Moreover, Fed. R. Civ. P. 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Thus, Rule 34 requires the Plaintiff to identify whether responsive materials are being withheld on the basis of any of Plaintiff's objections.

*Foster v. Fresh Mkt., Inc.*, 2018 WL 7357404, at *3 (M.D. Fla. Nov. 28, 2018); *see also Bethune-Cookman, Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, 2023 WL 7128897, at *3 (M.D. Fla. July 12, 2023) (a party "must clearly disclose the documents that they have produced . . . as required by Rule 26(e)"). Plaintiff must timely supplement his responses to all RFPs to indicate whether he is withholding documents, and we ask that he do so no later than September 22.

Next, Plaintiff incorrectly objects that RFPs 1-7, 9, 10, 11, 25, and 29, which seek documents related to Plaintiff's searches for, consumption of, and storage of visual media, are "in no way calculated to seek admissible evidence." Not so.

As an initial matter, Plaintiff misstates the standard for discovery, which is simply whether discovery is relevant to a claim or defense, nonprivileged, and proportional to the needs of the case. *See* Fed. R Civ. P. 26(b)(1). For approximately a decade, Rule 26 has not "require[d] that a discovery request be reasonably calculated to lead to the discovery of admissible evidence so long as the request otherwise falls within the scope of discovery." *Lorenzano v. Sys., Inc.*, 2018 WL 3827635, at *3 n.3 (M.D. Fla. Jan. 24, 2018). Fed. R. Civ. P. 26, Advisory Committee Notes, 2015 Amendment.

Beyond that, the identified RFPs plainly seek relevant material. Documents responsive to RFPs 1-7, 9, 10, 11, 25, and 29 would reveal whether Plaintiff searched for, viewed, stored, or shared material actually depicting or seeming to depict minors in sexual situations. Those documents, at a minimum, could constitute strong impeachment evidence and undermine any suggestion that Plaintiff encountered explicit material arguably involving minors only inadvertently or mistakenly. *Cf. Oasis Cap., LLC v. Nason, Yeager, Gerson, Harris & Fumero, P.A.*, No. 22-CV-81913, 2023 WL 6294880, at *2 (S.D. Fla. Sept. 26, 2023) (citation omitted) (emphasis added) (compelling plaintiff to provide evidence of loans made in the last five years and of which financing forms were filed for each loan as evidence of its pattern or practice).

**ZwillGen**

1900 M Street NW, Suite 250    **Phone:** +1 202 296 3585
Washington, DC 20036         **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

Plaintiff testified in his *Hardwick* deposition, for example, that he looked for "tasteful" materials that did not "demoralize" women (despite the January and October Images). *See Lawshe v. Hardwick*, 3:24-cv-00044-MMH-MCR (M.D. Fla.), Dep. of W. Lawshe at 56:22-24. He also described at least one website he visited as "an adult site for all intents and purposes" that featured "all models [who were] legal under the United States law." *Id.* at 53:16-19. He similarly testified that he "tried to stay with what [he] considered to be legitimate sites," namely, those that complied with relevant laws. *Id.* at 55:11-12. Not least, Plaintiff testified that, to the "[b]est of [his] memory," he only visited two websites, operated by Hegre Art and Met-Art, and did not recall having visited any others. *See id.* at 57:4-10. Documents, however, showing that Plaintiff sought out, viewed, and stored material on websites other than the two Plaintiff identified in his deposition or that actually or seemingly depicted minors in sexual situations would directly contradict Plaintiff's prior testimony.

In addition, other explicit media Plaintiff may have consumed—especially as they compare to the January Image—and Plaintiff's beliefs about whether that material depicted minors would bear on Plaintiff's allegation that January Image depicted an adult upon the "barest" of review (ECF 39 ¶ 44; ECF 59-1 ¶ 63). That is, if Plaintiff sought out or viewed images that Plaintiff believed depicted a minor and are similar to the January Image, that fact would support the reasonableness of Verizon's NCMEC report. And, of course, whether Verizon made that report reasonably, or instead with actual malice or recklessness, is squarely relevant to Plaintiff's defamation claim and arguments against Verizon's statutory immunity.

Beyond these issues, Plaintiff's responses and objections are deficient for at least the reasons described below.

- **RFP 1**

RFP 1 seeks documents showing how Plaintiff searched for photos and videos, like the January Image, on the Internet. Plaintiff objects that he cannot understand the RFP. For clarity, it seeks documents that show Plaintiff's use of search engines like Google to look for photos and videos, *as well as* any instances where Plaintiff used a website's internal search feature. For example, if Plaintiff has documents showing that he used Reddit's, YouTube's, or Pornhub's search bar to find images or videos on any of those sites, he must produce them. He should also produce documents reflecting the search *terms* he used on any search engine or tool. Plaintiff also objects that he would not know how to find such documents. Plaintiff can find and produce responsive documents by reviewing his search history and preserving any pages that reveal his use of a search feature or search terms. *See Lawshe v. Hardwick*, 3:24-cv-00044-MMH-MCR (M.D. Fla.), Dep. of W. Lawshe at 45:15-17 (Q: "Okay. Did you ever delete your search history?"  A: "Not that I

4



1900 M Street NW, Suite 250     **Phone:** +1 202 296 3585
Washington, DC 20036     **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

recall."); *id.* at 45:18-21 (Q: "Did you ever use a search engine or a browser that does not save your search history?"  A: "Didn't know that was possible. I'm not aware that I did.").

- **RFP 2**

RFP 2 seeks documents showing each cloud storage account Plaintiff has used. Plaintiff misses the point in arguing that he should not need to provide this discovery because no other "cloud account … falsely report[ed] me for child pornography." If Plaintiff stored the January or October Image, the other images described in his criminal information, or similar media in any other cloud locations, that would be highly relevant to this case. If, for example, Plaintiff *did* store the Images on another cloud account, and that account did *not* report them to NCMEC, that would be relevant to Verizon's defense and discoverable. And notwithstanding Plaintiff's objections, it is unclear whether Plaintiff has undertaken a reasonably diligent search and is withholding responsive documents. Concerningly, his response "assume[s] that there were other cloud accounts" and leaves open the possibility that his "personal phone *was* backed up by another cloud account" (emphasis added) but does not provide any further information. Please confirm whether Plaintiff is withholding responsive documents.

- **RFPs 3-7, 10, 29**

These RFPs collectively seek photos or videos Plaintiff uploaded to the Internet (including to any cloud storage account), shared via the Internet, accessed on any cloud storage account, stored on a device, or any physical media with nudity or sexual depictions that he possessed.[1] Plaintiff objects that the RFPs seek irrelevant material because the two Images that Verizon reported to NCMEC have been identified in the Complaint. As discussed above, that misses the point: if Plaintiff has stored, uploaded, or accessed other pornographic material purporting to depict underage or "barely legal" individuals, that evidence is relevant and discoverable for numerous reasons. *See Oasis Cap.*, *supra*, 2023 WL 6294880, at *2. Please confirm whether Plaintiff is withholding responsive documents.

---

[1] Including by seeking a full image backup of Plaintiff's mobile phone, *see* RFP 10, and any physical media in Plaintiff's possession, custody, or control containing nudity or depictions of sexual activity, *see* RFP 29.

**ZwillGen**

1900 M Street NW, Suite 250     **Phone:** +1 202 296 3585
Washington, DC 20036            **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

- **RFP 9**

This RFP seeks documents showing any applications Plaintiff used to disguise the identity of his devices while browsing the Internet. It is unclear if Plaintiff is withholding documents: his response states that "[l]aw enforcement does use inscription [*sic*] but I don't have access to that information," but he also objects that "[t]here is no question that the images in the case were uploaded." The objection is incomprehensible. Whether or not the images were uploaded, evidence that Plaintiff tried to mask his web browsing is relevant to whether he believed the January Image might be CSAM when he found it. It could also indicate whether he habitually sought potentially illegal media. Please confirm that Plaintiff is not withholding any documents or clarify the nature of Plaintiff's objection.

- **RFP 11**

This RFP seeks all documents reflecting how Plaintiff found the January and October Images, as well as the other images that formed the basis of his arrest. Plaintiff's objection that his "search history for . . . pornography is not in any way relevant or likely to lead to the discovery of admissible evidence" lacks merit. As discussed, if, for example, Plaintiff found either image by searching for "underage," "teenage," or "barely legal" pornography, that information could serve as potent impeachment evidence and would be highly relevant to the reasonableness of Verizon's report. Please confirm whether Plaintiff is withholding any documents based on this objection.

- **RFPs 16-20**

These RFPs seek all documents produced to, or by, Plaintiff in the *Hardwick* Action (whether from parties or third-parties), Plaintiff's responses to any interrogatories or requests for admission in the *Hardwick* Action, and complete transcripts of any deposition taken in that action. Plaintiff's responses to RFPs 16-18 and 20 direct Verizon to "[s]ee attached," but the files Plaintiff has produced do not appear to reflect a complete response to these requests. Plaintiff also responds that there have not been any requests for admission in *Hardwick*. Please produce all documents responsive to RFPs 16-18 and 20, including all such documents Plaintiff has acquired following his initial production in this case. Please also confirm that, if Plaintiff subsequently responds to any requests for admission in *Hardwick*, he will produce his responses to Verizon.

**ZwillGen**

1900 M Street NW, Suite 250    **Phone:** +1 202 296 3585
Washington, DC 20036    **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

- **RFPs 21 & 22**

These RFPs seek all court orders and criminal records mentioning or relating to Plaintiff. In light of Plaintiff's objection regarding his career in law enforcement, Verizon agrees to narrow these Requests to seek all court orders and criminal records mentioning or relating to Plaintiff *outside of those mentioning or relating to him in his professional capacity*. In other words, if Plaintiff is mentioned in a criminal record because he was the affiant for a search warrant, there is no need to produce that record. However, any criminal records or court orders that mention or relate to Plaintiff outside of his official duties are within the scope of these requests: such orders could relate to Plaintiff's claims that he cannot find employment specifically due to the allegations in the Complaint (instead of for other reasons or based on other potential misconduct).

- **RFP 23**

This RFP seeks documents sufficient to show all court cases to which Plaintiff was a party; Plaintiff responds that "previous produce [*sic*] documents are sufficient to show all cases where I have been a party." It is unclear what Plaintiff means because, before he served his responses, objections, and document production on July 30, 2025, Plaintiff had not produced any documents. Please confirm that Plaintiff is referring to his document production of July 30, 2025, and that he is not withholding any responsive documents.

- **RFPs 24 and 32**

These RFPs seek records substantiating (1) Plaintiff's allegations of physical, mental, and emotional harm and (2) his claim that a doctor advised him to look at pornography. Plaintiff's responses direct Verizon to "see medical records." However, Verizon cannot find any medical records (or any other documents responsive to these Requests) in Plaintiff's July 30, 2025 production. Please advise or supplement the production no later than September 22.

- **RFP 25**

This RFP seeks documents sufficient to show all media Plaintiff viewed on any adult website. Plaintiff refuses to comply based on conclusory objections that the Request is "in no way calculated to seek admissible evidence" and that the two images Verizon reported have already been produced. Again, those objections miss the point. As discussed, if Plaintiff viewed other pieces of underage or age-indeterminate pornography, that information would be relevant to,

7



1900 M Street NW, Suite 250     **Phone:** +1 202 296 3585
Washington, DC 20036           **Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

among other issues, whether he had a pattern or practice of viewing pornography depicting individuals that were *not* recognizably adults based on "the barest of review" and/or the reasonableness of Verizon's report. *See Oasis Cap., supra,* 2023 WL 6294880, at *2. Please confirm whether you are withholding documents responsive to this RFP.

- **RFP 26**

This RFP seeks all documents and communications regarding the January and October Images or the other images described in the criminal information against Plaintiff. Plaintiff states that he "has produced emails with the MetArt.com records custodian and the ASA in the underlying criminal case." But this leaves open the possibility that there are *other* responsive documents Plaintiff has not produced. For example, any non-privileged text messages or emails discussing any of these images would be in-scope and highly relevant to this action. Please confirm that Plaintiff is not withholding *any* non-privileged documents or communications responsive to this RFP.

- **RFP 28**

This RFP seeks documents sufficient to show Plaintiff's annual income from 2013 – 2025, inclusive. Plaintiff refers Verizon to the "report of expert economist," but Plaintiff failed to produce any underlying records reflecting his income other than certain tax documents for the years 2020 – 2024. Please advise or supplement no later than September 22, including to encompass documents showing any other income Plaintiff earned from 2020 – 2024 that is not apparent from the tax documents already produced.

- **RFP 30**

This RFP seeks documents reflecting any attempt Plaintiff has made to seek employment since April 12, 2023. Plaintiff responds: "discovery ongoing." Please advise if this means that Plaintiff is searching for and will produce all responsive, nonprivileged documents once they are identified. If not, please state Plaintiff's basis for refusing to search for, or for withholding, such documents so that Verizon can respond appropriately. Any such documents are obviously relevant to Plaintiff's damages claims and must be produced.

As noted above, we request a written response to all issues raised this letter before we will agree to a meet-and-confer. Please provide that response by September 22.

**ZwillGen**

1900 M Street NW, Suite 250
Washington, DC 20036

**Phone:** +1 202 296 3585
**Website:** www.zwillgen.com

Nury Siekkinen
(202) 706-5229
nury@zwillgen.com

Best,

Nury Siekkinen