# Exhibit I

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM LEE LAWSHE,
an individual,

      Plaintiff,

v.                                                    Case No. 3:24-cv-00137-MMH-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

      Defendants.

_____/

**<u>PLAINTIFF'S ANSWERS TO DEFENDANT VERIZON</u>**
**<u>COMMUNICATIONS, INC'S INTERROGATORIES</u>**

1. Identify all evidence supporting Your allegation that Verizon acted with "actual malice" or "reckless indifference" regarding the reports it made about the October Image and the January Image, as alleged in the SAC. **Objection, the question calls for information that is outside the Plaintiffs personal knowledge.   I am not a lawyer and are unfamiliar with evidentiary rules. Additionally, to this point, Defendant have failed to comply with Plaintiff's Discovery requests.   However, notwithstanding this objection and with assistance of counsel:**

     a. **Corporations act only through their employees and agents. Cara Blaszka, the senior executive in charge of Verizon's third-party scanning and reporting testified:**
        *Q. So do you have any concerns about whether or not a same or similar thing may happen to another person in the*

*future?*

*A. I don't -- again, I don't know if it's on the list, so I don't have a concern either way.*

Not caring if your actions injure people is the definition of reckless behavior. This is direct evidence of actual malice and conscious disregard of a known risk. The same risk that injured Mr. Lawshe.

b.  Likewise, Verizon did not contact the records custodian to obtain age verification documentation for the January image until June of 2025.   The failure to take any steps to mitigate a know risk - - for over   year - is evidence of a complete disregard for the truth of the reporting systems accusations.

c.  Verizon and Synchronoss accused me of manufacturing and distributing child pornography. Verizon had no basis or even subjective belief that I had manufactured or distributed the images in question. They knew that these were false accusations.

d.  In communicating the false allegations, Defendants stated a knowingly incorrect incident time. Any person realizes that when reporting a potential crime – response to questions regarding the "who, what, when and where" are important to ensure valid and successful investigations.   It is inconceivable that a person, while accusing another human being of a crime – would knowingly communicate a false incident time. It is evidence of bad faith. This "incident time" was relied upon in my investigation to establish probable cause.    This is "willful misconduct." The answer

is important to both law enforcement and NCMEC. Furthermore, Verizon ignored warnings and opportunities to correct this error. (see NCMEC corporate representative deposition)

e. Verizon and Synchronoss knowingly communicated a false answer to the question regarding the publicly available nature of this content.   The possession or manufacture or distribution of content which is not available publicly carries a negative inference that the material is contraband or illicit.   This material was publicly available. To say otherwise is false. The false statement may also have Fourth Amendment implications.

f. Cara Blaszka has testified that this may have been a pre-set or hard-coded response.   If true, this is the classic definition of reckless disregard for the truth: the answer is completely disconnected from the truth.   Put differently, the incorrect answer is not a mistake or accident – but the result of a conscious decision.

g. The CyberTip falsely claims that the "ESP viewed the entire contents of the uploaded file." Plaintiff does not believe that a human reviewed the entire contents of these files before classification. It is not reasonable that a trained reviewer could get the answers so wrong to the questions in this case. Plaintiff is not saying that Verizon never conducts human review. However, in this case, it did not happen. This is further supported by the fact that Verizon cannot produce the name(s) of the individual(s) who reviewed the content.

h. The October CyberTip report falsely claims that the image depicts a "pubescent" minor. The October image does not depict a pubescent minor. No other organization has ever categorized the model as a minor. Any categorization of this image as a minor would evidence a total disregard for the truth of that allegation.

i. The January CyberTip reports falsely claims that the image depicts a "pre-pubescent" minor. The January image does not depict a "pre-pubescent" minor.   She has pubic hair. By every definition, that means she is not pre-pubescent. Any categorization of this image as a prepubescent minor would evidence a total disregard for the truth of that allegation. The alleged reviewer would have to have consciously ignored their training and the guidelines provided by Verizon.

j. Even if the content was moderated by an employee of WebFurther India Ltd, Verizon and Synchronoss misrepresented the nature of the content that they were sending to the content moderator.   Leading the content moderator to believe that only "matches" to "known" CSAM was false and would destroy any objectivity of the determination of the content moderator.   Lying about this shows a total disregard for the accuracy of any content categorization.

k. Verizon and Synchronoss reporting any content that "may or may not" be child pornography. This was content that could possibly be CSAM but not necessarily CSAM. And yet, Verizon made knowingly false statements to its

customers and the public that the CyberTips contained only "confirmed" child pornography. Making all false allegations contained in CyberTips seem far more credible that they actually were. This was also designed to mislead customers about the types of private content that was being disclosed – in violation of the terms of service agreement. This is evidence of willful misconduct.

l.  Verizon and Synchronoss reporting any content that "may or may not" be child pornography. This was content that could possibly be CSAM but not necessarily CSAM. And yet, Verizon made knowingly false statements to law enforcement in Synchronoss's "Legal Process of Service" document.   These statements included representations that Verizon only scanned against "known" CSAM content and matches to this "known CSAM" were confirmed to by child pornography prior to reporting the content to NCMEC. Defendants knew these statements were false. These statements misled law enforcement in understanding the veracity of the CyberTip and improperly influenced probable cause determinations.   This is wildly dangerous conduct, that can only be explained by a depraved and deliberate inference to the truth of accusations of criminal conduct and the rights of customers.

2.  Identify all evidence supporting Your allegation that Verizon "knew or should have known that Defendant Synchronoss was making serious and defamatory allegations against its customers, on a regular basis."

    **Objection, the question calls for information that is outside the Plaintiffs personal knowledge.   I am not a lawyer and are**

unfamiliar with evidentiary rules. Additionally, to this point, Defendant have failed to comply with Plaintiff's Discovery requests. However, notwithstanding this objection and with assistance of counsel:

a. Verizon through Synchronoss published a law enforcement guide entitled "Legal Process of Service." This document made it clear that Defendants' knew that the result of their CyberTip reporting would most likely be criminal investigation.

b. Verizon published the amount of CyberTips reported annually to NCMEC and kept track of those numbers internally.

c. Every CyberTip report contained allegations of criminal conduct – "possession, manufacture and distribution" of child pornography. Although some customers may have manufactured and/or distributed child pornography, undoubtedly most of the actual conduct was simple possession.   The "incident type" was in no way connected to the reported conduct and therefore would have been recklessly made in all of those cases.

d. Every CyberTip report contained a knowingly false incident time. This presented the real risk that some individuals would be falsely accused of a crime   - as they may not have had control of the particular devise at the time.

e. Verizon (through Synchronoss) agreed to accept all information contained in the database used for reporting "AS IS." They knew that the providers of the database had

disclaimed all warranties of the accuracy of information contained in the database. Defendants, furthermore, accepted all risk associated with using this information, explicitly including the risk of mis-categorization and erroneous inclusion into the database. The risk of false reporting is specifically the risk that you assumed in this legal agreement.

f.  Verizon and Synchronoss knew or should have known that less than 10% of CyberTips resulted in criminal prosecution, thereby indicating that there were serious problems with the accuracy of the databases used by ESPs.

g.  Verizon and Synchronoss received quarterly feedback from law enforcement informing them that content in the database was not accurate.

h.  Verizon was a regular sponsor and attendee of conferences such as TrustCon.   These conferences raised the issue of false reporting and accuracy of the information in CyberTips.

i.  NCMEC has testified that they specifically raised concerns with Verizon and Synchronoss regarding the accuracy of CyberTip reporting.

j.  Verizons process relies on near matches…

k.  Montage

3.  If You contend that individual pictured in the October Image was 18 years of age or older at the time the picture was taken, identify all evidence supporting this contention.

a.  She is obviously an adult

  b. **NCMEC has classified the image as "Adult." See report produced in discovery.**

  c. **No one has ever suggested that she was a minor (See NCMEC corporate representative) This image was modified to include a minor at some other point in time.**

4. Identify all evidence supporting Your allegation that Defendants "knew or should have known that the use of this technology carried the substantial risk of misidentification of content as" child sexual abuse material.

 **See answer to interrogatory 2.**

5. If You contend that individual pictured in the January Image was 18 years of age or older at the time the picture was taken, identify all evidence supporting this contention.

  a. **Many witnesses have and will testify that the image appears to depict an adult.**

  b. **The fact that a Federal Agent verified the age of the model seems fairly conclusive.**

  d. **However, I have produced an affidavit of the records custodian which states that the model was over the age of eighteen.**

  e. **This records custodian has produced images of passports which corroborate his sworn statement.**

6. If You contend that the element within the NCMEC Cybertip reporting schema asks providers to indicate whether the image or video they are reporting exists anywhere on the publicly accessible Internet, identify all evidence supporting this contention.

 NCEMCE does not "ask providers to indicate whether the image or video they are reporting exists anywhere on the publicly accessible Internet."

The question asked by the NCMEC CyberTip reporting schema asks "were entire contents of the uploaded file publicly available?" This is a plain and unambiguous question. (see Deposition of NCMEC Corporate Rep). The contents of this file were available publicly. If there was any confusion or question about what that meant, Synchronoss had the ability to ask NCMEC. They also had the ability to clarify any responses in an "additional information" field.

7.   If You disagree that the flag within the NCMEC Cybertip reporting schema asks providers to answer yes or no based entirely on whether the reported image or video was publicly accessible on the platform of the party reporting the image or video, identify all evidence supporting this contention.

   a.  **Cara Blaszka testified that she did not know what the question called for.**

   b.  **NCMEC stated that a "no" response to the field meant that "this file was not publicly available."**

   c.  **Nowhere in the question asked by NCMEC does it suggest that the answer includes whether the content was "publicly accessible on the platform of the party reporting the image or video."   This is a different question with different language and parameters that simply don't exist in the NCMEC reporting schema.**

8.   Identify all evidence supporting Your allegation that "In practice and/or in policy, all or substantially all of the content flagged by a 'hash match' was disclosed to NCMEC."

   **Discovery is ongoing.**

9.   If you contend that NCMEC's evaluations of the October Image and January Image as either "apparent CSAM" or "CSAM unconfirmed" were

communicated to any of the Defendants, identify any evidence that supports Your contention.

**Contrary to the misrepresentations in Defendant's Motion to Dismiss and Motion for Reconsideration, this content was not included in the NCMEC external hash list. NCMEC does not included unconfirmed content in their list.**

10. Identify the website from which You obtained the October Image and the URL at which the image is hosted.

**The website is watermarked on the image.**

11. Identify the website from which You obtained the January Image and the URL at which the image is hosted.

**The Website is watermarked on the image.**