## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

                                               **Civil Action No. 3:24-cv-00137**

            Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a
Delaware Corporation, and SYNCHRONOSS
TECHNOLOGIES, INC., a Delaware
Corporation,

            Defendants.

---

### DEFENDANT VERIZON COMMUNICATIONS INC.'S CORRECTION TO MOTION FOR RECONSIDERATION OF ORDER DENYING RULE 12(b)(6) MOTIONS TO DISMISS

Defendant Verizon Communications Inc. ("Verizon"), by counsel, hereby submits this correction to its Motion for Reconsideration of Order Denying Rule 12(b)(6) Motions to Dismiss (ECF 50, the "Motion for Reconsideration"). The Motion for Reconsideration includes discussion of the database of hash values maintained by the National Center for Missing and Exploited Children ("NCMEC"). In this discussion, Verizon stated that the "NCMEC hash database, by [NCMEC's] own statement, contains 6.3 million hash values (with no tags) each of which has been 'triple vetted' to be sure that it contains CSAM." ECF 50 at 4, n.5; *see id*. at 7, n.9.

Since filing the Motion for Reconsideration, Verizon has become aware that the contributions by the only two organizations other than NCMEC who contribute to the NCMEC NGO list—the Internet Watch Foundation and the

Canadian Centre for Child Protection—were not vetted separately by NCMEC, only by the submitting organizations themselves. This was also previously clarified in Verizon's Opposition to Plaintiff's Motion for Leave to Amend. *See* ECF 67 at 16, n.10. Pursuant to this understanding, Verizon files this notice of correction in order to clarify for the purposes of this motion that during the relevant time period, not all hash values in the NGO list were triple-vetted.

This correction does not bear on whether reconsideration of the Order denying the Defendants' motions to dismiss is proper. For the reasons explained in the Motion for Reconsideration, Verizon maintains that reconsideration is appropriate *See* ECF 50 at 4 (the Order relied on an erroneous assumption that Verizon was aware of the tags that NCMEC associated with various images reported by Verizon to it, when in fact Plaintiff never alleged that the designations made by NCMEC are given to the providers, like Verizon—but they are not).[1]

Dated: November 12, 2025

Respectfully submitted,

**ZWILLGEN PLLC**
*Attorneys for Verizon*
*Communications, Inc.*

By: /s/ Nury Siekkinen
Nury Siekkinen
Florida Bar No. 1015937
1900 M. Street NW, Suite 250
Washington, DC 20036
nury@zwillgen.com

---

[1] The Order also accepted as true Plaintiff's allegation that the matching images were not then subsequently manually reviewed by human reviewers, an allegation that has always been untrue, and that Plaintiff recently said this Court can treat as untrue for the purposes of his partial summary judgment motion. *See* ECF 45 at 4; ECF 84 at 7.

## CERTIFICATE OF SERVICE

I certify that on November 12, 2025, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

 /s/ Nury Siekkinen
Nury Siekkinen (Florida Bar No. 1015937)

## SERVICE LIST

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

3