# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**WILLIAM LEE LAWSHE,**

    **Plaintiff,**                      Case No.: 3:24-cv-00137-MMH-LLL

v.

**VERIZON COMMUNICATIONS, INC.,** a
Delaware Corporation, and **SYNCHRONOSS
TECHNOLOGIES, INC.,** a Delaware
Corporation,

    **Defendants.**

_____/

## SYNCHRONOSS TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, Synchronoss Technologies, Inc. ("Synchronoss"), answers Plaintiff's Second Amended Complaint [Doc. 89] as follows:

## ANSWER

1. Admitted that Plaintiff claims damages in excess of $75,000.00 but denied that Plaintiff is entitled to any relief.

2. Without knowledge and, therefore, denied.

3. Without knowledge and, therefore, denied.

4. Admitted.

5. Admitted.

1

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Synchronoss denies that all of Plaintiff's content was private and protected by law from disclosure to third parties.

12. Without knowledge and, therefore, denied.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Denied that the alleged definition of "apparent" is exclusive or is the applicable definition under federal law.

18. Admitted.

19. Denied.

20. Admitted that 18 U.S.C. § 2258A reads as stated.

21. Synchronoss admits that it monitored, screened and searched Plaintiff's stored content but denies that only a database of "hash" values was used.

22. Admitted.

23. Denied.

24. Admitted that Plaintiff has generally described the hash match process.

25. Admitted.

26. Without knowledge and, therefore, denied.

27. Without knowledge and, therefore, denied.

28. Without knowledge and, therefore, denied.

29. Without knowledge and, therefore, denied.

30. Denied.

31. Without knowledge and, therefore, denied.

32. Without knowledge and, therefore, denied.

33. Without knowledge and, therefore, denied.

34. Without knowledge and, therefore, denied.

35. Denied.

36. Denied.

37. Without knowledge and, therefore, denied.

38. Without knowledge and, therefore, denied.

39. Without knowledge and, therefore, denied.

40. Admitted.

3

41. Denied.

42. Admitted.

43. Admitted.

44. Denied.

45. Denied.

46. Without knowledge and, therefore, denied.

47. Without knowledge and, therefore, denied.

48. Synchronoss admits that 18 U.S. Code § 2258A provides for disclosure of CSAM.

49. Denied.

50. Admitted.

51. Without knowledge and, therefore, denied.

52. Denied.

53. Denied.

54. Without knowledge and, therefore, denied.

55. Without knowledge and, therefore, denied.

56. Denied.

57. Synchronoss admits that it maintains a block list.

58. Without knowledge and, therefore, denied.

59. Without knowledge and, therefore, denied.

60. Without knowledge and, therefore, denied.

61. Without knowledge and, therefore, denied.

62. Denied.

63. Denied.

64. Without knowledge and, therefore, denied.

65. Without knowledge and, therefore, denied.

66. Denied.

67. Without knowledge and, therefore, denied.

68. Without knowledge and, therefore, denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Without knowledge and, therefore, denied.

80. Without knowledge and, therefore, denied.

81. Without knowledge and, therefore, denied.

82. Denied.

83. Without knowledge and, therefore, denied.

84. Without knowledge and, therefore, denied.

85. Without knowledge and, therefore, denied.

86. Without knowledge and, therefore, denied.

87. Without knowledge and, therefore, denied.

88. Without knowledge and, therefore, denied.

89. Without knowledge and, therefore, denied.

90. Without knowledge and, therefore, denied.

91. Without knowledge and, therefore, denied.

92. Without knowledge and, therefore, denied.

93. Without knowledge and, therefore, denied.

94. Without knowledge and, therefore, denied.

95. Without knowledge and, therefore, denied.

96. Without knowledge and, therefore, denied.

97. Without knowledge and, therefore, denied.

98. Denied.

99. Denied.

22673295

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Admitted.

109. Denied.

110. Denied.

111. Without knowledge and, therefore, denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Admitted.

117. Denied.

118. Without knowledge and, therefore, denied.

119. Denied.

120. Without knowledge and, therefore, denied.

121. Denied.

122. Denied.

123. Without knowledge and, therefore, denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Without knowledge and, therefore, denied.

139. Without knowledge and, therefore, denied.

22673295

140. Without knowledge and, therefore, denied.

141. Denied.

142. Without knowledge and, therefore, denied.

143. Without knowledge and, therefore, denied.

144. Without knowledge and, therefore, denied.

145. Without knowledge and, therefore, denied.

146. Denied.

147. Admitted.

148. Denied.

149. Without knowledge and, therefore, denied.

150. Without knowledge and, therefore, denied.

151. Denied.

152. Without knowledge and, therefore, denied.

153. Without knowledge and, therefore, denied.

154. Without knowledge and, therefore, denied.

155. Synchronoss denies that it provided a CyberTipline report to NCMEC but admits that it provided a datafeed to NCMEC which NCMEC used to create a CyberTipline report.

156. Denied.

157. Denied.

158. Admitted.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Without knowledge and, therefore, denied.

168. Without knowledge and, therefore, denied.

169. Without knowledge and, therefore, denied.

170. Admitted.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Without knowledge and, therefore, denied.

177. Without knowledge and, therefore, denied.

22673295

178. Denied.

179. Denied.

180. Without knowledge and, therefore, denied.

181. Denied.

182. Denied.

183. Synchronoss correctly believed it was immune from civil liability for reporting the CSAM in Plaintiff's possession.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Without knowledge and, therefore, denied.

189. Denied.

190. Synchronoss admits that it provided a datafeed to NCMEC on January 25, 2023.

191. Denied.

192. Admitted.

193. Synchronoss denies that a defamatory statement was communicated.

194. Denied.

11

22673295

22673295

## Count I

Synchronoss makes no response to Count I as that count is not directed to Synchronoss.

## Count II

Synchronoss makes no response to Count II as that count is not directed to Synchronoss.

## Count III

217. Synchronoss adopts its responses to paragraphs 1-194, above.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

## Count IV

222. Synchronoss adopts its responses to paragraphs 1-194, above.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

22673295

## Count V

Synchronoss makes no response to Count V as that count is not directed to Synchronoss.

## Count VI

Synchronoss makes no response to Count VI as that count is not directed to Synchronoss.

## Count VII

247. Synchronoss adopts its responses to paragraphs 1-194, above.

248. Admitted.

249. Denied.

250. Denied.

251. Denied.

## Count VIII

252. Synchronoss adopts its responses to paragraphs 1-194, above.

253. Admitted.

254. Denied.

255. Denied.

256. Denied.

Any allegation not specifically addressed above is denied.

22673295

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Synchronoss is entitled to the immunity from Plaintiff's claims under 18 U.S.C. § 2702 as provided by 18 U.S.C. § 2258B(a). A civil claim against Synchronoss cannot be brought involving conduct arising from the performance of the reporting or preservation responsibilities of Synchronoss under 18 U.S.C. § 2258A. In making the reports to NCMEC, Synchronoss was performing its reporting and preservation responsibilities as outlined and required in 18 U.S.C. § 2258A.

### Second Affirmative Defense

Plaintiff is barred from bringing a claim against Synchronoss under 18 U.S.C. § 2702 or for defamation because Synchronoss was required by federal law to make the reports to NCMEC. 18 U.S.C. § 2258A(a)(1).

### Third Affirmative Defense

Synchronoss made the report to NCMEC with a good faith reliance on the statutory authorization found in 18 U.S.C. § 2258A. Synchronoss is therefore entitled to a complete defense against Plaintiff's claim under 18 U.S.C. § 2702. 18 U.S.C. § 2707(e).

22673295

<u>Fourth Affirmative Defense</u>

Plaintiff's claims for defamation against Synchronoss are barred because the allegedly defamatory statements made by Synchronoss were true.

WHEREFORE, Synchronoss requests judgment from the Court in its favor and against Plaintiff finding that Synchronoss has no liability to Plaintiff and awarding Synchronoss its costs and such other relief as the Court deems proper.

Respectfully submitted by:

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant Synchronoss Technologies, Inc.*

By: <u>Andrew H. Reiss</u>
Andrew H. Reiss, Esq.
Florida Bar 116955
Katherine V. Ramos-Bigley, Esq.
Florida Bar 1048878
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com
kramosbigley@bsk.com
knettles@bsk.com
eservicefl@bsk.com

22673295

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December, 2025, a true and correct copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system which will furnish an electronic copy to:

| | |
|---|---|
| Michael K. Roberts, Esq.<br>Jeffery S. Nooney, Esq.<br>Law Offices of Nooney,<br>Roberts, Hewett and Nowicki<br>1680 Emerson Street<br>Jacksonville, FL 32207<br>mroberts@nrhnlaw.com<br>jnooney@nrhnlaw.com | Nury Siekkinen<br>Zwillgen PLLC<br>1900 M. Street NW, Suite 250<br>Washington, D.C. 20036<br>nury@zwillgen.com |

By: Andrew H. Reiss
Andrew H. Reiss, Esq.

22673295