## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
An individual,

       Plaintiff,

v.

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation,

       Defendants.

_____/

Case No. 3:24-cv-00137-MMH-LLL

## VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES
## TO SECOND AMENDED COMPLAINT

Defendant Verizon Communications Inc. ("Verizon"), through its undersigned counsel, hereby files its Answer to Plaintiff William Lee Lawshe's ("Plaintiff") Second Amended Complaint in correspondingly numbered paragraphs as follows. These responses are made on behalf of Defendant Verizon:

1.    Admitted that Plaintiff seeks relief in excess of $75,000, but denied that Plaintiff is entitled to any relief..

2.    Verizon lacks knowledge concerning the facts alleged in Paragraph 2 and therefore denies them.

3.      Verizon lacks knowledge concerning the facts alleged in Paragraph 3 and therefore denies them.

4.      Verizon admits that it is a holding company and that certain of its subsidiaries provides telecommunications services to the public, but denies that it is directly engaged in any business operations.

5.      Admitted.

6.      Verizon admits that a subsidiary of Verizon contracted with Synchronoss for data storage services. Verizon denies the remaining allegations in Paragraph 6.

7.      Verizon admits that Plaintiff contracted with a Verizon subsidiary for telecommunications services. Verizon denies the remaining allegations in Paragraph 7.

8.      Verizon lacks knowledge concerning the facts alleged in Paragraph 8 and therefore denies them.

9.      Verizon admits that a subsidiary of Verizon contracted with Synchronoss for cloud data services. Verizon lacks knowledge concerning the remaining facts alleged in Paragraph 9 and therefore denies them.

10.     Admitted.

11.     Verizon admits that certain customer data on its systems may be protected from disclosure under applicable law. Verizon denies that any disclosure it

made was a violation of applicable law. Verizon denies the remaining allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

13. Paragraph 13 contains legal conclusions to which no answer is required. The statute speaks for itself. To the extent a response is required, denied.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

15. Admitted.

16. Admitted.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, denied.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

19. Verizon admits that NCMEC is statutorily obliged to make reports available to law enforcement under Section 2258A(c). Verizon lacks knowledge concerning the remaining factual allegations in Paragraph 19 and therefore denies them.

20. Verizon admits that Section 2258A includes the quoted language. Verizon denies the remaining allegations in Paragraph 20.

21.   Verizon admits that—consistent with the regular and customary practice in the industry—it moderates content on its systems in order to, among other things, prevent its services from being used to disseminate CSAM and that users are advised in Verizon's terms of service and privacy policy that Verizon moderates content in this way. Verizon denies the remaining allegations in Paragraph 21.

22.   Verizon admits that a hash is numerical value derived through an algorithmic process that functions as a unique identifier for a particular image. Verizon otherwise lacks knowledge concerning the allegations in Paragraph 22 and on that basis denies them.

23.   Verizon lacks knowledge concerning the allegations in Paragraph 23 and therefore denies them.

24.   Verizon admits that as part of its content moderation it utilizes NCMEC's database of hash values associated with apparent and actual CSAM. Verizon denies the remaining allegations in Paragraph 24.

25.   Admitted.

26.   Verizon admits that, aside from NCMEC, at least two organiztions dedicated to protecting children online have contributed to the NPO database. Verizon denies the remaining allegations in Paragraph 26.

27.   Admitted.

28.     Verizon lacks knowledge concerning the allegations in Paragraph 28 and therefore denies them.

29.     Verizon lacks knowledge concerning the allegations in Paragraph 29 and therefore denies them.

30.     Denied.

31.     Verizon lacks knowledge concerning the allegations in Paragraph 31 and therefore denies them.

32.     Verizon lacks knowledge concerning the allegations in Paragraph 32 and therefore denies them.

33.     Denied.

34.     Verizon admits that NCMEC makes the NPO database available to providers according to the terms of a hash sharing agreement. Verizon denies the remaining allegations in Paragraph 34.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Verizon admits that some entities contributing to the NPO Hash Database are located outside of the United States. Verizon lacks knowledge concerning the allegations in Paragraph 38 and therefore denies them.

39.    Verizon lacks knowledge concerning the allegations in Paragraph 39 and therefore denies them.

40.    Admitted.

41.    Denied.

42.    Denied.

43.    Admitted.

44.    Verizon admits that PhotoDNA is capable of detecting near-matches to hash value. Verizon denies the remaining allegations in Paragraph 44.

45.    Verizon admits that PhotoDNA is capable of detecting near-matches to hash value. Verizon denies the remaining allegations in Paragraph 45.

46.    Admitted.

47.    Admitted.

48.    Verizon admits that Section 2258A requires providers to report apparent CSAM to NCMEC and that Section 2702 allows providers to do so. The remainder of Paragraph 48 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

49.    Paragraph 49 contains legal conclusions to which no answer is required. To the extent a response is required, denied.

50.    Paragraph 50 contains legal conclusions to which no answer is required. The statute speaks for itself. To the extent a response is required, denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Verizon lacks information concerning the allegations in Paragraph 54 and therefore denies them.

55.    Verizon lacks information concerning the allegations in Paragraph 55 and therefore denies them.

56.    Denied.

57.    Verizon admits that it maintained a list of hash values that it concluded were not reportable as CSAM due to human reviewers determining the content matching to those hash values was nonreportable. Verizon denies the remaining allegations in Paragraph 57.

58.    Verizon lacks information concerning the allegations in Paragraph 58 and therefore denies them.

59.    Verizon lacks information concerning the allegations in Paragraph 59 and therefore denies them.

60.    Verizon lacks information concerning the allegations in Paragraph 60 and therefore denies them.

61.    Verizon lacks information concerning the allegations in Paragraph 61 and therefore denies them.

62.    Denied.

63.    Denied.

64.    Verizon admits that it maintains a public-facing website with guidelines for legal process. Verizon denies the remaining allegations in Paragraph 64.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Verizon lacks information concerning the allegations in Paragraph 68 and therefore denies them.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Verizon admits that PhotoDNA detects near matches to hash values. Verizon denies the remaining allegations in Paragarph 73.

74.    Denied.

75.    Denied.

76.   Denied.

77.   Denied.

78.   Verizon admits that, on or about January 25, 2023, its content moderation
      process flagged an image associated with Plaintiff's account as matching
      the hash value of an image on NCMEC's CSAM database. Verizon denied
      the remaining allegations of Paragraph 78.

79.   Verizon lacks information concerning allegation 79 and therefore denies it.

80.   Verizon lacks information concerning allegation 79 and therefore denies it.

81.   Verizon admits that providers like Verizon do not receive information
      concerning NCMEC's classification of content. Verizon denies the
      remaining allegations of Paragraph 81.

82.   Denied.

83.   Verizon admits that NCMEC classified the January Image as "Apparent
      CSAM (unconfirmed)," a classification that Verizon did not receive at any
      time before reporting the January Image. Verizon denies the remaining
      allegations of Paragraph 83.

84.   Verizon lacks information concerning the allegations in in Paragraph 84
      and therefore denies them.

85.   Verizon lacks information concerning the allegations in in Paragraph 85
      and therefore denies them.

86.    Verizon admits that NCMEC classified the January Image as "Apparent CSAM (unconfirmed)," a classification that Verizon did not receive at any time before reporting the January Image. Verizon denies the remaining allegations of Paragraph 86.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Verizon lacks information concerning the remaining allegations in Paragraph 90 and therefore denies them.

91.    Denied.

92.    Verizon admits that the hash value that triggered the match came from NCMEC's NPO database. Verizon denies the remaining allegations in Paragraph 92.

93.    Verizon admits that the hash value that triggered the match came from NCMEC's NPO database. Verizon denies the remaining allegations in Paragraph 93.

94.    Verizon admits that the individual depicted in the January Image has been the subject of approximately half a dozen investigations and/or prosecutions in several jurisdictions. Verizon lacks information concerning the remaining allegations in Paragraph 94 and therefore denies them.

95. Verizon admits that the individual depicted in the January Image has been the subject of approximately half a dozen investigations and/or prosecutions in several jurisdictions. Verizon lacks information concerning the remaining allegationsin Paragraph 95 and therefore denies them.

96. Verizon admits that the individual depicted in the January Image has been the subject of approximately half a dozen investigations and/or prosecutions in several jurisdictions. Verizon lacks information concerning the remaining allegationsin Paragraph 96 and therefore denies them.

97. Verizon admits that the individual depicted in the January Image has been the subject of approximately half a dozen investigations and/or prosecutions in several jurisdictions. Verizon lacks information concerning the remaining allegationsin Paragraph 97 and therefore denies them.

98. Verizon lacks information concerning the allegations in in Paragraph 98 and therefore denies them.

99. Denied.

100. Verizon lacks knowledge concerning the allegations in Paragraph 100 and therefore denies them.

101. Denied.

102. Denied.

103.  Paragraph 103 contains legal conclusions to which no response is required. Verizon otherwise lacks information concerning the allegations in Paragraph 103 and on that basis denies them.

104.  Denied.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Verizon admits that, on or about January 25, 2023, Synchronoss submitted a report to NCMEC concerning an image associated with Plaintiff's account. Verizon denies the remaining allegations in Paragraph 108.

109.  Denied.

110.  Denied.

111.  Admitted.

112.  Denied.

113.  Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 113.

114.  Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 114.

115.  Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 115.

116.  Admitted.

117.  Denied.

118.  Denied.

119.  Denied.

120.  Denied.

121.  Verizon lacks information concerning the allegations in Paragraph 121 and therefore denies them.

122.  Denied.

123.  Verizon lacks information concerning the allegations in Paragraph 123 and therefore denies them.

124.  Denied.

125.  Denied.

126.  Verizon specifically denies the allegations that it did not visually inspect the image in question and that the individual depicted was "unequivocally pubescent." Verizon lacks knowledge concerning the remaining allegations in Paragraph 126 and therefore denies them.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

135.  Denied.

136.  Paragraph 136 contains legal conclusions to which no response is required. The statutes speak for themselves. To the extent a response is required, denied.

137.  Verizon admits that it is the ultimate responsibility of law enforcement to determine what is or it not a violation of CSAM laws. Verizon denies the remaining allegations in Paragraph 137.

138.  Paragraph 138 consists of legal conclusion to which no response is required. To the extent any further response is required, denied.

139.  Verizon admits that a court issued a search warrant upon a finding of probable cause based on the report of an expert pediatrician and the affidavit of a detective specializing in CSAM investigations both of whom viewed the image in question. Verizon denies the remaining allegations in Paragraph 139.

140.  Denied.

141.  Denied.

142.  Verizon admits that the January Image appears to have been reported to NCMEC as apparent CSAM approximately 200 times and that the individual depicted in the image has been the subject of multiple CSAM investigations and/or prosecutions. Verizon denies the remaining allegations in Paragraph 142.

143.  Denied.

144.  Verizon lacks information concerning the allegations in Paragraph 144 and therefore denies them.

145.  Denied.

146.  Verizon admits that another image associated with Plaintiff's account had been reported to NCMEC following a hash match and a visual inspection of the subject image. Verizon denies the remaining allegations in Paragraph 146.

147.  Verizon admits that Synchronoss submitted to NCMEC information concerning Plaintiff in connection with a CyberTipline report on or around October 29, 2022. Verizon denies the remaining allegations in Paragraph 147.

148.  Denied.

149.  Denied.

150. Verizon lacks information concerning the allegations in Paragraph 150 and therefore denies them.

151. Verizon lacks information concerning the allegations in Paragraph 151 and therefore denies them.

152. Verizon lacks information concerning the allegations in Paragraph 152 and therefore denies them.

153. Denied.

154. Verizon lacks information concerning the allegations in Paragraph 154 and therefore denies them.

155. Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 155.

156. Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 156.

157. Verizon admits that NCMEC provides no option for reporting possession only. Verizon denies the remaining allegations in Paragraph 157.

158. Admitted.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163.    Verizon specifically denies that it did not visually inspect the image in question and that the individual depicted was "unequivocally an adult." Verizon lacks knowledge concerning the remaining allegations in Paragraph 163 and therefore denies them.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Paragraph 167 contains legal conclusions to which no response is required. Verizon otherwise denies the allegations in Paragraph 167.

168.    Verizon lacks information concerning the allegations in Paragraph 168 and therefore denies them.

169.    Verizon lacks information concerning the allegations in Paragraph 169 and therefore denies them.

170.    Verizon admits that portions of the CSAM scanning and reporting process are automated. Verizon denies the remaining allegations in Paragraph 170.

171.    Verizon lacks information concerning the allegations in Paragraph 171 and therefore denies them.

172.    Denied.

173.    Denied.

174.    Denied.

175. Verizon admits that the image was reported to NCMEC following discovery of the hash match and a visual inspection of the image. Verizon denies the remaining allegations in Paragraph 175.

176. Verizon admits that it is up to law enforcement to evaluate reported images and make the judgment concerning whether reported images violate applicable laws. Verizon lacks information concerning the remaining facts alleged in Paragraph 176 and therefore denies them.

177. Verizon lacks knowledge of the facts alleged in Paragraph 177 and therefore denies them.

178. Denied.

179. Verizon admits that Synchronoss made approximately 30,901 reports to NCMEC. Verizon denies the remaining allegations in Paragraph 179.

180. Verizon lacks information concering the allegations in Paragraph 180 and therefore denies them.

181. Denied.

182. Denied.

183. Verizon admits that Section 2258B confers immunity from civil liability for reporting apparent CSAM in connection with the process outlined in Section 2258A. Verizon denies the remaining allegations in Paragraph 183.

184.    Verizon admits that Section 2258B confers immunity from civil liability for reporting apparent CSAM in connection with the process outlined in Section 2258A.. Verizon denies the remaining allegations in Paragraph 184.

185.    Verizon admits that Section 2258B confers immunity for civil liability for reporting apparent CSAM in connection with the process outlined in Section 2258A. Verizon denies the remaining allegations in Paragraph 185.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Verizon admits that the report to NCMEC made on or about January 25, 2023 specified that the image being reported appeared to depict the lascivious exposition of a prepubescent minor. Verizon denies the remaining allegations in Paragraph 190.

191.    Denied.

192.    Paragraph 192 contatins legal conclusions to which no response is required. To the extent a response is required, Verizon admits that the knowing possession of actual CSAM may constitute a felony in the State of Florida. Verizon denies the remaining allegations in Paragraph 192.

193. Verizon admits that NCMEC sent to the St. John's County Sherriff's Office
     a CyberTip Report with the information provided by Synchronoss.
     Verizon denies the remaining allegations in Paragraph 193, including that
     a defamatory statement was communicated.

194. Denied.

## COUNT I- VERIZON COMMUNICATIONS, INC – DEFAMATION

195. Verizon reincorporates its Answers to Paragraphs 1-194.

196. Paragraph 196 contains legal conclusions to which no response is required.
     To the extent a response is required, denied.

197. Paragraph 197 contains legal conclusions to which not response is
     required. To the extent a response is required, denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

## COUNT II- VERIZON COMMUNICATIONS, INC – DEFAMATION

206.  Verizon reincorporates its Answers to Paragraphs 1-194.

207.  Paragraph 207 contains legal conclusions to which not response is required. To the extent a response is required, denied.

208.  Paragraph 208 contains legal conclusions to which not response is required. To the extent a response is required, denied.

209.  Denied.

210.  Denied.

211.  Denied.

212.  Denied.

213.  Denied.

214.  Denied.

215.  Denied.

216.  Denied.

## COUNT III- SYNCHRONOSS TECHNOLOGIES, INC- DEFAMATION

217.   Count III is not directed at Verizon and therefore no response is necessary.

218.  Count III is not directed at Verizon and therefore no response is necessary.

219.  Count III is not directed at Verizon and therefore no response is necessary.

220.  Count III is not directed at Verizon and therefore no response is necessary.

221.  Count III is not directed at Verizon and therefore no response is necessary.

## COUNT IV- SYNCHRONOSS TECHNOLOGIES, INC-DEFAMATION

222.    Count IV is not directed at Verizon and therefore no response is necessary.

223.    Count IV is not directed at Verizon and therefore no response is necessary.

224.    Count IV is not directed at Verizon and therefore no response is necessary.

225.    Count IV is not directed at Verizon and therefore no response is necessary.

226.    Count IV is not directed at Verizon and therefore no response is necessary.

## COUNT V- VERIZON COMMUNICATIONS, INC –VIOLATION OF 18 U.S. CODE § 2702 - VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS

227.    Verizon reincorporates its Answers to Paragraphs 1-194.

228.    To the extent it is an electronic communications service and/or a remote computing service, Verizon admits that it is subject to 18 U.S.C. § 2701, et seq. Verizon denies the remaining allegations in Paragraph 228.

229.    Verizon admits that Section 2702 imposes certain obligations on providers subject to it. Verizon denies the allegations in Paragraph 229 to the extent they are inconsistent with Section 2702 and omit the disclosure exceptions.

230.    Verizon admits that Section 2702 imposes certain obligations on providers subject to it. Verizon denies the allegations in Paragraph 230 to the extent they are inconsistent with Section 2702 and omit the disclosure exceptions.

231.    Denied.

232.   Denied.

233.   Paragraph 233 contains legal conclusions to which no response is required.

To the extent a response is required, denied.

234.   Paragraph 234 contains legal conclusions to which no response is required.

To the extent a response is required, denied.

235.   Denied.

236.   Denied.

## COUNT VI- VERIZON COMMUNICATIONS, INC –VIOLATION OF U.S. 18 CODE § 2702 - VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS

237.   Verizon reincorporates its Answers to Paragraphs 1-194.

238.   To the extent it is an electronic communications service and/or a remote

computing service, Verizon admits that it is subject to 18 U.S.C. § 2701, et

seq. Verizon denies the remaining allegations in Paragraph 238.

239.   Verizon admits that Section 2702 imposes certain obligations on providers

subject to it. Verizon denies the allegations in Paragraph 239 to the extent

they are inconsistent with Section 2702 and omit the disclosure exceptions.

240.   Verizon admits that Section 2702 imposes certain obligations on providers

subject to it. Verizon denies the allegations in Paragraph 240 to the extent

they are inconsistent with Section 2702 and omit the disclosure exceptions.

241. Denied.

242. Denied.

243. Paragraph 243 contains legal conclusions to which no response is required. To the extent a response is required, denied.

244. Paragraph 244 contains legal conclusions to which no response is required. To the extent a response is required, denied.

245. Denied.

246. Denied.

## COUNT VII- SYNCHRONOSS TECHNOLOGIES, INC – VIOLATION OF 18 U.S. CODE § 2702 – VOLUNTARY DISCLOSURE OF CUSTOMER COMMUNICATIONS OR RECORDS

247. Count VII is not directed at Verizon and therefore no response is necessary.

248. Count VII is not directed at Verizon and therefore no response is necessary.

249. Count VII is not directed at Verizon and therefore no response is necessary.

250. Count VII is not directed at Verizon and therefore no response is necessary.

251.    Count VII is not directed at Verizon and therefore no response is

necessary.

## COUNT VIII- SYNCHRONOSS TECHNOLOGIES, INC –VIOLATION OF

## 18 U.S. CODE § 2702 - VOLUNTARY DISCLOSURE OF CUSTOMER

## COMMUNICATIONS OR RECORDS

252.    Count VIII is not directed at Verizon and therefore no response is

necessary.

253.    Count VIII is not directed at Verizon and therefore no response is

necessary.

254.    Count VIII is not directed at Verizon and therefore no response is

necessary.

255.    Count VIII is not directed at Verizon and therefore no response is

necessary.

256.    Count VIII is not directed at Verizon and therefore no response is

necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim upon which relief may be

granted.

**SECOND AFFIRMATIVE DEFENSE – STATUTORY IMMUNITY**

Plaintiff's claims are barred by the statutory immunity of Section 2258B.

**THIRD AFFIRMATIVE DEFENSE – STATUTORY DEFENSE**

Verizon has a complete defense to Plaintiff's claims pursuant to Section 2707(e).

**FOURTH AFFIRMATIVE DEFENSE – STATUTORY DEFENSE**

Verizon has a complete defense to Plaintiff's claims pursuant to Section 2703(e).

**FIFTH AFFIRMATIVE DEFENSE – PERMITTED DISCLOSURE**

Any disclosure by Verizon is not actionable because it was permissible pursuant to Section 2702(b)(5).

**SIXTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE – GOOD FAITH RELIANCE**

Plaintiff's claims are barred because Verizon acted in good faith reliance on a statutory authorization.

**EIGHTH AFFIRMATIVE DEFENSE – CONSENT**

Verizon has a complete defense to Plaintiff's claims because Plaintiff consented to the alleged disclosure.

## NINTH AFFIRMATIVE DEFENSE – CONTRACT

Verizon has a complete defense to Plaintiff's claims because the disclosure was made pursuant to the terms of a contract between the parties.

## TENTH AFFIRMATIVE DEFENSE – CONTRACT

Verizon has a complete defense to Plaintiff's claims because any allegedly defamatory statements made by or on behalf of Verizon were true or substantially true under applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE – AGREEMENT TO ARBITRATE

Plaintiff's claims are barred, in whole or in part, because they are subject to a valid and enforceable arbitration agreement contained in Defendant's Terms of Service, to which Plaintiff knowingly and affirmatively assented.

Date: December 5, 2025                    /s/ Nury Siekkinen

Nury Siekkinen
Florida Bar No. 1015937
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile:  (202) 706-5298
Email: nury@zwillgen.com

*Attorney for Verizon Communications, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed

with the Clerk of Court using the CM/ECF system on December 5, 2025, and the

foregoing document is being served this day on all counsel or parties of record

on via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Nury Siekkinen*

Nury Siekkinen
Florida Bar No. 1015937
