# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

    Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a Delaware Corporation, and SYNCHRONOSS TECHNOLOGIES, INC., a Delaware Corporation,

    Defendants.

Civil Action No. 3:24-cv-00137-MMH-LLL

## DEFENDANT VERIZON COMMUNICATIONS INC.'S PARTIAL OBJECTIONS TO THE MAGISTRATE JUDGE'S NOVEMBER 24, 2025 ORDER

Under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 3.01(b), Defendant Verizon Communications Inc. ("Verizon"), by its counsel, objects in part to the discovery order issued by Magistrate Judge Laura L. Lambert on November 24, 2025. *See* ECF 92 (the "Order").

### RELEVANT BACKGROUND

Verizon assumes this Court's familiarity with Plaintiff's allegations and the case's procedural history. Accordingly, Verizon limits its discussion to the Order and relevant events preceding it. On September 12, 2025, Verizon subpoenaed the St. Johns County Sheriff's Office ("SJSO") for material from a forensic extraction of Plaintiff's devices. The SJSO had performed the extraction in connection with its

criminal investigation into Plaintiff for possessing child pornography. (Verizon had sought the extraction from Plaintiff, who declined to produce it.) After serving the subpoena, Verizon offered to withdraw it if Plaintiff agreed to have a neutral third-party extract and produce 11 categories of information from unaltered forensic backups of Plaintiff's devices. If Plaintiff declined, Verizon agreed that it would seek from the SJSO the same 11 categories of information. *See* ECF 77 at 4-5.

Without responding to Verizon's offer, Plaintiff moved to quash Verizon's subpoena, arguing it was irrelevant and overbroad. *See* ECF 75. The SJSO moved only for a protective order. *See* ECF 76. It explained that the extraction contained thousands of images of age-indeterminate individuals, including potential child sexual abuse material (CSAM). *See id.* at 2. The SJSO argued it would be unduly burdened if it were ordered to review all those images and redact any potential CSAM before producing it. *See id.* at 3.

Verizon opposed Plaintiff's motion to quash. *See* ECF 77. Verizon explained why each category of information it sought from the extraction was relevant to the claims and defenses. If, for example, any of the thousands of images of age-indeterminate individuals on Plaintiff's devices constituted apparent CSAM, that would directly support Verizon's substantial-truth defense to Plaintiff's defamation claim. *See id.* at 7-9. That is, Verizon cannot have defamed Plaintiff by allegedly disclosing to the National Center for Missing and Exploited Children that Plaintiff possessed apparent CSAM if, in fact, Plaintiff possessed apparent CSAM.

Given the SJSO's burden concerns and the sensitivities associated with

producing potential CSAM, Verizon proposed the following protocol for the review of any such material:

- Verizon's forensic expert, PNG-Cyber, would review the forensic extractions of Plaintiff's devices either on a secure computer furnished by the SJSO or on site at the SJSO; and

- For material that might constitute CSAM, PNG-Cyber would either **(i)** redact and/or sanitize any such material to obscure any sexually explicit portions or conduct and produce only the redacted/sanitized images to Verizon or **(ii)** describe in a report the images PNG-Cyber believed constitute apparent CSAM, along with the grounds for that conclusion, with or without redacted versions of the images. *See id.* at 18-19.

On November 17, 2025, Judge Lambert held a hearing on Plaintiff's motion to quash and the SJSO's motion for a protective order. *See* ECF 90. Judge Lambert agreed that if the extraction revealed that Plaintiff possessed apparent CSAM, "that could be something that is relevant to a defense of Verizon" on Plaintiff's defamation claim. *See* Declaration of Marc Zwillinger, Ex. A at 31:11-12. *See also id.* at 39:6-11 ("[T]he way that the law describes substantial truth here would be that if your client possessed other apparent CSAM that was not the subject to Verizon's tips but was still -- he was in possession of it, then the defamation claim – that's a defense to the defamation claim.").

But in her Order following the hearing, Judge Lambert did not permit Verizon to seek any images from the extraction other than redacted versions of the three images Plaintiff was criminally charged with possessing. *See* Order 7-8. Judge Lambert explained that it "is unclear how Verizon's proposed protocol would avoid violating 18 U.S.C. § 2252, which makes it a federal offense to knowingly possess or receive CSAM." *Id.* at 8. Addressing Verizon's cited cases in support of its proposed protocol,

3

Judge Lambert noted that neither was binding, and, in both, it was undisputed that the producing parties possessed CSAM, whereas here, Plaintiff denied that the extraction contained any CSAM. *See id.* Judge Lambert also purported to distinguish both cases on the ground that the "producing parties were law enforcement, and the documents were provided only to the plaintiffs or their experts," even, though, here too, Verizon proposed only that its expert view the extraction. *See id.*

## LEGAL STANDARD

When a magistrate judge issues an order on a non-dispositive matter, a party must raise any objections to that order within 14 days of service of the order to preserve those objections for the district court's and appellate court's review. *See* Fed. R. Civ. P. 72(a). *See also, e.g.*, *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024). Upon a timely objection, a district court must modify or set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011) (citation omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

## ARGUMENT

I. **Judge Lambert's Order Preventing Verizon's Expert from Reviewing Images and Videos on the Extraction of Plaintiff's Devices is Contrary to Law**

Judge Lambert misapplied relevant law in rejecting Verizon's proposed protocol for reviewing images and videos from the forensic extraction of Plaintiff's devices. Judge Lambert's analysis rested on the mistaken premise that Verizon's protocol would necessarily entail Verizon's (or its expert's) unauthorized possession or receipt of CSAM in violation of federal criminal law. *See* Order at 8 ("It is unclear how Verizon's proposed protocol would avoid violating 18 U.S.C. § 2252, which makes it a federal offense to knowingly possess or receive CSAM.").

But Verizon's proposed protocol would not violate 18 U.S.C. § 2252's prohibitions on the knowing possession and receipt of child pornography. Primarily, that is because Verizon's expert would review the images and videos from the extraction either on site at the SJSO or on an SJSO computer. As a result, Verizon's expert would not possess any potential contraband or receive it from the SJSO.[1]

"Possession" in this context is "the act or condition of having in or taking into one's control or holding at one's disposal." *United States v. Woods*, 684 F.3d 1045, 1059 (11th Cir. 2012) (per curiam) (cleaned up) (interpreting 18 U.S.C. § 2252A(a)(5)(B)). A person who knowingly views child pornography on *his computer*, "even without

---

[1] Judge Lambert appeared to believe, incorrectly, that Verizon's proposed protocol would necessarily entail the SJSO producing contraband to a third party. *See, e.g.*, Ex. A at 46:8-10 ("So how do I get to a point where St. Johns is able to give this information [to] a third party? Where is the legal basis for that for me?").

5

downloading or saving those images to the computer's hard drive, takes those images into his control and has those images at his disposal." *Id. See also id.* at 1058, 1066 (explaining that "the possession statute . . . applies to a person who knowingly views child pornography *on his computer,* but does not download or save that material to a hard drive" and affirming the defendant's receipt and possession convictions when child pornography was found on his computers) (emphasis added).[2]

But here, the images and videos from the extraction would remain exclusively on an SJSO computer and in the SJSO's control. In the criminal discovery context, courts and lawmakers have recognized the distinction between a defendant's own possession of child pornography, which is prohibited, and review of it at a government office where it remains in the government's custody, which is permitted. Federal criminal law provides that a defendant, his attorney, and his potential expert witness may not copy or reproduce child pornography at issue in a case but may view it at a government facility. *See* 18 U.S.C. § 3509(m)(2). Such viewing, *a fortiori,* cannot constitute possession in violation of the federal criminal laws. Invoking 18 U.S.C. § 3509(m) and its rationale, one district court in a civil case permitted the parties' experts to access and review child pornography at issue at a government facility, where the images remained in the custody of the New Mexico Department of Public Safety.

---

[2] Likewise, in *United States v. Pruitt*, although the Court stated that "[a] person 'knowingly receives' child pornography under 18 U.S.C. § 2252A(a)(2) when he <u>intentionally views</u>, acquires, or accepts child pornography on a computer from an outside source," there was no dispute that the defendant had viewed child pornography on computers over which he had control and possession, namely, a work computer and personal computer. 638 F.3d 763, 766, 767 (11th Cir. 2011) (per curiam) (emphasis added).

6

*See Doe v. Bd. of Educ. of Pecos Indep. Sch. Dist.*, 2023 WL 7299311, at *4 (D.N.M. Nov. 6, 2023). Florida law similarly permits criminal defendants to view child pornography in connection with their defense so long as it remains in the government's control. *See State v. Ross*, 792 So. 2d 699, 702 (Fla. Dist. Ct. App. 2001) ("Here, the State did not maintain that the photo images could not be reviewed by Ross, just that the State should not be ordered to relinquish control over them.").

In short, a defense expert's mere viewing of material that may constitute CSAM at a government facility on a government-controlled computer does not mean the defendant (or its expert) possesses that material. Furthermore, the SJSO already returned Plaintiff his phones and gave him a full copy of the extraction. *See* Ex. A at 11:19, 64:9-19, 71:9. The SJSO did not require Plaintiff to review the materials only at the SJSO or on an SJSO computer; given that procedure, it is difficult to see how Verizon's proposed protocol would somehow violate Florida law.

Verizon's protocol also would not entail its expert's "knowing[] recei[pt]" of child pornography. *See* 18 U.S.C. § 2252(a)(2); 18 U.S.C. § 2252A(a)(2). To begin with, "if a person takes 'receipt' of a thing, they necessarily must 'possess' the thing." *United States v. Bobb*, 577 F.3d 1366, 1373 (11th Cir. 2009). As discussed, however, any potential CSAM would remain in the SJSO's possession, not Verizon's expert's, and Verizon's protocol would not require that the SJSO transfer to Verizon's expert any unredacted images or videos. At most, Verizon's expert would redact any potential CSAM on the SJSO's computer.

In addition, while Verizon has a strong factual basis to believe the extraction

7

contains **apparent** CSAM, based on the SJSO's representation that it contains thousands of images of age-indeterminate individuals, Verizon does not yet know that it contains actual CSAM, and Plaintiff vehemently denied that it did at the hearing.[3] *See, e.g.*, Ex. A at 19:7-8. The standard for "apparent" violations of the CSAM statutes, which is what triggers Verizon's reporting duty, is not the same standard for criminal liability for knowing possession and receipt of CSAM. So, even if Verizon's expert could be deemed to have "received" any child pornography under Verizon's proposed protocol (even though receipt requires possession, which is absent here), any receipt of such materials would not be actionable. *See Pruitt*, 638 F.3d at 766 ("Inadvertent receipt of child pornography is not a violation of the statute.").[4]

## II. Alternatively, Judge Lambert Should Have Required the SJSO or Plaintiff to Produce Redacted Versions of the Images (With Genitalia Obscured)

In light of her ruling, Judge Lambert should have ordered alternative relief to protect Verizon's ability to properly defend the defamation claim. Even if this Court agrees with Judge Lambert that Verizon's expert could not lawfully review the contents of the extraction on an SJSO computer at an SJSO facility, there is no dispute that the SJSO does not violate the law when it possesses and reviews such images.

---

[3] Per the Order, Verizon has sought from Plaintiff redacted versions of the three images that were the subject of Plaintiff's criminal prosecution. Given that members of the SJSO's office believe those images constitute CSAM, in an abundance of caution, Verizon would coordinate with the SJSO to ensure that Verizon's expert does not review unredacted versions of those images from the extraction.
[4] For the same reason, Verizon's proposed protocol would not run afoul of Florida's law making it "unlawful for any person to . . . intentionally view a photograph . . . or other presentation which, in whole or in part, he or she knows to include child pornography." Fla. Stat. Ann. § 827.071(5)(a) (emphasis added). Likewise, without specific knowledge of what the extraction contains, Verizon's expert cannot have the requisite intent to view child pornography for purposes of 18 U.S.C. 2252(a)(4)(B)—especially if any review of the extraction's would occur pursuant to a Court order.

The SJSO is authorized to possess and view child pornography as a law enforcement agency that is involved in the investigation of child sexual exploitation. *See generally* 18 U.S.C. § 2258A; 18 U.S.C. § 3509(m). *Cf.* Fla. Stat. Ann. § 827.071(5)(b) (prohibition on knowingly possessing or controlling known child pornography "does not apply" to any material "possessed, controlled, or intentionally viewed as part of a law enforcement investigation"). To the extent the Order holds otherwise, it is contrary to law, and the SJSO can be ordered to produce responsive images and videos, redacted to the extent the SJSO believes they constitute apparent CSAM, without violating federal law.

Accordingly, Judge Lambert should have ordered the SJSO to share redacted versions of material it believes is apparent CSAM with the parties so that it could be used at trial and in Verizon's defense. Alternatively, if Judge Lambert found such a redaction procedure burdensome on a nonparty, she could have ordered Plaintiff to provide redacted versions of the copies of the same images that he possesses.

Either remedy would give Verizon access to the valuable evidence that Judge Lambert recognized was relevant to its defense to the defamation claim. Without it, Verizon will be prejudiced. As discussed, Judge Lambert agreed that whether Plaintiff possessed apparent CSAM would be relevant to Verizon's substantial truth defense. *See supra* at 3. The images and videos speak for themselves and are the best evidence of whether any one of them constitutes apparent CSAM. At the November 17 hearing, Judge Lambert suggested that a representative of the SJSO could "testify[] about what was on the phone" or that reports could be created "of what the images are." *See* Hr'g

9

Tr. at 50:9-18. But as the defendant, Verizon is entitled to have its own expert assess the images and videos at issue—not rely solely on the views of SJSO's representatives—just as federal and Florida law permit a defendant to do so in the criminal context. *See supra* at 6-7. And again, if that strikes the Court as too burdensome, it could require that Plaintiff produce redacted images upon pain of dismissal of his defamation claim.

## CONCLUSION

Verizon respectfully requests that the Court vacate the Order solely with respect to Verizon's request for "[i]mages and videos depicting nudity, pornography, or sexual activity of any kind" from the extraction and instead order either that:

1. Verizon's expert, PNG-Cyber, reviews the extraction at the SJSO's office on a computer provided by the SJSO; redacts and/or sanitizes copies of any images or videos that PNG-Cyber believes constitute apparent CSAM to obscure the genitalia of any individual who could be a minor; and takes into its possession only the redacted/sanitized images; OR

2. PNG-Cyber reviews the extraction at the SJSO's office on a computer provided by the SJSO and describes in a report the images PNG-Cyber believes constitute apparent CSAM, along with the grounds for that conclusion, with the report to be shared with Verizon; OR

3. The SJSO reviews the images and videos from the extraction of Plaintiff's devices; redacts and/or sanitizes any images or videos that the SJSO believes constitute apparent CSAM to obscure the genitalia of any individual who could be a minor; and produces only the redacted/sanitized images to Verizon; OR

4. Plaintiff produces redacted copies of sexually explicit images and videos from the backup copy of his phones and/or the extraction provided to him by the SJSO that obscure the genitalia of any individual who could be a minor.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: December 8, 2025 | /s/ *Marc J. Zwillinger* |
|  | Marc J. Zwillinger |
|  | Email: marc@zwillgen.com |
|  | **ZWILLGEN PLLC** |
|  | 1900 M Street NW, Suite 250 |
|  | Washington, DC 20036 |
|  | Telephone: (202) 706-5202 |
|  | Facsimile:  (202) 706-5298 |
|  | |
|  | *Specially Admitted Attorney for Defendant Verizon Communications Inc.* |

## LOCAL RULE 3.01(G) CERTIFICATION

I, Marc J. Zwillinger, HEREBY CERTIFY that I conferred with counsel for Plaintiff and counsel for nonparty the SJSO on December 8, 2025 by email in a good faith effort to resolve the issues raised in Verizon's Partial Objections to the Magistrate Judge's November 24, 2025 Order.  Counsel for Plaintiff opposes any modification of Judge Lambert's Order.  Counsel for the SJSO did not provide its position on Verizon's Partial Objections before this filing.

## CERTIFICATE OF SERVICE

I, Marc J. Zwillinger, HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 8, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, as well as counsel for the SJSO, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Marc J. Zwillinger*
Marc J. Zwillinger
Email: marc@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5202
Facsimile:  (202) 706-5298

*Specially Admitted Attorney for Defendant Verizon Communications Inc.*

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
mroberts@nrhnlaw.com
Jeffery S. Nooney
jnooney@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992

*Counsel for Plaintiff*

BOND, SCHOENECK & KING, PLLC
Andrew H. Reiss, Esq.
Northern Trust Building, Suite 105
4001 Tamiami Trail
North Naples, Florida 34103-3555
Telephone: (239) 659-3800
areiss@bsk.com

*Counsel for Defendant Synchronoss Technologies, Inc.*

SNIFFEN & SPELLMAN, P.A.
Matthew J. Carson, Esq.
123 North Monroe Street
Tallahassee, Florida 32301
Email: mcarson@sniffenlaw.com
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Non-Party St. Johns County Sheriff's Office*