UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,
an individual,

        Plaintiff,

v.                          Case No. 3:24-cv-00137-MMH-LLL

VERIZON COMMUNICATIONS, INC.,
a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC.,
a Delaware Corporation

        Defendants.
_____/

**PLAINTIFF'S RESPONSE TO VERIZON'S PARTIAL OBJECTIONS TO THE MAGISTRATE JUDGE'S NOVEMBER 24, 2025 ORDER**

Verizon's request for all pornographic images contained on Plaintiff's phone is well beyond the scope of discovery. To the extent that Verizon seeks only production of "apparent" CSAM, by a private third-party, that task has already been completed by Florida law enforcement officers at St. Johns County Sheriff's Office and Verizon has been granted production of all images found by SJSO to constitute likely CSAM. Therefore, the objection should be overruled and otherwise denied.

**The Court's Order (ECF)**

As noted in the Order (ECF 92, P.6-7), the issue of whether the additional images are relevant or within the scope of discovery is disputed. However, central

1

to Judge Lambert's questions and comments regarding the potential relevance of discovery into these additional images, is Verizon's misrepresentations about the claims and facts of this case.

## The Substantial Truth Defense

In making its argument as to relevance, Verizon argues that it "cannot have defamed Plaintiff by allegedly disclosing to the National Center for Missing and Exploited Children that Plaintiff possessed ***apparent CSAM*** if, in fact, Plaintiff possessed apparent CSAM." (emphasis added) (Objection ECF 97 at 2) This argument misrepresents the issues in this case. Specifically, Defendant did not accuse Plaintiff of possession of "apparent" CSAM. This is not in dispute.

## Allegations of Defamation in this Case

To the contrary, on January 25, 2023, Verizon made specific factual allegations that Plaintiff was in possession of "child pornography" which it described as an image depicting the "lascivious exposition" of a "prepubescent minor."[1] Defendants did not use or describe the content as "apparent" in their report[2]. (January CyberTip Report, Exhibit A)

Likewise, on October 29, 2022 Verizon made specific factual allegations that Plaintiff was in possession of "child pornography" which it described as an image depicting a "sex act" of a "pubescent minor."[3] At no time did Verizon use or

---

[1] Defendants described the image is "A1." This is an industry classification defined in Section B. It means "lascivious exposition" of a "prepubescent minor."
[2] The word "apparent" is used by NCMEC (not Defendants) in the CyberTip report and both times, that term is modified by the categorization of "unconfirmed." See Exhibit p.1,5
[3] Defendants described the image is "B2." This is an industry classification defined in Section B. It means "sex act" of a "pubescent minor."

describe the content as "apparent" in their reporting[4]. (October CyberTip Report, Exhibit B)

Although NCMEC generates the actual CyberTip reports forwarded to law enforcement, the information and statements published by Verizon to NCMEC are contained in "Section A: Reported Information" of each report. (see Exhibit A and B) These are the defamatory statements which give rise to the case. Review of these sections will show that Verizon did not accuse Plaintiff of possession of "apparent" CSAM. While the term "apparent" may be relevant to federal reporting requirements, it was not a term used to qualify the defamatory statements in this case.

## Substantial Truth Doctrine

Florida does recognize the substantial truth doctrine in defamation cases. *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 706 (Fla. 3d DCA 1999) . However, it does not operated as suggested by Verizon.  "Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." *Readon v. WPLG*, LLC, 317 So. 3d 1229, 1234-1235 (Fla 3rd DCA 2021) As long as a report is substantially correct, "[i]t is not necessary that it be exact in every immaterial detail or that it conform to the precision demanded in technical or scientific reporting." *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 502-03 (Fla. 3d DCA 1993)

---

[4] The word "apparent" is used only by NCMEC in the CyberTip report and both times, that term is modified by the categorization of "unconfirmed." See Exhibit p.1,5

3

Further, Florida law recognizes a difference between statements presented as fact and statements presented as an opinion or rhetorical hyperbole. *See Byrd v. Hustler Mag., Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983). The key distinction is whether the incorrectly reported material would "have had a different effect on the mind of the viewer" by affecting "the gist of the story." *Woodard*, 616 So. 2d at 503.

In applying the substantial truth doctrine, the cases cited deal with technical or immaterial discrepancies and inaccuracies in otherwise defamatory statements. Here, the false nature of the accusation is not immaterial or technical – it goes to the heart of the matter. Verizon has presented no case where a statement was proven "substantially true" by proof that other allegations regarding different but similar matters were true.

## SJSO's Representations Regarding Extracted Images

Verizon's argument is predicated on the possibility that there may be other "apparent" CSAM on the extraction of Plaintiff's phone. This is entirely based on the representations of SJSO in their Motion for Protective Order. (ECF 76) However, counsel for SJSO "clarified" his representations to the Court at the hearing:

1. SJSO detectives have reviewed all of the images on the extraction (ECF 97-2 P. 66 Ln. 3-9)

2. There are three images which SJSO maintains, in the pending litigation against Det. Preston, could be CSAM. (ECF 97-2 P. 61 Ln. 23 – P.62 Ln. 6; P.63-4-8)

3. These are the three charged images in the underlying criminal case. Id.

4. SJSO takes no position that any other image is CSAM. Id.

### Age-Indeterminate Models

Verizon and SJSO suggest that there are other "age-indeterminate" pornographic images on Mr. Lawshe's phone. (ECF 97 P.2) In making its objection, Verizon conflates the distinct concepts of "age indeterminate" and "apparent" child sexual abuse material. These are not equivalent categories.

All adult models between the age of 18 and early twenties could reasonably be described as age-indeterminate. (ECF 97-2 P62 Ln.17-19) In other words, there is nothing about a model appearing to be of an indeterminate age, that makes it *likely* that that model is a minor. In addressing the contours of "apparent" CSAM and federal reporting requirements, the Court has previously ruled that "when all a provider knows about a customer's image is that it depicts an individual of indeterminate age, some level of further investigation is appropriate before a provider is shielded from liability for reporting its customer's private information to the government." (Order ECF 45 P. 22)

### Apparent CSAM

There is no scientifically reliable way to determine the chronological age of an "age indeterminate" model. (Report of Scott Krugman, "Published research has

5

repeatedly shown that chronological age estimation of models depicted in digital pornographic photographs by physicians is not medically or scientifically supported." Exhibit C). This is true for both trained medical professionals and laypersons alike. (see "The difficult issue of age assessment on pedo-pornographic material" Forensic Science International 183 (2009) e21–e24, contained within Exhibit C). Acknowledging this reality, counsel for SJSO explains that neither he nor his clients have the ability to determine what may constitute "apparent" CSAM: "I would have no idea in looking at these pictures as to whether or not they were 18, 20, 16, and so -- and neither would my client." (ECF 97-2 P62 Ln.17-19) Verizon has not explained how their third-party vendor would have more ability to make this determination than SJSO detectives. This renders the requested production speculative.

In fact, Verizon's definition of "apparent" CSAM deliberately includes legal adult material. By its own admission, Verizon's definition of apparent CSAM includes images that are purely age indeterminate:

> Q. So, but my question is, if there's an image
> that's been flagged in human review and the human
> reviewer looks it and says this person, they could be 18
> or they could be 16, is that apparent child pornography
> or reportable under Verizon policies and procedures?
> A. Yes, it would get reported.
> Q. Okay.  So Verizon includes in apparent child
> pornography images that they know could be adult images,
> correct?
> A. W*ell, that's the whole point.*
> ***We don't know***. *That's why we report it*. (emphasis added)
> Q. You don't know because they could be adults or
> they could be minors, correct?

6

A. It gets -- we don't make that determination.
Q. Is that correct, you report it if they could be a minor, even though they could be an adult?
A. If it meets the condition of apparent, then yes.
Q. And does that meet the condition of apparent? Someone that could be 18 but they could be 16?
A. Yes, it would get reported. (Verizon Corp. Rep. Deposition P. 100-101, Exhibit D) (Objections omitted)

In essence, Verizon is suggesting that it could defend the case by making new false defamatory allegations that Plaintiff is in possession of child pornography. Verizon implicitly acknowledges that these new defamatory allegations will not be technically true –Verizon is not seeking *actual* CSAM. Rather Verizon believes it is entitled to simply label images as "apparent" child pornography when a model of indeterminate age appears subjectively "young" and then hide behind the all-encompassing umbrella of "apparent."

Finally, presenting a subjective opinion that another, unrelated image, depicts a model that "seems" of an indeterminate age or "might" be under 18 (although not necessarily), does not make the subject defamatory statements, contained in the CyberTip reports, substantially true.

## **Beyond the Reasonable Scope of Discovery**

Setting aside the anticipated *Daubert* challenge to any such opinions about what images constitute "apparent" CSAM, if Verizon's request is granted, the scope of discovery in this case would dramatically expand to investigating these other, unrelated images, unrelated models, the images' source, age

7

documentation and additional expert testimony to confront these unrelated allegations of "apparent" CSAM.

While discovery is intended to be an open process, so as to better facilitate the free flow of information between litigants, parties are not permitted to go on "fishing expeditions" which extend beyond the legitimate scope of discovery." *Mey v. Interstate Nat'l Dealer Servs., Inc.*, No. 1:14-cv-01846-ELR, 2015 U.S. Dist. LEXIS 182499, 2015 WL 11257059, at *2 (N.D. Ga. June 23, 2015). Here, Verizon cannot define with any clarity or precision what they are looking for and how they would reliably identify its existence. Furthermore, they cannot say that such evidence even exists. This is particularly important where law enforcement – in their role investigating the alleged crime - has previously reviewed the content and cannot identify any additional images it contends are CSAM.

Simply put, Verizon is requesting to root through Plaintiff's private content to see if there is anything which would support a potential defense. Where a party seeks discovery of documents that they cannot define or describe with reliability and have no cogent argument that it even exists, the request constitutes an impermissible "fishing expedition." see *Savoia-Mchugh v. Glass*, 2020 U.S. Dist. LEXIS 260091, *6-7 (N.D. Fla 2020) (Discovery is not a tool for party to go on a "fishing expedition" into actions or past wrongdoing not related to the alleged claims or defenses.) *See also TYR Tactical, LLC v. Protective Prod. Enterprises, LLC*, 2016 U.S. Dist. LEXIS 203040, 2016 WL 10647314, at *3 (S.D. Fla. Mar. 8, 2016) ("On these facts, this Court will not permit Plaintiff to go on a fishing

8

expedition and discover all of Safariland's bid-related documents based solely on the speculative and conclusory statement that Safariland's bid was, in some unspecified manner, 'nonconforming.'").

## No Additional Probative Value

Alternatively, Verizon argues that "Judge Lambert should have ordered SJSO to share redacted versions of material it believes is "apparent" CSAM with the parties so that it could be used at trial and in Verizon's defense." (ECF 97 P.10) This is exactly what the Court did.

Plaintiff conceded, and Judge Lambert ordered that Verizon is entitled to the images which SJSO determined constituted possible child pornography. (ECF 92) Again, SJSO clarified, at the hearing, that after reviewing all the images, these three images were the only images it contends are potential CSAM. These three images are not the same as the January or October images. Law enforcement claimed that these images were child pornography and continues to take the position that they are potential CSAM.

Verizon can make whatever arguments it chooses, in regard to the substantial truth doctrine, using these three additional images. Verizon gives no reason why the purported defense of substantial truth would be stronger with more than the 3 additional images they already have access to. To the contrary, Verizon's stated position is that if Plaintiff possessed *any* additional image of "apparent" CSAM it would be a complete defense. Therefore, there is no added probative value to the discovery of any additional images.

9

## **Conclusion**

Verizon falsely accused Plaintiff of possession child pornography. After looking at *every image* on Plaintiffs phone, SJSO charged Plaintiff with possession of 3 images of child pornography[5]. In defense of these charges, Plaintiff obtained proof of age of the models depicted in these images from the publishing website. After producing this proof to SJSO, the charges were dropped.  There is no evidence that he possessed child pornography.

Despite this, through inuendo and suggestion, Verizon continues to attempt to impugn Mr. Lawshe's character. This discovery request is nothing more than a tool to harass and embarrass Mr. Lawshe. Such requests are not permissible. Fed. R. Civ. P. 26(c)(1); see generally *Lozman v. City of Riviera Beach*, 2014 U.S. Dist. LEXIS 193701 (S.D. Fla 2014) (requests seeking privileged information or those that appear designed to annoy, harass or embarrass a person will be rejected.) The objection should be overruled.

Dated: December 18, 2025

---

[5] Two of the charged images appear to be from the same photo shoot as the subject January CyberTip image.

LAW OFFICES OF NOONEY,
ROBERTS, HEWETT, AND NOWICKI

*/s/ Michael K. Roberts*

**Michael K. Roberts, Esquire**
Florida Bar No. 00779741
1680 Emerson Street
Jacksonville, FL 32207
(904) 398-1992
mroberts@nrhnlaw.com
Attorney for Plaintiff