UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE LAWSHE,

an individual,

    Plaintiff,

v.

VERIZON COMMUNICATIONS INC., a Delaware Corporation, and
SYNCHRONOSS TECHNOLOGIES, INC., a Delaware Corporation,

    Defendants.

**Civil Action No. 3:24-cv-00137-MMH-LLL**

## WILLIAM LEE LAWSHE, VERIZON COMMUNICATIONS INC., AND SYNCHRONOSS TECHNOLOGIES, INC.'S MOTION TO VACATE ORDER ON MOTION TO DISMISS

Plaintiff William Lee Lawshe ("Plaintiff"), defendant Verizon Communications Inc. ("Verizon"), and defendant Synchronoss Technologies, Inc. ("Synchronoss") (each a "Defendant" and, together with Plaintiff, the "Parties") jointly request that the Court issue an order vacating the Court's prior order granting in part and denying in part Defendants' respective Rule 12(b)(6) motions to dismiss claims in Plaintiff's First Amended Complaint. *See* ECF 45 (the "MTD Order"). In support of this Joint Motion, the Parties state as follows:

1. The Eleventh Circuit "determine[s] the propriety of granting vacatur" in a litigation settlement context "by weighing the benefits of settlement to the parties

and to the judicial system (and thus to the public as well)" against any harm caused by "lost precedent," on a "case by case" basis. *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016). In *Hartford*, vacatur was appropriate where "both parties to the settlement desire[d] vacatur because settlement would otherwise be impossible." *Id*. (noting that parties had mediated twice before reaching settlement conditioned on vacatur of district court order). The Eleventh Circuit there explained that "[t]he parties' interests are best served through the voluntary disposition of this case, and further proceedings are curtailed, conserving judicial resources," while noting there was only "slight value" in "preserving" the district court ruling at issue. *Id*.

2. Here, the Court entered the MTD Order on February 28, 2025. *See* ECF 45.

3. When Defendants filed their motions to dismiss, an earlier pleading was the operative complaint (*see* ECF 39, the "First Amended Complaint"), but it has been superseded by the operative Second Amended Complaint (*see* ECF 89), which advances materially different factual allegations and legal theories from those on which the Court's MTD Order relied.

4. The Parties agree that the MTD Order reflects certain inferences and characterizations drawn from allegations that the Parties recognize as inaccurate and that are not contained in the Second Amended Complaint, which was filed after discovery commenced. Because the Second Amended Complaint materially differs from the pleading that the MTD Order considered, the Parties agree that vacatur

2

would clarify that the MTD Order was superseded by the allegations in the Second Amended Complaint and therefore, was made moot. The Parties further agree that the MTD Order may mislead future litigants and courts regarding the allegations and claims brought in this case.

5.      This Court denied as moot Verizon's motion for reconsideration of the MTD Order (*see* ECF 50) when it granted Plaintiff leave to file the Second Amended Complaint (*see* ECF 88), such that Defendants will have no opportunity to address the above-referenced issues unless they continue to litigate. Accordingly, the continued presence of the MTD Order creates a need for litigation to correct the record when the matter could otherwise be resolved.

6.      Vacatur of the MTD Order is appropriate in light of the changed allegations and factual circumstances, and it is requested by all Parties. If the MTD Order is vacated, the Parties anticipate being in a position to promptly file a motion for dismissal with prejudice, which would advance the public interest by allowing "previously committed judicial resources [to be] made available to deal with other matters, advancing the efficiency of the federal courts." *Hartford*, 828 F.3d at 1337.

Accordingly, for the foregoing reasons, the Parties jointly request that the Court vacate the MTD Order, ECF 45.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Plaintiff conferred with counsel for Defendants Verizon Communications Inc. and for Synchronoss Technologies, Inc. on January 15, 2026, through email and they all join in this motion.

                                            Respectfully submitted,

Dated: January 15, 2026

/s/ Marc Zwillinger
Marc Zwillinger
Email: marc@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585

*Specially Admitted Counsel for Defendant Verizon Communications Inc.*

Dated: January 15, 2026

/s/ Michael K. Roberts
Michael K. Roberts
Florida Bar No. 00779741
Email: mroberts@nrhnlaw.com
**LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI**
1680 Emerson Street
Jacksonville, FL 32207
Telephone: (904) 398-1992

*Counsel for Plaintiff*

Dated: January 15, 2026

/s/ Andrew H. Reiss
Andrew H. Reiss
Florida Bar No. 116955
Email: areiss@bsk.com
**BOND, SCHOENECK & KING, PLLC**
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555

Telephone: (239) 659-3800

*Counsel for Defendant
Synchronoss Technologies, Inc.*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on January 15, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Marc Zwillinger
Marc Zwillinger
Email: marc@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585

*Specially Admitted Counsel for Defendant Verizon Communications Inc.*

LAW OFFICES OF NOONEY, ROBERTS, HEWETT, AND NOWICKI
Michael K. Roberts
Florida Bar No. 00779741
mroberts@nrhnlaw.com
1680 Emerson Street
Jacksonville, FL 32207
Telephone: (904) 398-1992

*Counsel for Plaintiff*

BOND, SCHOENECK & KING, PLLC
Andrew H. Reiss
Florida Bar No. 116955
areiss@bsk.com
Northern Trust Building, Suite 105
4001 Tamiami Trail North
Naples, Florida 34103-3555
Telephone: (239) 659-3800

*Counsel for Defendant Synchronoss Technologies, Inc.*